UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

UNITED STATES OF AMERICA            :

　　　-v-                            :
　　　　　　　　　　　　　　　　　　　　　　　　　S3 09 Cr. 581 (WHP)
PAUL M. DAUGERDAS,                  :
ERWIN MAYER,
DONNA GUERIN,                       :
DENIS FIELD,
RAYMOND CRAIG BRUBAKER, and         :
DAVID PARSE,
                                    :
　　　　　　Defendants.
                                    :

------------------------------------x

　　　STANLEY J. OKULA, JR., pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury, to the best of his information and belief:

　　　1.　　I am an Assistant United States Attorney ("AUSA") in the office of Preet Bharara, United States Attorney for the Southern District of New York. I am one of the AUSAs with responsibility for the prosecution of this case. This declaration is submitted in support of the accompanying Memorandum of the Government in opposition to the omnibus pretrial motions submitted by the Defendants.

**Statute of Limitations Waivers**

　　　2.　　During the course of the grand jury investigation, defendants Daugerdas, Guerin, and Mayer executed a series of statute of limitations tolling agreements. Those agreements were of two basic types. The first type, which were executed by defendants Daugerdas and Mayer and covered the period 2006 to April 2008, waived the statute of limitations only with respect to the individual tax liabilities of defendants Daugerdas and Mayer for the 1999 and 2000 tax years. The second

category of waivers contained broader language at the insistence of the Government, in order to assure that the waivers applied to crimes that could be charged as a result of the defendants' work on tax opinions and other parts of the client tax shelter transactions. Accordingly, the stipulations provided, with slight variations between them, that Daugerdas, Mayer, and Guerin waived any statute-of-limitations challenge to "any possible violation" of the conspiracy statute (Daugerdas and Mayer) or any crime being investigated by the grand jury (Guerin). The Guerin waiver further provided that she had been advised that she was under investigation by the grand jury for possible violations of federal criminal law, "including but not limited to" violations of Title 18, United States Code, Section 371. This second category of stipulations covered the period April 2008 to June 2009.

3.   Attached to this Declaration as Exhibit A is a true and correct copy of a statute of limitations waiver signed by Paul M. Daugerdas, his attorneys, and an attorney for the Government on April 7, 2008, waiving the period from April 15, 2008 until October 16, 2008.

4.   Attached to this Declaration as Exhibit B is a true and correct copy of a statute of limitations waiver signed by Erwin Mayer, his attorneys, and an attorney for the Government on April 15, 2008, waiving the period from April 15, 2008 until October 15, 2008.

5.   Attached to this Declaration as Exhibit C is a true and correct copy of a statute of limitations waiver signed by Donna Guerin, her attorney, and an attorney for the Government on April 16, 2008, waiving the period from April 16, 2008 until October 15, 2008.

**The Court Documents**

6.   Attached to this Declaration as Exhibit D is a true and correct copy of the Indictment in United States v. Evanson, 2:05 CR 000805-TC (D. Utah 2005).

7.   Attached to this Declaration as Exhibit E is a true and correct copy of the Indictment

in United States v. Vallone, et al, 04 CR 372 (N.D. Ill. 2004).

**Discussions With Defense Counsel Regarding Potential Charges**

8.    During the course of the grand jury proceedings, counsel for the Government had conversations with counsel for Daugerdas, Mayer, and Guerin regarding possible charges that might be sought, or that would be sought, as part of any grand jury action with respect to the aforementioned individuals. During those conversations, defense counsel inquired about the types of charges that were then under consideration and might be sought by the Government. Significantly, although the Government described in December 2008 the tax and tax-related charges (such as conspiracy, tax evasion, filing false tax returns, and IRS obstruction charges) that were the charges then under consideration, the Government never indicated, in words or substance, that any future indictment would be limited to those outlined in the discussions with counsel. (In fact, the description of the charges was intended to allow defense counsel to prepare for meetings with SDNY supervisors, with whom defense counsel asked to meet in order to attempt to convince SDNY not to bring any charges. Defense counsel for all the defendants ultimately made those presentations prior to the June 2009 return of the initial Indictment.) Moreover, defense counsel never sought any commitment or promise, either orally or in writing, that the charges outlined by the Government would be the exclusive ones sought against the defendants. On the contrary, consistent with the understanding that there were in fact no limitations placed on the types of conspiracy-related charges that the Government could ultimately seek, the stipulations signed by Daugerdas and Mayer provided that the defendants agreed to waive the statute of limitations with respect to "any possible violations of Title 26 and Title 18, United States Code, Section 371, arising from [their] involvement

3

in rendering tax opinions for taxpayers . . . ." Moreover, the language of the Guerin waiver provided that she waived any statute-of-limitations challenge to "any crime being investigated by the grand jury."

9. The idea and preliminary decision by SDNY prosecutors to include forfeiture allegations (and underlying wire and/or mail fraud charges) against Daugerdas and others did not come about until after the return of the January 15, 2009 superseding indictment against defendant John Ohle, see United States v. Ohle, S2 08 Cr. 1109 (LBS), which added certain forfeiture allegations. In particular, the SDNY discussions of possible forfeiture allegations and underlying predicate offenses began in or about February and March 2009. Internal SDNY supervisory approval for such allegations was not obtained until June 2009. Moreover, final approval for such forfeiture allegations — which must be obtained from the Tax Division of the Department of Justice in Washington — was obtained only on or about June 18, 2009.

Dated: New York, New York
   August 2, 2010

                _____
                STANLEY J. OKULA, JR.
                Assistant U.S. Attorney