



**PAUL M. DAUGERDAS**
**816 Forest Avenue**
**Wilmette, Illinois 60091-1718**
**(312) 890-3333**

August 2, 2012

The Honorable William H. Pauley, III
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re: *United States v. Daugerdas, et al.*
          *S3 09 Cr. 581 (WHP)*

Dear Judge Pauley:

The purpose of this letter is to respectfully provide notice to and/or inform the court, and/or request leave, approval, or consent of the court, as necessary or appropriate, of and for defendant Paul Daugerdas' proposal and intention to conduct voluntary and professional interviews of the former jurors as a critical, essential, and necessary part of the preparation for re-trial in this case.

While a review of the Federal Rules of Criminal Procedure, the Local Rules of the U.S. District Court for the Southern District of New York, and the standing orders of the U.S. District Court for the Southern District of New York indicates that there is no regulation or prohibition of this proposal, and the Federal Rules of Evidence, Rule 606(b), provides only that generally a juror may not testify as a witness (and there is no proposal or intention here for any juror to testify), the defendant, in an abundance of caution and given the history of juror issues in this case, nonetheless respectfully brings this matter before the court.

There is an amalgam of case law that indicates, in circumstances different from the present case, some concern for undesired consequences that could occur and which could influence regulation, supervision, or prohibition of such interviews. Typically those would include situations, unlike the instant case, where questioners would go "fishing" for issues and problems which could be employed to impeach a jury's verdict or raise issues which could question the finality of the jury's verdict. Such concerns are not present here because the prior verdict has already been overturned. Other issues which have been raised include potential concerns over inhibiting jury room debate, encouraging the free flow of ideas in the jury room, creating uncertainty in juries' verdicts, or potentially burdening the court with meritless applications for new trials, all issues which emphasize the protection of interests that are not in jeopardy in this post initial trial context. The key concerns appear to be guarding the integrity of the jury system by favoring finality, and protecting the jurors from harassment. As to the former, the finality of the prior verdict is not in issue since it has previously been set aside, and with respect to the latter, any and

all interviews will be conducted voluntarily and confidentially by experienced professionals with due regard for the privacy of the jurors and without commentary or harassment.

The rights of the defendant to a fair trial and the ability of the defendant to effectively prepare for that trial in this circumstance by communicating with the former jurors are rights protected under the First, Fifth, and Sixth Amendments to the U.S. Constitution. Interviews with former jurors are a critically important means of understanding the issues and learning about a trial strategy's or trial performance's strengths and weaknesses, and are essential, in this case, to properly prepare for a re-trial. Such interviews may also aid in the efficient administration of justice by focusing any re-trial presentation on important and/or confusing issues and potentially eliminating the presentation of unnecessary evidence or testimony.

For all of the foregoing reasons, defendant respectfully requests that the proposed juror interviews be allowed to proceed.

Respectfully submitted,

Paul M. Daugerdas
*Pro Se*


cc: Counsel of Record (via e-mail)