UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                              :

UNITED STATES OF AMERICA,                        S3 09 Cr. 581 (WHP)
                              :

        - against -                       ORDER
                              :

PAUL M. DAUGERDAS, et al.,               :

               Defendants.
                              :
-----------------------------------------------------------X

WILLIAM H. PAULEY III, District Judge:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/2/12

      Defendant pro se Paul M. Daugerdas ("Daugerdas") moves for permission to

conduct post-verdict juror interviews.  The juror misconduct leading to a re-trial of this action is

described in this Court's Memorandum and Order dated June 4, 2012.  See United States v.

Daugerdas, --- F. Supp. 2d. ----, 2012 WL 2149238, at *1 (S.D.N.Y. 2012).  Daugerdas seeks to

interview the trial jurors in preparation for the re-trial of this case.  For the following reasons,

Daugerdas' motion is denied.

## DISCUSSION

      "The secrecy of deliberations is the cornerstone of the modern Anglo-American

jury system."  United States v. Thomas, 116 F. 3d 606, 618 (2d Cir. 1997).  Thus, "no one—

including the judge presiding at a trial—has a "right to know" how a jury, or any individual

juror, has deliberated or how a decision was reached by a jury or juror."  Thomas, 116 F.3d at

618.  See, e.g., Clark v. United States, 238 U.S. 1, 13 (1933) ("Freedom of debate might be

stifled and independence of thought checked if jurors were made to feel that their arguments and

ballots were to be freely published to the world."); United States v. Antar, 38 F.3d 1348, 1367

(3d Cir. 1994) (Rosenn, J. concurring) ("We must bear in mind that the confidentiality of the

thought processes of jurors, their privileged exchange of views, and the freedom to be candid in their deliberations are the soul of the jury system."). Thus, in order to guarantee the proper functioning of the jury system, courts must protect jurors from being "harassed and beset by the defeated party." McDonald v. Pless, 238 U.S. 265, 267 (1915).

Post-verdict juror interviews are warranted when there is a "reasonable suspicion that the jury may have been corrupted" but the investigation must proceed under the supervision of the court. United States v. Moten, 582 F.2d 654, 665 (2d Cir. 1978). Even when juror misconduct is present—as was the case here—the scope of inquiry "should be limited to only what is absolutely necessary to determine the facts with precision." United States v. Ianniello, 866 F.2d 540, 544 (2d Cir. 1989). This Court conducted an evidentiary hearing into Juror #1's misconduct and overturned Daugerdas' guilty verdict. Thus, the need for further inquiry is obviated.

Undeterred, Daugerdas seeks this Court's permission to interview the trial jurors so he can "understand[] the issues and learn[] about a trial strategy's or trial performance's strengths and weaknesses." (Daugerdas letter dated Aug. 2, 2012.) There is no legal authority for Daugerdas' startling proposal. And this Court will not countenance invasion of the other trial jurors' privacy. See, e.g., Haeberle v. Texas Int'l Airlines, 739 F.2d 1019, 1021 (5th Cir. 1984) (denying post-verdict interviews for counsel to improve their "techniques of advocacy."); In re Express-News Corp., 695 F.2d 807, 810 (5th Cir. 1982) ("And jurors, even after completing their duty, are entitled to privacy and to protection against harassment."); United States v. McDougal, 47 F. Supp. 2d 1103, 1104 (E.D. Ark. 1999) (precluding post-verdict interviews where counsel wanted to gauge whether to pursue a re-trial).

-2-

CONCLUSION

For the foregoing reasons, Defendant pro se Paul M. Daugerdas' motion to conduct post-verdict juror interviews is denied.

Dated:    October 2, 2012
          New York, New York

                         SO ORDERED:


                         _____
                         WILLIAM H. PAULEY III
                         U.S.D.J.

*All Counsel of record:*

-3-