

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 10, 2013

The Honorable William H. Pauley III
United States District Judge
Southern District of New York
500 Pearl Street, Room 2210
New York, New York 10007

        Re:    <u>United States v. Paul Daugerdas, et ano.</u>
                S6 09 Cr. 581 (WHP)

Dear Judge Pauley:

      The United States respectfully submits this letter in response to the *pro se* motion filed by federal prisoner Robert Coplan, seeking to prevent or delay until early October his transfer to New York. For the reasons set out below, the motion should be denied.

      **1.**     **Background**

      After listing Coplan as a trial witness, the United States contacted his counsel at the law firm Zuckerman Spaeder to discuss Coplan's role in the upcoming trial and, thereafter, his transfer to New York from the BOP facility in Morgantown, West Virginia where Coplan is being housed. With respect to transfer, the undersigned spoke with Andrew Goldfarb of the Zuckerman Spaeder law firm on or about August 21, 2013, at which time Mr. Goldfarb requested that we refrain from causing Coplan's transfer to New York until he could have further conversations with his client about his testimony. (Goldfarb and his partner had had a previous conversation with Coplan after the Government first notified counsel that Coplan had been listed as a witness.) In response, I explained that the trial date was approaching and that immediate commencement of the transfer process would likely result in Coplan arriving in New York prior to the commencement of the Jewish holidays — which was an area of concern raised by Goldfarb. I explained to Mr. Goldfarb that, pursuant to information we had received from the SDNY Marshal's Service, a two-week window of time was necessary to effectuate the transfer process, once the request was made of the Marshal's Service to commence the process.

      When Goldfarb thereafter expressed a desire to have his client remain at FCI Morgantown for an additional period of time, which would guarantee that Coplan would be at that facility (and not in transit) on Rosh Hashanah on September 5-6, I informed Goldfarb that we would agree to his request provided that he represent that he would not object to a commencement of the transfer

-2-

process on or after September 9, the first day of trial. On August 22, 2013, Goldfarb represented in writing that he agreed to such an arrangement on behalf of his client. See attached e-mail.

**2.     Coplan's Motion**

Despite the fact that his counsel secured for him the benefit of the aforementioned agreement, Coplan filed a motion seeking to block his transfer.[1] In his motion, sent from FCI Morgantown four days after his counsel's agreement with the Government, Coplan alleges that his transfer would violate a federal stature relating to the exercise of his religion. In particular, Coplan alleges that he will be unable adequately to observe his religious practices at a facility in New York. Coplan also maintains that, because he harbors the belief that he may spend several months in New York, he will be deprived of Humira, a medical treatment he receives at FCI Morgantown on a bi-weekly basis.

**3.     Discussion**

Coplan's motion should be denied for several reasons. First, he has no standing to object to his transfer, as the mode and timing of his transportation from one BOP facility to another — as a sentenced federal prisoner — is within the discretion and control of the BOP.

Second, Coplan was given the opportunity in late August to be part of a transfer process that almost certainly would have resulted in his arrival in New York on or about September 3, 2013 – before the start of the Jewish holidays. He rejected that opportunity. Instead, Coplan's counsel negotiated an agreement with the Government about the timing of the transfer request. Coplan's current attempts to totally block his transfer, or delay it until September 27, 2013 or after, should therefore not be countenanced at this point. According to the Marshals' Service, such a late transfer may result in Coplan's failure to arrive before the predicted end of the trial.

Next, Coplan is simply wrong in suggesting that he will be denied the opportunity to practice his religion at a facility in New York. I was informed yesterday by legal counsel from the Bureau of Prisons that:

---

[1]     After receiving Coplan's *pro se* motion we contacted Goldfarb to inquire about the seeming conflict between the agreement Goldfarb secured for his client, Coplan — viz., delaying his transfer in exchange for an agreement not to object to later transfer — and the apparent violation of that agreement through Coplan's motion. Among other things, Goldfarb maintained that there was no violation of the agreement because Coplan was the one who filed the motion and Goldfarb's agreement was only that Coplan's counsel (Goldfarb) and not Coplan had agreed not to attempt to block a post-September 9 transfer. Needless to say, we view the agreement differently. (Also needless to say, our practice and approach in dealing with Goldfarb in the future obviously will change, given his view that agreements he secures on behalf of his clients bind only him and his law firm and not the clients themselves.)

-3-

- MDC Brooklyn currently has a population of about 60 inmates who are Orthodox Jews, and employs a Rabbi as a full-time member of the chaplaincy staff. Services occur weekly, and religious diets are available; and

- Visiting Rabbis from the Aleph Institute will be on hand to read the Torah for the Jewish High Holy Days celebration for Yom Kippur on September 13, 2013, and the Sukkot on September 18-19 and 25-26. No sign-up/waiting period would be necessary for Coplan to participate in these events, upon his arrival, given that Coplan is listed on certain BOP documents as being of the Jewish faith.

Finally, with respect to Coplan's medical claim, BOP counsel has further related that Coplan's medication, Humira, is available to inmates at MDC Brooklyn. According to MDC Brooklyn Chief Pharmacist Ken Schmidt, the only condition for receiving the medication is that the inmate receive a favorable response to his non-formulary drug request. However, because Coplan asserts he currently receives Humira at FCI Morgantown, it does not appear that he will need to submit a second request. Thus, Coplan will receive Humira while at MDC Brooklyn.

### 4. Conclusion

Coplan's application to block his transfer should be denied. His medical and religious observations can be addressed fully at MDC Brooklyn. Further, a delay of Coplan's transfer until after September 27, 2013, would threaten the Government's ability to produce him as a witness in the Government's orderly presentation of its case or, possibly, even before the end of trial. Moreover, contrary to his claim, Coplan will not be maintained in New York for several months; rather, he will be returned to Morgantown after finishing his service as a witness.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: //s// Stanley J. Okula, Jr.
Stanley J. Okula Jr.
Nanette L. Davis
Niketh Velamoor
Assistant United States Attorneys
(212) 637-1585/1117/1076

cc: Robert Coplan, *Pro Se*
Andrew Goldfarb, Esq.

**Okula, Stan (USANYS)**

**To:** Okula, Stan (USANYS)
**Subject:** RE: Robert Coplan

-----Original Message-----
From: Goldfarb, Andrew [mailto:agoldfarb@zuckerman.com]
Sent: Thursday, August 22, 2013 3:11 PM
To: Okula, Stan (USANYS)
Cc: Junghans, Paula; Davis, Nanette L. (TAX)
Subject: RE: Robert Coplan

Stan -- My response was clear, both on the phone earlier today and in my last email. You stated it essentially verbatim in your email: "You indicated this morning that you wanted us to refrain from bringing him in now, and that you would not object later to our beginning the transit process on September 9."

With the understanding that the government will initiate the transfer process on or after September 9, 2013, counsel for Mr. Coplan agrees not to object to his travel relating to the US v. Daugerdas trial on the grounds that it might occur during the Jewish holidays.

Please confirm.

Andrew