

305 Madison Avenue
New York, NY 10165
T: 212-922-1080
F: 212-949-8255

Henry E. Mazurek
Brian D. Linder
mazurek@clayro.com
linder@clayro.com

September 10, 2013

<u>By Email</u>
The Honorable William H. Pauley III
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

      **Re:**    *United States v. Daugerdas, et ano.*, **S6 09 Cr. 581 (WHP)**

Dear Judge Pauley:

    I write on behalf of defendant Paul Daugerdas to follow up on the issue raised by counsel at the conclusion of today's proceedings concerning the admissibility of the taxpayers' testimony concerning their settlements with the IRS.

    In *Manko v. United States*, 63 Fed. Appx. 570 (2nd Cir. 2003), the Second Circuit held that Rule 408 is not a bar to evidence of civil settlements in criminal proceedings. Nevertheless, the evidence of settlements must still be relevant under Rule 401 and may still be excluded under Rule 403. *Id.* Whatever relevance this evidence may have with respect to the taxpayer's state of mind, *United States v. Hauert*, 40 F.3d 197 (7th Cir. 1994), there is a danger that the jury will conclude that evidence that a taxpayer paid taxes, interest, and penalties is the equivalent of a factual or judicial finding on the substantial tax due and owing element of tax evasion. Thus, there is a real risk that the jury will be confused about whether this evidence means that there is no dispute as to this critical element of the tax evasion charges against the defendants. Moreover, the probative value of this testimony is diminished by the fact that the taxpayer's settlement may simply reflect the fact that the taxpayer did not wish to incur further expense in fighting the IRS.

    Accordingly, we respectfully request that the Court exclude this evidence under Rule 403. At a minimum, to address the issue of potential juror confusion and unfair prejudice, we respectfully request that the Court instruct the jury at the time that this testimony is adduced as follows:

Hon. William H. Pauley III
September 10, 2013
Page 2 of 2

      Evidence of a taxpayer's agreement to settle with the IRS with respect to the taxpayer's tax liability does not represent a factual finding that there was a substantial tax due and owing in this criminal case. I will instruct you on the substantial tax due and owing element of tax evasion at the conclusion of the evidence.

                                           Respectfully submitted,

                                                     /s/

                                           Brian D. Linder

cc:      Stanley J. Okula
           Nanette L. Davis
           Niketh Velamoor
           Assistant United States Attorneys
           (via email)