

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 11, 2013

The Honorable William H. Pauley III
United States District Judge
Southern District of New York
500 Pearl Street, Room 2210
New York, New York 10007

    Re: <u>United States v. Paul Daugerdas, et ano.</u>
       S6 09 Cr. 581 (WHP)

Dear Judge Pauley:

   The United States respectfully submits this letter in response to defendant Daugerdas's attempt to walk away from an agreement he entered into during the <u>in limine</u> briefing in this case — the Government's ability to elicit from taxpayers that they paid the taxes that they evaded through the defendants's shelters. For the reasons set out below, Daugerdas should be deemed to have waived any challenge to the proposed proof because he agreed that such proof could be admitted. Moreover, the proof is not barred by Rule 408 because that rule was designed to allow a party to a compromise to preclude proof that that party had engaged in settlement negotiations; because Daugerdas was not a party to any compromise discussions or agreements, there is no bar to the evidence. Finally, the proof is not barred by Rule 408 because there was no "compromise" of the taxpayers' liabilities — they did not pay any reduced amount of their liabilities on the taxes; instead, they paid the full amount of taxes owed.

  **1.**  **Background**

   From the reading of Daugerdas's two-page letter motion, one gets the impression that this is an entirely new issue that has not been the subject of discussion, let alone agreement among the parties. In fact, the matter was discussed at the <u>in limine</u> hearing on August 29, 2013, where the defendants sought a stipulation from the Government that it would abide by a previous stipulation by the parties that the Government would not seek to introduce proof that the taxpayers had commenced civil suits against Jenkens & Gilchrist and Deutsche Bank and others relating to the sale of the fraudulent tax shelters.

   When the Court sought to "confirm" that earlier "resolution," the Government stated as follows:

Case 1:09-cr-00581-WHP   Document 664   Filed 09/11/13   Page 2 of 5

-2-

| MR. OKULA: | We just want to be perfectly clear, however, though that we elicited during the first trial, and we intend to elicit again, that a settlement of a taxpayer's affairs with the IRS, that is participation in the voluntary disclosure program or the ultimate payment of tax or in some cases the fact that the people decided not to pay the tax and try to fly under the IRS's radar successfully, that is something we still intend to elicit. It was elicited previously without objection. And so with that understanding, we're happy to abide by the previous stipulation, your Honor. |
|---|---|

THE COURT:     Any objection to that?

MR. MAZUREK:     No, your Honor.

MS. McCARTHY:     No, your Honor.

August 29, 2013 Tr. 5-6 (attached hereto).

### 2.     Argument

The foregoing stipulation should be deemed binding on the defendants. The reason for stipulations is to allow the parties to resolve issues and allow the parties to arrange their cases around the stipulated matters. Where, as here, no good reason is tendered to void a stipulation, the stipulation should remain in place.

In addition, Rule 408 does not bar the introduction of the proof. Rule 408 is meant to exclude such evidence "if offered against the defendant as an admission of fault." Fed. R. Evid. 408, Advisory Committee Notes to 2006 Amendment. Here, the Government does not seek to admit the taxpayers' payment of taxes "against the defendant as an admission of fault." Rather, the proof is being offered to establish that there was an additional tax due and owing by the taxpayers with respect to their tax liabilities. The proof is also being offered for an entirely different, yet highly relevant, purpose: to refute any contention or hint that the taxpayers secured some benefit from the Government — *viz.*, avoidance of their tax liabilities — as a result of their non-prosecution or immunity agreements with the Government. Finally, the proof is admissible because the taxpayers did not "compromise" their tax liabilities; instead, they paid them in full. Thus, the terms of Rule 408 do not bar the evidence.

-3-

## 3.    Conclusion

The defendants should be held to their agreements.  Moreover, the proposed proof is not barred by Rule 408.  Finally, the defendants' proposed "instruction" should not be given because it does not accurately state the law.  In fact, the payment of the taxes by the taxpayers constitutes evidence, in the form of an admission, that the taxes were due and owing.  Because the Government has to prove that there were additional taxes due and owing, the proof is highly relevant.

Respectfully submitted,

PREET BHARARA
United States Attorney

By:   //s// Stanley J. Okula, Jr.
      Stanley J. Okula Jr.
      Nanette L. Davis
      Niketh Velamoor
      Assistant United States Attorneys
      (212) 637-1585/1117/1076

5

D8t9daua                            Argument

1          THE COURT:  Now, previously in the last trial there

2     was a stipulation between the parties concerning the exclusion

3     of evidence relating to civil settlement amounts.  The

4     defendants seek, once again, to confirm that resolution.

5          MR. OKULA:  And just for the record, your Honor, it is

6     our understanding we're happy to abide by that.

7          Let me make it clear on the record, your Honor, there

8     were -- well, the other civil settlements that were the subject

9     of the stipulation were settlements that were effectuated

10    because some of the tax shelter clients, some of whom are going

11    to testify again at the trial, had pursued civil lawsuits

12    against Deutsche Bank, Bank One, and other people involved in

13    promoting or selling the tax shelters.  We agree that we're not

14    going to go into that unless the defense raises some issue

15    about motivation or the like on cross-examination.  That was

16    our previous understanding.

17         We just want to be perfectly clear, however, though

18    that we elicited during the first trial, and we intend to

19    elicit again, that a settlement of a taxpayer's tax affairs

20    with the IRS, that is participation in the voluntary disclosure

21    program or the ultimate payment of tax or in some cases the

22    fact that people decided not to pay the tax and try to fly

23    under the IRS's radar successfully, that is something we still

24    intend to elicit.  It was elicited previously without

25    objection.  And so with that understanding, we're happy to

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

D8t9daua                     Argument                                    6

1    abide by the previous stipulation, your Honor.

2            THE COURT:  Any objection to that?

3            MR. MAZUREK:  No, your Honor.

4            MS. McCARTHY:  No, your Honor.

5            THE COURT:  Defendants also request that the exclusion

6    of certain news articles, including the Forbes article titled

7    "How to Cheat on Your Taxes."

8            I previously granted such a motion.  I'm reaffirming

9    my earlier order excluding news articles.

10           MR. OKULA:  Your Honor, along those lines and perhaps

11   we can address this after your Honor recites what the

12   understandings are, is we wanted to just address, along the

13   newsworthy items, is obviously we all know that the IRS has

14   been in the press as of the last couple of months.

15           It is our understanding that defenses are not going to

16   make any argument or issues about the "big bad IRS" or "we know

17   what they're doing now" and arguments along those lines.

18           But I just want to be perfectly clear.  That's our

19   understanding, that that is a forbidden area; and unless

20   anybody has any understanding otherwise, I think they should

21   air that now.

22           THE COURT:  Is there any reason to explore -- do

23   either defense counsel have any intention exploring that area?

24           MS. McCARTHY:  Not on behalf of Mr. Field.

25           MR. MAZUREK:  No, your Honor.