KOSTELANETZ & FINK, LLP

7 WORLD TRADE CENTER

NEW YORK, NEW YORK 10007

—

TEL: (212) 808-8100

FAX: (212) 808-8108

www.kflaw.com

September 13, 2013

**BY HAND DELIVERY**

The Honorable William H. Pauley III
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2210
New York, New York 10007

Re: *U.S. v. Daugerdas, et al.,* **S6 09 Cr. 581 (WHP)**

Dear Judge Pauley:

On August 26, 2013 and August 27, 2013, we, on behalf of defendant Denis Field, caused trial subpoenas to be served on Michael Hueston, Esq., the attorney for cooperating witness Charles Bee, directing both Mr. Hueston and Mr. Bee to produce documents in connection with this case. Copies of the subpoenas with proof of service are attached as Exhibits A and B.

The subpoena to Mr. Hueston directs him to produce the following:

1. All documents concerning or comprising any statements, testimony, affidavits, or other non-privileged communications by Charles Bee relating to: (1) any of the allegations in *United States v. Daugerdas, et al.,* 09 Cr. 581 (WHP); (2) any of the defenses raised at the first trial in the *Daugerdas* matter; or (3) any other matter relating to BDO and its tax solutions business through the time of Charles Bee's departure from BDO.

2. All documents concerning or comprising communications between you and the government relating to any of the allegations in *United States v. Daugerdas, et al.,* 09 Cr. 581 (WHP); (2) any of the defenses raised at the first trial in the *Daugerdas* matter; or (3) any other matter relating to BDO and its tax solutions business.

Hon. William H. Pauley III
September 13, 2013
Re:  *U.S.* v. *Daugerdas, et al.,* S6 09 Cr. 581 (WHP)

3.  All documents concerning or comprising communications between you and the government relating to Charles Bee.

4.  All documents, notes, and memoranda reflecting statements made by or on behalf of Charles Bee to the government.

5.  Any documents concerning or comprising communications between you and the government relating to the disposition of Charles Bee's property, including, but not limited to, bank accounts, real estate, and any other tangible or intangible property

6.  Any documents concerning or comprising communications between you and the government relating to the preparation for Charles Bee's testimony in *U.S. v. Daugerdas* and Charles Bee's testimony in *U.S. v. Daugerdas* on April 27, 2011 and April 2011.

The subpoena to Mr. Bee, which was served on him through his attorney Michael Hueston, directs him to produce the following:

1.   All documents concerning or comprising any statements, testimony, affidavits, or other non-privileged communications relating to: (1) any of the allegations in *United States v. Daugerdas, et al.*, 09 Cr. 581 (WHP); (2) any of the defenses raised at the first trial in the *Daugerdas* matter; and (3) any other matter relating to BDO and its tax solutions business through the time of your departure from BDO.

2.  All documents relating to your work as a cooperating witness for the government in *United States v. Daugerdas, et al.*, 09 Cr. 581 (WHP), including but not limited to: (1) handwritten notes or markings on source material; and (2) notes taken to prepare for your testimony in the *Daugerdas* matter.

3.  All communications to third parties relating to: (1) any of the allegations in *United States v. Daugerdas, et al.*, 09 Cr. 581 (WHP); (2) any of the defenses raised at the first trial in the *Daugerdas* matter; and (3) any other matter relating to BDO and its tax solutions business through the time of your departure from BDO.

4.  All entries in appointment books, calendars, and diaries identifying time spent preparing for your testimony in *United States v. Daugerdas, et al.*, 09 Cr. 581 (WHP), meeting times or appointments related to preparation or work on this case, or any other writings related to the *Daugerdas* matter.

5.  Any recordings relating to the allegations in *United States v. Daugerdas, et al.*, 09 Cr. 581 (WHP), including but not limited to any speeches or presentations given by you or others involving BDO's tax solutions business.

Hon. William H. Pauley III
September 13, 2013
Re: *U.S. v. Daugerdas, et al.,* **S6 09 Cr. 581 (WHP)**

      6.   All documents concerning BDO's tax solutions business through the time of your departure from BDO.

By letter dated September 9, 2013, Mr. Hueston responded to the subpoenas by enclosing a privilege log, which he claims to be responsive to the subpoenas. A copy of Mr. Hueston's letter and the privilege log is attached hereto as Exhibit C. That privilege log includes numerous communications between Mr. Hueston and the government attorneys handling this criminal case. Those communications, of course, are not covered by any privilege.

Mr. Hueston provided no response to the subpoena served on Mr. Bee.

Mr. Hueston and Mr. Bee have failed to respond properly to the trial subpoenas. Accordingly, we respectfully request that the Court direct Mr. Hueston and Mr. Bee to comply fully and promptly with the trial subpoenas.

Respectfully submitted,

Sharon L. McCarthy

Enclosures

cc (by Federal Express):  Michael Hueston, Esq.
cc (by email):  Counsel of Record

# EXHIBIT A

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.   56 09 CR.581 (WHP) |
| Denis Field | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:      Michael Hueston, Esq.
      16 Court Street
      Brooklyn, NY 11241-1013

      **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Courtroom No.: N/A |
|---|---|
| SEE BELOW | Date and Time: September 9, 2013 at 9:30 a.m. |

      You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

      See Rider. Produce the documents to Sharon L. McCarthy, Esq. of Kostelanetz & Fink, LLP at the address listed below no later than September 9, 2013. Testimony is not required.

