

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

September 17, 2013

BY EMAIL and ECF

The Honorable William H. Pauley
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    United States v. Paul Daugerdas, et ano
                S6 09 Cr. 581 (WHP)

Dear Judge Pauley:

      The United States respectfully submits this letter concerning defendant Denis Field's motion to compel Charles Bee to comply with his Rule 17 subpoena.  Bee, as the Court may recall, is expected to be a cooperating witness for the Government in this case.

**Background**

      By order dated September 12, 2013, the Court ordered the Government to file a response.  In explaining its Order, the Court noted that "Dicker indicates that the Government possesses many of the sought-after documents and is the proper party to provide discovery."

      Since the Court's Order, the Government received a copy of a letter from counsel to Denis Field withdrawing its motion regarding Dicker.  Therefore, a response by the Government with respect to the subpoena of Dicker appears to be moot.

      With respect to the subpoena of Bee, the Government has complied with all of its discovery obligations, including its obligations under the Federal Rules of Criminal Procedure, the *Jencks* Act and *Brady*.

In addition, the Government is in receipt of the letter from Bee's counsel, Michael Hueston, dated September 17, 2013. The Government joins Bee's objection to Field's subpoena on the grounds that it seeks documents – including communications from the Government to Bee – that cannot properly be obtained by a Rule 17 subpoena. As discussed in greater detail below, Rule 17(c) provides a way for a defendant to obtain documents that could be introduced in evidence. In contrast, in requesting communications from the Government to Bee, Field is fishing for impeachment materials that could be used during a cross-examination of Bee – not documents that Field plans to, or could expect to, offer into evidence in this case.

**Discussion**

Contrary to what Field's subpoena suggests, Rule 17(c) is not a discovery device; it provides a mechanism for a defendant, with the court's permission, to call for pretrial production and inspection of specific materials that the defendant plans to offer into evidence.

Rule 17(c) grants to criminal defendants and the Government alike the right to subpoena documents and objects to be introduced as evidence at trial, and further states that a court "*may* direct the witness to produce the designated items in court *before trial* or before they are to be offered in evidence." Fed. R. Crim. P. 17(c) (emphases added). A party may serve a *trial* subpoena under this rule without leave of court, subject only to the limitation that any such subpoena may be quashed or modified "if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c); *see United States* v. *Amirnazmi*, 645 F.3d 564, 595 (3d Cir. 2011) (affirming trial court's determination that a Rule 17(c) trial subpoena could issue without leave of court); *cf. United States* v. *Gel Spice Co.*, 601 F. Supp. 1214, 1224 (E.D.N.Y. 1985) ("A subpoena returnable on the day of trial may be issued without leave of court.").

Pretrial Rule 17(c) subpoenas, by contrast, require leave of court before they may issue, and a court's discretion in deciding whether to grant the requested leave is governed by well-settled principles. First, as the Supreme Court has made clear, a pretrial Rule 17(c) subpoena is not to be used as a discovery device: "[Rule 17(c)] was not intended to provide a means of discovery for criminal cases." *United States* v. *Nixon*, 418 U.S. 683, 700 (1974); *Bowman Dairy Co.* v. *United States*, 341 U.S. 214, 220 (1951) ("It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms."). The cases repeating this exhortation are legion. *See, e.g.*, *United States* v. *Caro*, 597 F.3d 608, 620 (4th Cir. 2010); *United States* v. *Tokash*, 282 F.3d 962, 971 (7th Cir. 2002) (explaining that "Rule 17(c) is not a discovery device" and instead "allows only for the gathering of specifically identified documents which a defendant knows to contain relevant evidence to an admissible issue at trial"); *United States* v. *Cuthbertson*, 651 F.2d 189, 192, 195 (3d Cir. 1981); *United States* v. *Murray*, 297 F.2d 812, 821 (2d Cir. 1962); *United States* v. *Boyle*, No. 08 Cr. 523 (CM), 2009 WL 484436, at *2 (S.D.N.Y. Feb. 24, 2009) ("Rule 17 does not broaden the limited discovery available in criminal cases; rather, the purpose of Rule 17 is to avoid unnecessary delay at trial by providing a mechanism for pre-trial production and inspection of certain material."); *United States* v. *Ferguson*, No. 06 Cr. 137 (CFD), 2007 WL 2815068, at *2 (D. Conn. Sept. 26, 2007); *United States* v. *Nektalov*, No. 03 Cr. 828 (PKL),