*(SEAL)*

Date:  AUG 1 9 2013

                                     **RUBY J. KRAJICK**

                          *CLERK OF COURT*

                                     *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____ _____ , who requests this subpoena, are:

Sharon L. McCarthy
Kostelanetz & Fink, LLP
7 World Trade Center
New York, NY 10007
(212) 808-8100

THE STATE OF NEW YORK

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

Index No.: 56 09 CR.581 (WHP)

Filed On:

UNITED STATES OF AMERICA

-against-

DENIS FIELD

**Affidavit of Service**
**SUBSTITUTE**

STATE OF NEW YORK, COUNTY OF NEW YORK: Wilson Pastoriza, being duly sworn, deposes and says that deponent is not party to this action, is over 18 years of age and resides in the State of New York.

That on 8/27/2013 at 1:05 PM at 16 COURT STREET, BROOKLYN, NY 11241, your deponent served the SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE bearing Index # 56 09 CR.581 (WHP) upon MICHAEL HUESTON, ESQ., by delivering a true copy in a plain envelope marked 'personal and confidential' to a person of suitable age and discretion, to wit: Ms. Franklin, legal clerk, who verified that the intended recipient actually is employed at this location.

Your deponent describes the person so served to the best of deponent's ability at the time and circumstances of service as follows:

Gender:     Female
Skin Color:     Black
Hair Color:     Brown/black
Approximate Age:     45-50
Approximate Height:     5'7"-5'9"
Approximate Weight:     170-180
Other Information:     glasses

That on 8/27/2013, your deponent mailed a true copy of same by First Class Mail properly enclosed and sealed in a postpaid wrapper addressed to the recipient at: 16 COURT STREET, BROOKLYN, NY 11241 in an envelope bearing the legend "Personal and Confidential". Said envelope was deposited in an official depository under exclusive care and custody of the U.S. Postal Service.

That at the time of service as aforesaid, your deponent asked person spoken to whether the intended recipient was currently enrolled in military service or dependent on someone in the military service of the United States of America and received a negative reply. Upon such information, I aver that the named recipient is not actively enrolled in nor dependent on someone in the military service of the United States of America.

Sworn to before me on 8/27/2013:

Denise Lowe
Notary Public, State of New York
No. 01LO6168083
Qualified in New York County
Commission Expires 6/4/2015

Wilson Pastoriza

NYC License # -  NONE

KOSTELANETZ & FINK, LLP
7 WORLD TRADE CENTER
NEW YORK,NY 10007
Phone: (212) 808-8100
File No. FIELD

RETURN TO: Nationwide Court Services, Inc.
20 VESEY ST REAR LOBBY
NEW YORK, NY 10007
DCA Lic#:1037536 Ph: 212-349-3776
(NCS309876) SP  347275

## RIDER

<u>DEFINITIONS AND INSTRUCTIONS</u>

1. The terms "You" means Michael Hueston, Esq., and/or any present or former attorneys, paralegals, agents, or outside counsel, employed by, affiliated with, or acting on behalf of Michael Hueston, Esq. directly or indirectly.

2. The term "government" means the United States Department of Justice, the Internal Revenue Service, and the United States Attorney's Office, including but not limited to the United States Attorney's Office for the Southern District of New York, as well as any of their agents, employees, representatives, or attorneys.

3. The term "tax solutions" refers to the business of BDO related to the design, marketing, and sale of tax transactions commonly referred to by the government as "tax shelters", including but not limited to the Short Sale and SOS.

4. The term "document(s)" or "record(s)" means any writing, drawing, graph, chart, recording, electronically stored information, photograph or other data compilation from which you can obtain information that is in your actual or constructive possession, custody, care or control, and which pertains directly or indirectly, in whole or in part, to any of the Requests for production of documents listed below, or which is itself listed below specifically, including, but not limited to: correspondence, memoranda, notes (including, but not limited to, notes of telephone conversations), messages, email communications, instant messages, text messages, electronic postings, weblogs, diaries, minutes, books, reports, charges, ledgers, invoices, receipts, computer printouts, PowerPoint or other software or computer-based presentations, microfilms, video tapes or tape recordings, or transcripts of videotapes or tape recordings.

5. The term "recordings" means any recording of images or sounds, regardless of the medium used to capture or maintain such images or sounds.

6. The term "communication" means any writing transmitted between persons or any oral conversation of any kind or character, including, by way of example and without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic, telex, computer, email and facsimile communications or transmittals of documents, and all documents concerning or reflecting such writings or oral conversations.

7. The terms "person" or "persons" shall include natural persons, corporate or other business entities, and all other forms of legal entities including, but not limited to: corporations, partnerships, joint ventures, firms, associations, organizations, groups and sole proprietorships.

8.   The term "concerning" means relates to, refers to, contains, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

9.   The term "to identify" means:

   a.   When referring to a person, to give, to the extent known, the person's full name, business address and business title or affiliation;

   b.   When referring to a document, to give the type of document, the general subject matter, the date of the document, the author(s), the addressee(s), and recipient(s);

   c.   When referring to a meeting or oral communication, to state the date and place of the meeting or communication, to state the mode of communication, and to identify each person who was present for or participated in the communication.

10.   The connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring with the scope of discovery all responses that might otherwise be construed as outside of its scope.

11.   The term "any" shall be understood to include and encompass "all." As used herein, the singular shall always include the plural and the present tense also shall include the past tense.