2

2004 WL 1474721, at *2 (S.D.N.Y. July 14, 2004) ("Rule 17(c) subpoenas are not tools of discovery in criminal cases."); *United States* v. *Jasper*, No. 00 Cr. 825 (PKL), 2003 WL 1107526, at *2 (S.D.N.Y. Mar. 13, 2003); *United States* v. *Cherry*, 876 F. Supp. 547, 552 (S.D.N.Y. 1995).  Pretrial subpoenas "not intended to produce evidentiary materials but . . . merely [constituting] a fishing expedition to see what may turn up" are not authorized by Rule 17(c). *Bowman Dairy Co.* v. *United States*, 341 U.S. at 221.

Second, and relatedly, a pretrial Rule 17(c) subpoena – whether issued by a defendant or by the Government – should not issue unless it meets three criteria: "(1) relevancy; (2) admissibility; (3) specificity." *United States* v. *Nixon*, 418 U.S. at 700; *see also United States* v. *R. Enterprises, Inc.*, 498 U.S. 292, 299 (1991) ("[I]n order to require production of information prior to trial, a party must make a reasonably specific request for information that would be both relevant and admissible at trial.").  In adopting this three-pronged test, the Supreme Court in *Nixon* cited with approval a similar test articulated by Judge Weinfeld in *United States* v. *Iozia*, 13 F.R.D. 335 (S.D.N.Y. 1952):

(1)  That the documents are evidentiary and relevant;

(2)  That they are not otherwise procurable by the defendant reasonably in advance of trial by the exercise of due diligence;

(3)  That the defendant cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial;

(4)  That the application is made in good faith and is not intended as a general fishing expedition.

*Id.* at 338; *see Nixon*, 418 U.S. at 699-700.

The rationale for imposing these limitations on pretrial (as opposed to trial) subpoenas under Rule 17(c) is that the rule is not intended as a discovery device, and an impermissible discovery motive is much more likely to underlie a subpoena calling for a return well in advance of trial than one issued for return the date trial is set to begin.  *See United States* v. *Amirnazmi*, 645 F.3d at 595; *United States* v. *Iozia*, 13 F.R.D. at 338 (making clear that pretrial production of materials under Rule 17(c), unlike trial production, can be ordered only if "good cause" is shown); *cf. Bowman Dairy Co.*, 341 U.S. at 220 ("Rule 17(c) was not intended to provide an additional means of discovery.  Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials.").

Notably, a proposed subpoena – like the one Field served on Bee and, indeed other parties – does not satisfy the *Nixon* three-pronged test if it seeks material that could be used at trial only to impeach a witness.  As the Supreme Court in *Nixon* observed, "[g]enerally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial."  418 U.S. at 701; *see also, e.g.*, *United States* v. *Nelson*, No. 10 Cr. 414 (PKC), 2011 WL 2207584, at *3 (S.D.N.Y. June 3, 2011) (denying permission to serve Rule 17(c) subpoena that

called only for impeachment material); *United States* v. *Boyle*, 2009 WL 484436, at *2 ("[T]o the extent defendant is seeking impeachment material, documents are not evidentiary for Rule 17(c) purposes if their use is limited to impeachment."); *United States* v. *Ferguson*, 2007 WL 2815068, at *3 (giving "defendants license to obtain possible impeachment materials would eviscerate Rule 17's limitations on criminal discovery, a result for which there is no support in *Nixon*"); *United States* v. *Nektalov*, 2004 WL 1574721, at *2; *United States* v. *Coriaty*, No. 99 Cr. 1251 (DAB), 2000 WL 1099920, at *7 (S.D.N.Y. Aug. 7, 2000); *United States* v. *Cherry*, 876 F. Supp. at 553 ("Courts have consistently interpreted the admissibility standard of Rule 17(c) to preclude production of materials whose evidentiary use is limited to impeachment.").

**Conclusion**

The Government has satisfied all its discovery obligations.  Moreover, Field's subpoena – which appears to be a classic fishing expedition – is not proper under Rule 17.

Respectfully submitted**,**

PREET BHARARA
United States Attorney
Southern District of New York

By:     /s/
Stanley J. Okula, Jr.
Nanette L. Davis
Niketh Velamoor
Assistant United States Attorneys
Tel.: (212) 637-1585/1117/1076

cc: Defense Counsel of Record
       By email

4