12.   If you object to any Request for production of documents or part thereof on the basis of the attorney/client or work product privilege, identify the privilege claimed, as well as each statement, communication or document for which this privilege is claimed, together with the following information with respect to each such statement, communication or document: (a) the date; (b) the names of persons present; (c) subject matter; (d) location and/or custodian; and (e) the basis upon which the privilege is claimed.

13.   In responding to this Subpoena's Requests for production of documents, you are required to provide all documents available to you or within your possession, custody or control, including information in the possession, custody or control of any of your attorneys, directors, officers, agents (including but not limited to independent contractors and consultants), employees, representatives, associates, investigators, or division affiliates, partnerships, parents or subsidiaries.

14.   If you cannot fully respond to the following Requests after exercising due diligence to secure and produce the documents requested thereby, specify the portion of each Request that cannot be responded to fully and completely. State what efforts were made to obtain the requested documents and the facts relied upon that support the contention that the Request cannot be responded to fully and completely.

15.   Documents and things produced in response to this Subpoena, as identified herein below, must be produced as such documents and things are kept in the usual course of business or organized and labeled to correspond with the categories of requested documents.

16. Responsive documents stored in electronic form, including e-mail, may be produced in web optimal full-text searchable .PDF format, with the accompanying load files. Each .PDF file should consist of a single document and should be uniquely named, with a load file that will allow relation of parent files to their children (*i.e.*, e-mails to their attachments). The load files should also contain the extracted metadata from each of the native documents, where possible.

17. These Requests are continuing in nature, and you are obligated to supplement your responses as necessary to produce all responsive materials.

18. If a document responsive to a Request is known to have existed but is no longer existing, state the type of document, the identity of its last known custodian, and the date on and circumstances under which the document was lost, destroyed or otherwise became unavailable.

## REQUESTS FOR PRODUCTION

1. All documents concerning or comprising any statements, testimony, affidavits, or other non-privileged communications by Charles Bee relating to: (1) any of the allegations in *United States v. Daugerdas, et al.*, 09 Cr. 581 (WHP); (2) any of the defenses raised at the first trial in the *Daugerdas* matter; or (3) any other matter relating to BDO and its tax solutions business through the time of Charles Bee's departure from BDO.

2. All documents concerning or comprising communications between you and the government relating to any of the allegations in *United States v. Daugerdas, et al.*, 09 Cr. 581 (WHP); (2) any of the defenses raised at the first trial in the *Daugerdas* matter; or (3) any other matter relating to BDO and its tax solutions business.

3. All documents concerning or comprising communications between you and the government relating to Charles Bee.

4. All documents, notes, and memoranda reflecting statements made by or on behalf of Charles Bee to the government.

5. Any documents concerning or comprising communications between you and the government relating to the disposition of Charles Bee's property, including, but not limited to, bank accounts, real estate, and any other tangible or intangible property

6. Any documents concerning or comprising communications between you and the government relating to the preparation for Charles Bee's testimony in *U.S. v. Daugerdas* and Charles Bee's testimony in *U.S. v. Daugerdas* on April 27, 2011 and April 2011.

# EXHIBIT B

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| Denis Field | ) | 56 09 CR.581 (WHP) |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:
      Charles Bee
      c/o Michael Hueston, Esq.
      16 Court Street
      Brooklyn, NY  11241-1013

    **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Courtroom No.: | N/A |
|---|---|---|
| SEE BELOW | Date and Time: | September 9, 2013 at 9:30 a.m. |

    You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

      See Rider. Produce the documents to Sharon L. McCarthy, Esq. of Kostelanetz & Fink,
      LLP at the address listed below no later than September 9, 2013. Testimony is not required.

   *(SEAL)*

Date: AUG 1 9 2013

                             **RUBY J. KRAJICK**

                  *CLERK OF COURT*

                               *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____ , who requests this subpoena, are:

      Sharon L. McCarthy
      Kostelanetz & Fink, LLP
      7 World Trade Center
      New York, NY 10007
      (212) 808-8100

THE STATE OF NEW YORK

Index No.: **56 09 CR.581 (WHP)**

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

Filed On:

**UNITED STATES OF AMERICA**

**Affidavit of Service SUBSTITUTE**

-against-

**DENIS FIELD**

---

STATE OF NEW YORK, COUNTY OF NEW YORK: HYRERE B. ELLIOTT, being duly sworn, deposes and says that deponent is not party to this action, is over 18 years of age and resides in the State of New York.

That on 8/26/2013 at 10:20 AM at C/O MICHAEL HUESTON, ESQ., 16 COURT STREET - 33rd Flr., BROOKLYN, NY 11241, your deponent served the SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE bearing Index # 56 09 CR.581 (WHP) upon CHARLES BEE, by delivering a true copy in a plain envelope marked 'personal and confidential' to a person of suitable age and discretion, to wit:  Michael Hueston, Esq., Attorney for Charles Bee, who verified that the intended recipient actually is employed at this location.

Your deponent describes the person so served to the best of deponent's ability at the time and circumstances of service as follows:

Gender:    Male
Skin Color:    Black
Hair Color:    Black
Approximate Age:    40
Approximate Height:    Over 6ft.
Approximate Weight:    175 - 185
Other Information:

That on 8/27/2013, your deponent mailed a true copy of same by First Class Mail properly enclosed and sealed in a postpaid wrapper addressed to the recipient at: C/O MICHAEL HUESTON, ESQ., 16 COURT STREET - 33rd Flr., BROOKLYN, NY 11241 in an envelope bearing the legend "Personal and Confidential".  Said envelope was deposited in an official depository under exclusive care and custody of the U.S. Postal Service.

That at the time of service as aforesaid, your deponent asked person spoken to whether the intended recipient was currently enrolled in military service or dependent on someone in the military service of the United States of America and received a negative reply.  Upon such information, I aver that the named recipient is not actively enrolled in nor dependent on someone in the military service of the United States of America.

Sworn to before me on 8/28/2013:

Denise Lowe
Notary Public, State of New York
No. 01LO6168083
Qualified in New York County
Commission Expires 6/4/2015

HYRERE B. ELLIOTT
NYC License # -  1418324

---

KOSTELANETZ & FINK, LLP
7 WORLD TRADE CENTER
NEW YORK, NY 10007
Phone: (212) 808-8100
File No. FIELD

RETURN TO: Nationwide Court Services, Inc.
20 VESEY ST REAR LOBBY
NEW YORK, NY 10007
DCA Lic#:1037536 Ph: 212-349-3776
(NCS309876) SP  346165

**RIDER**

DEFINITIONS AND INSTRUCTIONS

1.  The term "government" means the United States Department of Justice, the Internal Revenue Service, and the United States Attorney's Office, including but not limited to the United States Attorney's Office for the Southern District of New York, as well as any of their agents, employees, representatives, or attorneys.

2.  The term "tax solutions" refers to the business of BDO related to the design, marketing, and sale of tax transactions commonly referred to by the government as "tax shelters", including but not limited to the Short Sale and SOS.

3.  The term "document(s)" or "record(s)" means any writing, drawing, graph, chart, recording, electronically stored information, photograph or other data compilation from which you can obtain information that is in your actual or constructive possession, custody, care or control, and which pertains directly or indirectly, in whole or in part, to any of the Requests for production of documents listed below, or which is itself listed below specifically, including, but not limited to: correspondence, memoranda, notes (including, but not limited to, notes of telephone conversations), messages, email communications, instant messages, text messages, electronic postings, weblogs, diaries, minutes, books, reports, charges, ledgers, invoices, receipts, computer printouts, PowerPoint or other software or computer-based presentations, microfilms, video tapes or tape recordings, or transcripts of videotapes or tape recordings.

4.  The term "recordings" means any recording of images or sounds, regardless of the medium used to capture or maintain such images or sounds.

5.  The term "communication" means any writing transmitted between persons or any oral conversation of any kind or character, including, by way of example and without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic, telex, computer (including social media postings), email and facsimile communications or transmittals of documents, and all documents concerning or reflecting such writings or oral conversations.

6.  The terms "person" or "persons" shall include natural persons, corporate or other business entities, and all other forms of legal entities including, but not limited to: corporations, partnerships, joint ventures, firms, associations, organizations, groups and sole proprietorships.

7.  The term "concerning" means relates to, refers to, contains, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

8.  The term "to identify" means:

a. When referring to a person, to give, to the extent known, the person's full name, business address and business title or affiliation;

b. When referring to a document, to give the type of document, the general subject matter, the date of the document, the author(s), the addressee(s), and recipient(s);

c. When referring to a meeting or oral communication, to state the date and place of the meeting or communication, to state the mode of communication, and to identify each person who was present for or participated in the communication.

9. The connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring with the scope of discovery all responses that might otherwise be construed as outside of its scope.

10. The term "any" shall be understood to include and encompass "all." As used herein, the singular shall always include the plural and the present tense also shall include the past tense.

11. If you object to any Request for production of documents or part thereof on the basis of the attorney/client or work product privilege, identify the privilege claimed, as well as each statement, communication or document for which this privilege is claimed, together with the following information with respect to each such statement, communication or document: (a) the date; (b) the names of persons present; (c) subject matter; (d) location and/or custodian; and (e) the basis upon which the privilege is claimed.

12. In responding to this Subpoena's Requests for production of documents, you are required to provide all documents available to you or within your possession, custody or control, including information in the possession, custody or control of any of your attorneys, directors, officers, agents (including but not limited to independent contractors and consultants), employees, representatives, associates, investigators, or division affiliates, partnerships, parents or subsidiaries.

13. If you cannot fully respond to the following Requests after exercising due diligence to secure and produce the documents requested thereby, specify the portion of each Request that cannot be responded to fully and completely. State what efforts were made to obtain the requested documents and the facts relied upon that support the contention that the Request cannot be responded to fully and completely.

14. Documents and things produced in response to this Subpoena, as identified herein below, must be produced as such documents and things are kept in the usual course of business or organized and labeled to correspond with the categories of requested documents.

15. Responsive documents stored in electronic form, including e-mail, may be produced in web optimal full-text searchable .PDF format, with the accompanying load files. Each .PDF file should consist of a single document and should be uniquely named, with a load file that will allow relation of parent files to their children (*i.e.*, e-mails to their attachments). The load files should also contain the extracted metadata from each of the native documents, where possible.

16. These Requests are continuing in nature, and you are obligated to supplement your responses as necessary to produce all responsive materials.

17. If a document responsive to a Request is known to have existed but is no longer existing, state the type of document, the identity of its last known custodian, and the date on and circumstances under which the document was lost, destroyed or otherwise became unavailable.

## REQUESTS FOR PRODUCTION

1. All documents concerning or comprising any statements, testimony, affidavits, or other non-privileged communications relating to: (1) any of the allegations in *United States v. Daugerdas, et al.*, 09 Cr. 581 (WHP); (2) any of the defenses raised at the first trial in the *Daugerdas* matter; and (3) any other matter relating to BDO and its tax solutions business through the time of your departure from BDO.

2. All documents relating to your work as a cooperating witness for the government in *United States v. Daugerdas, et al.*, 09 Cr. 581 (WHP), including but not limited to: (1) handwritten notes or markings on source material; and (2) notes taken to prepare for your testimony in the *Daugerdas* matter.

3. All communications to third parties relating to: (1) any of the allegations in *United States v. Daugerdas, et al.*, 09 Cr. 581 (WHP); (2) any of the defenses raised at the first trial in the *Daugerdas* matter; and (3) any other matter relating to BDO and its tax solutions business through the time of your departure from BDO.

4. All entries in appointment books, calendars, and diaries identifying time spent preparing for your testimony in *United States v. Daugerdas, et al.*, 09 Cr. 581 (WHP), meeting times or appointments related to preparation or work on this case, or any other writings related to the *Daugerdas* matter.

5. Any recordings relating to the allegations in *United States v. Daugerdas, et al.*, 09 Cr. 581 (WHP), including but not limited to any speeches or presentations given by you or others involving BDO's tax solutions business.

6. All documents concerning BDO's tax solutions business through the time of your departure from BDO.

# EXHIBIT C

# MICHAEL HUESTON
## ATTORNEY AT LAW

| 350 FIFTH AVENUE, SUITE 4810 | Tel: (212) 643-2900 |
|---|---|
| EMPIRE STATE BUILDING | Fax: (212) 643-2901 |
| NEW YORK, NEW YORK 10118 | Email: mhueston@nyc.rr.com |

ADMITTED NY

September 9, 2013

<u>By Facsimile (212) 808-8108 & First Class Mail</u>
Sharon McCarthy, Esq.
Kostelanetz & Fink, LLP
7 World Trade Center – 34th Floor
New York, New York 10007

Re:  *United States v. Denis Field*, 09-cr-00581-WHP

Dear Ms. McCarthy:

I represent Mr. Charlie Bee.  This letter responds to your firm's August 19, 2013 subpoenas directed to both Mr. Bee and myself.  I have enclosed a privilege log that is responsive to the subpoenas.  In addition, without waiving any right or privilege, I refer you to Adam M. Abensohn, Esq. of Quinn Emanuel concerning your subpoenas, since Quinn Emanuel was counsel for Mr. Bee prior to December 3, 2010.

Karloff Commissiong, Esq. was associate counsel with me regarding this case. Mr. Commissiong's partner is Martin E. Adams, Esq. of Adams & Commissiong LLP, and Shamir Velez worked for their firm.  If you have any questions, please feel free to contact me.

Sincerely,

Michael Hueston

Encl:

cc:   AUSA Nanette Davis (by email)

**9/9/13 Privilege Log in Response to Subpoenas US v. Field, 09-cr-581-WHP**
**Confidential Legal Document**

1. December 8, 2010 emails between counsel and defendant – Attorney Client

2. December 9, 2010 emails between counsel and defendant – Attorney Client

3. December 10, 2010 email between counsel and defendant – Attorney Client

4. December 13, 2010 emails between counsel and defendant – Attorney Client

5. December 14, 2010 email between AUSA Nanette Davis and Michael Hueston, Esq. – Work Product, scheduling

6. December 15, 2010 emails between counsel and defendant – Attorney Client

7. December 15, 2010 email between AUSA Nanette Davis and Michael Hueston, Esq. – Work Product, scheduling

8. December 16, 2010 email between AUSA Nanette Davis and Michael Hueston, Esq. – Work Product, forfeiture

9. December 17, 2010 emails between AUSA Nanette Davis and Michael Hueston, Esq. – Work Product, forfeiture

10. December 20, 2010 email between Michael Hueston, Esq. and Karloff Commissiong, Esq. – Attorney Work Product, case preparation

11. December 20, 2010 email between Karloff Commissiong, Esq. and Martin Adams, Esq. – Attorney Work Product, case preparation

12. December 20, 2010 email between Karloff Commissiong, Esq. and Shamir Velez – Attorney Work Product, case preparation

13. December 21, 2010 email between Michael Hueston, Esq. and Karloff Commissiong, Esq. – Attorney Work Product, case preparation

14. December 21, 2010 email between counsel and defendant – Attorney Client

15. December 24, 2010 email between counsel and defendant – Attorney Client

16. December 24, 2010 email between AUSA Nanette Davis and Michael Hueston, Esq. – Work Product, scheduling

17. December 25, 2010 emails between counsel and defendant – Attorney Client

18. December 25, 2010 email between AUSA Nanette Davis and Michael Hueston, Esq. – Work Product, scheduling

**9/9/13 Privilege Log in Response to Subpoenas US v. Field, 09-cr-581-WHP**
**Confidential Legal Document**

19.   December 26, 2010 email between AUSA Nanette Davis and Michael Hueston, Esq. – Work Product, scheduling

20.   December 27, 2010 email between AUSA Nanette Davis and Michael Hueston, Esq. – Work Product, scheduling

21.   December 27, 2010 emails between Michael Hueston, Esq. and Karloff Commissiong, Esq. – Attorney Work Product, case preparation

22.   December 27, 2010 emails between counsel and defendant – Attorney Client

23.   December 28, 2010 emails between AUSA Nanette Davis and Michael Hueston, Esq. – Work Product, scheduling

24.   One December 28, 2010 email between Michael Hueston, Esq. and Karloff Commissiong, Esq. – Attorney Work Product, case preparation

25.   December 28, 2010 emails between counsel and defendant – Attorney Client

26.   One December 29, 2010 email between counsel and defendant – Attorney Client

27.   December 29, 2010 emails between AUSA Nanette Davis and Michael Hueston, Esq. – Work Product, scheduling

28.   December 31, 2010 email between counsel and defendant – Attorney Client

29.   January 1, 2011 email between counsel and defendant – Attorney Client

30.   January 2, 2011 email between counsel and defendant – Attorney Client

31.   January 3, 2011 email between AUSA Nanette Davis and Michael Hueston, Esq. – Work Product, trial preparation

32.   January 3, 2011 email between Michael Hueston, Esq. and Karloff Commissiong, Esq. – Attorney Work Product, case preparation

33.   January 4, 2011 email between AUSA Nanette Davis and Michael Hueston, Esq. – Work Product, trial preparation

34.   January 4, 2011 emails between Michael Hueston, Esq. and Karloff Commissiong, Esq. – Attorney Work Product, case preparation

35.   January 5, 2011 email between counsel and defendant – Attorney Client

**9/9/13 Privilege Log in Response to Subpoenas US v. Field, 09-cr-581-WHP**
**Confidential Legal Document**

36. January 10, 2011 emails between counsel and defendant – Attorney Client

37. January 11, 2011 email between counsel and defendant – Attorney Client

38. January 12, 2011 emails between Michael Hueston, Esq. and Karloff Commissiong, Esq. – Attorney Work Product, case preparation

39. January 13, 2011 emails between counsel and defendant – Attorney Client

40. January 14, 2011 email between AUSA Nanette Davis and Michael Hueston, Esq. – Work Product, trial preparation/privilege log and documents

41. January 14, 2011 emails between Michael Hueston, Esq. and Karloff Commissiong, Esq. – Attorney Work Product, case preparation

42. January 14, 2011 emails between counsel and defendant – Attorney Client

43. January 15, 2011 emails between Michael Hueston, Esq. and Karloff Commissiong, Esq. – Attorney Work Product, case preparation

44. January 18, 2011 emails between counsel and defendant – Attorney Client

45. January 19, 2011 email between Michael Hueston, Esq. and Karloff Commissiong, Esq. – Attorney Work Product, case preparation

46. January 19, 2011 email between counsel and defendant – Attorney Client

47. January 22, 2011 email between counsel and defendant – Attorney Client

48. January 23, 2011 email between Michael Hueston, Esq. and Karloff Commissiong, Esq. – Attorney Work Product – Attorney Client, case preparation

49. January 23, 2011 email between counsel and defendant – Attorney Client

50. January 25, 2011 emails between counsel and defendant – Attorney Client

51. January 25, 2011 email between DLA Piper and Michael Hueston, Esq. – Work Product, trial preparation/privilege log and documents

52. January 25, 2011 letter from Michael Hueston, Esq. to DLA Piper LLP – Attorney Work Product, trial preparation/privilege log and documents

53. January 31, 2011 emails between counsel and defendant – Attorney Client

**9/9/13 Privilege Log in Response to Subpoenas US v. Field, 09-cr-581-WHP**
**Confidential Legal Document**

54.    February 1, 2011 emails between counsel and defendant – Attorney Client

55.    February 1, 2011 email between Michael Hueston, Esq. and Karloff
       Commissiong, Esq. – Attorney Work Product, case preparation

56.    February 2, 2010 email between AUSA Nanette Davis and Michael Hueston,
       Esq. – Attorney Work Product, trial preparation

57.    February 2, 2011 email between Michael Hueston, Esq. and Karloff
       Commissiong, Esq. – Attorney Work Product, case preparation

58.    February 2, 2011 emails between counsel and defendant – Attorney Client

59.    February 2, 2011 email between Karloff Commissiong, Esq. and Shamir
       Velez – Attorney Work Product, case preparation

60.    February 3, 2011 email between counsel and defendant – Attorney Client

61.    February 4, 2011 email between counsel and defendant – Attorney Client

62.    February 5, 2011 email between AUSA Nanette Davis and Michael Hueston,
       Esq. – Attorney Work Product, scheduling

63.    February 8, 2011 emails between counsel and defendant – Attorney Client

64.    February 8, 2011 email between Michael Hueston, Esq. and Karloff
       Commissiong, Esq. – Attorney Work Product, case preparation

65.    February 10, 2011 emails between counsel and defendant – Attorney Client

66.    February 11, 2011 email between AUSA Nanette Davis and Karloff
       Commissiong, Esq., Esq. – Attorney Work Product, scheduling

67.    February 14, 2011 emails between counsel and defendant – Attorney Client

68.    February 14, 2011 email between Michael Hueston, Esq. and James Wing,
       Esq. – Attorney Work Product, case preparation

69.    February 15, 2011 email between Michael Hueston, Esq. and James Wing,
       Esq. – Attorney Work Product, case preparation

70.    February 15, 2011 emails between counsel and defendant – Attorney Client

71.    February 15, 2011 email between Michael Hueston, Esq. and Karloff
       Commissiong, Esq. – Attorney Work Product, case preparation

**9/9/13 Privilege Log in Response to Subpoenas US v. Field, 09-cr-581-WHP**
**Confidential Legal Document**

72. February 15, 2011 emails between Karloff Commissiong, Esq. and Shamir Velez – Attorney Work Product, case preparation

73. February 16, 2011 email between counsel and defendant – Attorney Client

74. February 20, 2011 email between counsel and defendant – Attorney Client

75. February 21, 2011 emails between Michael Hueston, Esq. and Karloff Commissiong, Esq. – Attorney Work Product, case preparation

76. February 21, 2011 email between counsel and defendant – Attorney Client

77. February 26, 2011 email between AUSA Nanette Davis and Michael Hueston, Esq. – Attorney Work Product, trial preparation

78. February 28, 2011 emails between counsel and defendant – Attorney Client

79. April 5, 2011 email between AUSA Nanette Davis and Michael Hueston, Esq. – Attorney Work Product, scheduling

80. April 6, 2011 emails between counsel and defendant – Attorney Client

81. April 6, 2011 email between Michael Hueston, Esq. and Karloff Commissiong, Esq. – Attorney Work Product, case preparation

82. April 6, 2011 emails between Karloff Commissiong, Esq. and Shamir Velez, Attorney Work Product, case preparation

83. April 6, 2011 emails between Karloff Commissiong, Esq. and Martin E. Adams, Esq., Attorney Work Product, case preparation

84. April 8, 2011 email between AUSA Nanette Davis and Karloff Commissiong, Esq., Esq. – Attorney Work Product, scheduling.

85. April 8, 2011 email between Michael Hueston, Esq. and Karloff Commissiong, Esq. – Attorney Client – Attorney Work Product, case preparation

86. April 18, 2011 email between counsel and defendant – Attorney Client

87. April 19, 2011 emails between counsel and defendant – Attorney Client

88. April 20, 2011 email between Michael Hueston, Esq. and Karloff Commissiong, Esq. – Attorney Client – Attorney Work Product, case preparation

<u>9/9/13 Privilege Log in Response to Subpoenas US v. Field, 09-cr-581-WHP</u>
<u>Confidential Legal Document</u>

89.   April 21, 2011 email between Michael Hueston, Esq. and AUSA Nanette Davis and AUSA Adam M. Abensohn, Work Product, case preparation, Michael Hueston, Esq.'s April 21, 2011 letter to Caroline Rule, Esq. and privilege log

90.   April 21, 2011 email between Michael Hueston, Esq. and Karloff Commissiong, Esq. – Attorney Client – Attorney Work Product, case preparation

91.   April 22, 2011 emails between Michael Hueston, Esq. and Karloff Commissiong, Esq. – Attorney Client – Attorney Work Product, case preparation

92.   April 26, 2011 email between Michael Hueston, Esq. and AUSA Nanette Davis and AUSA Adam M. Abensohn, Work Product, case preparation, Michael Hueston, Esq.'s April 26, 2011 letter to Caroline Rule, Esq. and privilege log and protective order

93.   April 29, 2011 emails between counsel and defendant – Attorney Client

94.   May 24, 2011 email between AUSA Nanette Davis and Michael Hueston, Esq. – Attorney Work Product, case status

95.   May 25, 2011 email between counsel and defendant – Attorney Client

96.   June 1, 2011 email between counsel and defendant – Attorney Client

97.   March 6, 2012 emails between AUSA Stan Okula and Michael Hueston, Esq., Work Product, case preparation, Government's March 6, 2011 letter to the Honorable Deborah A. Batts, forfeiture

98.   March 6, 2012 emails between AUSA Stan Okula, the Chambers of the Honorable Deborah A. Batts and Michael Hueston, Esq., Work Product, case preparation, case status and forfeiture

99.   March 6, 2012 emails between counsel and defendant – Attorney Client

100.  March 6, 2012 email between AUSA Nanette Davis and Michael Hueston, Esq. – Attorney Work Product, case preparation, forfeiture order

101.  March 7, 2012 email between counsel and defendant – Attorney Client

102.  March 12, 2012 emails between Michael Hueston, Esq. and AUSA Stan Okula and AUSA Nanette Davis, Work Product, case preparation, Michael Hueston, Esq.'s March 12, 2012 letter to the Honorable Deborah A. Batts, forfeiture

**9/9/13 Privilege Log in Response to Subpoenas US v. Field, 09-cr-581-WHP**
**Confidential Legal Document**

103.   March 12, 2012 email between counsel and defendant – Attorney Client

104.   March 13, 2012 emails between counsel and defendant – Attorney Client

105.   March 19, 2012 emails between counsel and defendant – Attorney Client

106.   March 19, 2012 email between Michael Hueston, Esq. and AUSA Stan Okula – Attorney Work Product, case preparation, tax notice

107.   April 10, 2012 email between Michael Hueston, Esq. and AUSA Stan Okula – Attorney Work Product, case preparation

108.   April 11, 2012 email between Michael Hueston, Esq. and AUSA Stan Okula – Attorney Work Product, case preparation

109.   April 19, 2012 emails between AUSA Stan Okula, the Chambers of the Honorable Deborah A. Batts and Michael Hueston, Esq., regarding case status and forfeiture – Work Product, case preparation

110.   May 22, 2012 emails between counsel and defendant – Attorney Client

111.   May 22, 2012 email between Michael Hueston, Esq. and AUSA Stan Okula and AUSA Nanette Davis – Attorney Work Product, case preparation, letter assessment arrearages

112.   May 23, 2012 email between counsel and defendant – Attorney Client

113.   June 14, 2012 email between counsel and defendant – Attorney Client

114.   June 19, 2012 email between counsel and defendant – Attorney Client

115.   June 20, 2012 email between Michael Hueston, Esq. and AUSA Stan Okula and AUSA Nanette Davis – Attorney Work Product, case preparation, notice lis pendes

116.   September 13, 2012 email between counsel and defendant – Attorney Client

117.   September 14, 2012 email between counsel and defendant – Attorney Client

118.   November 8, 2012 email between AUSA Nanette Davis and Michael Hueston, Esq. – Attorney Work Product, case preparation

119.   November 9, 2012 email between Michael Hueston, Esq. and AUSA Nanette Davis – Attorney Work Product, case preparation, pension documents

**9/9/13 Privilege Log in Response to Subpoenas US v. Field, 09-cr-581-WHP**
**Confidential Legal Document**

120.  November 9, 2012 emails between counsel and defendant – Attorney Client

121.  November 13, 2012 emails between defendant, Antonio Grieco – Assidir S.r.l. Responsabile Area Commerciale, and Michael Hueston, Esq. – Work Product, case preparation, pension

122.  November 13, 2012 email between AUSA Nanette Davis and Michael Hueston, Esq. – Attorney Work Product, case preparation

123.  November 14, 2012 email between defendant, Antonio Grieco – Assidir S.r.l. Responsabile Area Commerciale, and Michael Hueston, Esq. – Work Product, case preparation, pension

124.  November 14, 2012 emails between counsel and defendant – Attorney Client

125.  November 15, 2012 email between defendant, Antonio Grieco – Assidir S.r.l. Responsabile Area Commerciale, and Michael Hueston, Esq. – Work Product, case preparation, pension

126.  November 15, 2012 email between counsel and defendant – Attorney Client

127.  November 16, 2012 emails between counsel and defendant – Attorney Client

128.  November 19, 2012 email between counsel and defendant – Attorney Client

129.  November 20, 2012 emails between counsel and defendant – Attorney Client

130.  December 28, 2012 email between counsel and defendant – Attorney Client

131.  January 2, 2013 email between counsel and defendant – Attorney Client

132.  January 21, 2013 email between defendant, James Wing, Esq. and counsel – Attorney Client

133.  January 22, 2013 emails between defendant, James Wing, Esq. and counsel – Attorney Client

134.  January 22, 2013 emails between counsel and defendant – Attorney Client

135.  January 23, 2013 emails between defendant, James Wing, Esq. and counsel – Attorney Client

136.  January 23, 2013 emails between defendant, James Wing, Esq., Susan Watson (Assistant to James Wing, Esq.) and counsel – Attorney Client

**9/9/13 Privilege Log in Response to Subpoenas US v. Field, 09-cr-581-WHP**
**Confidential Legal Document**

137.  January 23, 2012 email between AUSA Nanette Davis and Michael Hueston, Esq. – Attorney Work Product, case preparation

138.  January 23, 2013 email between counsel and defendant – Attorney Client

139.  January 23, 2013 email between James Wing, Esq. and counsel – Attorney Work Product, case preparation

140.  April 18, 2013 email between AUSA Stan Okula and Michael Hueston, Esq. and – Attorney Work Product, case preparation, forfeiture

141.  April 19, 2013 email between counsel and defendant – Attorney Client

142.  May 4, 2013 email between defendant, James Wing, Esq. and counsel – Attorney Client

143.  May 6, 2013 emails between defendant, James Wing, Esq. and counsel – Attorney Client

144.  May 7, 2013 emails between counsel and defendant – Attorney Client

145.  May 8, 2013 emailsbetween counsel and defendant – Attorney Client

146.  May 10, 2013 emails between counsel and defendant – Attorney Client

147.  July 18, 2013 email between AUSA Nanette Davis and Michael Hueston, Esq. – Attorney Work Product, scheduling

148.  July 23, 2013 emails between counsel and defendant – Attorney Client

149.  August 1, 2013 emails between AUSA Nanette Davis and Michael Hueston, Esq. – Attorney Work Product, scheduling

150.  August 4, 2013 email between AUSA Nanette Davis and Michael Hueston, Esq. – Attorney Work Product, scheduling

151.  August 4, 2013 email between AUSA Nanette Davis and Michael Hueston, Esq. – Attorney Work Product, case preparation and scheduling

152.  August 26, 2013 email between counsel and defendant – Attorney Client

153.  August 28, 2013 email between counsel and defendant – Attorney Client

154.  September 6, 2013 email between counsel and defendant – Attorney Client

<u>**9/9/13 Privilege Log in Response to Subpoenas US v. Field, 09-cr-581-WHP**</u>
<u>**Confidential Legal Document**</u>

155.   Defense counsels' case and investigative file, including documents, notes, notices and orders – Attorney Client – Attorney Work Product, case preparation

156.   A set of government exhibits and exhibit lists re: Charlie Bee, Adrian Dicker, and Robert Greisman in *United States v. Field*, 09-cr-581-WHP – Attorney Work Product, trial preparation

157.   A set of 3500 Material re: Charlie Bee – Attorney Work Product, trial preparation

158.   Defendant's notes – Attorney Client – Attorney Work Product, case preparation