KOSTELANETZ & FINK, LLP
7 WORLD TRADE CENTER
NEW YORK, NEW YORK 10007

TEL: (212) 808-8100
FAX: (212) 808-8108
www.kflaw.com

September 19, 2013

The Honorable William H. Pauley III
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re: *U.S. v. Daugerdas, et al.*, S6 09 Cr. 581 (WHP)

Dear Judge Pauley:

      We write in further support of defendant Denis Field's motion to compel cooperating witness Charles Bee and his attorney, Michael Hueston, Esq., to comply with the trial subpoenas issued to them in connection with this matter (the "Bee subpoenas"). We also respond to the government's letter of September 17, 2013, in which the government objects to the Bee subpoenas and claims to have met its discovery obligations, thus apparently obviating the need for compliance by Mr. Bee or his counsel.

### A. Background

      In connection with the first trial of this matter, we issued trial subpoenas on behalf of Denis Field to counsel for all of the government's cooperating witnesses. In those subpoenas, we requested documents similar to those sought in the Bee subpoenas. In response to those trial subpoenas we obtained, among other things, information relevant to the agreements entered into between the government and its cooperating witnesses, including certain guidance provided by the government on how the witnesses should formulate their plea allocutions and assurances about the contents of the anticipated sentencing letter from the government under Sentencing Guidelines Section 5K1.1. None of that information had been provided to Mr. Field by the government. In addition, Mr. Field obtained by subpoena – not through the government's Jencks Act production – prior testimony of Paul Shanbrom, one of the government's witnesses, concerning the same tax shelters at issue in this case.

In preparation for this re-trial, Mr. Field has obtained by trial subpoena additional testimony of the government's witnesses, which, once again, was not provided to us in the government's Jencks Act production. That testimony includes the following:

1. Deposition testimony of Scott Univer, BDO's former General Counsel, in a matter captioned *BDO Seidman, LLP v. Morgan Lewis & Bockius, LLP*, in September 2011. In that deposition, Mr. Univer – in the presence of BDO's outside counsel, DLA Piper -- testified about the circumstances surrounding the edits to the memorandum prepared by Skadden, Arps, Slate, Meagher & Flom concerning the Tax Solution Group's practices and procedures.

In response to the trial subpoena issued to him, counsel for Mr. Univer indicated that he assumed we had been provided Mr. Univer's September 2011 testimony in the *BDO Seidman* litigation. Mr. Univer's counsel produced the transcript to Mr. Field after we informed him that we had no knowledge of that testimony.

2. Deposition testimony of cooperating witness Robert Greisman in connection with his divorce proceedings in 2005. In that deposition, which took place on two separate days in January and June 2005, Mr. Greisman discussed, among other things, the tax shelters he claimed on his personal tax returns. The Greisman testimony was obtained by issuing a trial subpoena directly to the reporting agency that transcribed the proceedings.

Mr. Greisman's attorneys responded to Mr. Field's trial subpoena on September 11, 2011. Among the materials provided in that response was an August 27, 2013, e-mail from Diana Erbson, Esq., an attorney at DLA Piper, informing Mr. Greisman's attorneys that we had been trying to obtain the deposition from the divorce proceeding. Ms. Erbsen wrote to ask Mr. Greisman's counsel if BDO had designated anything in the transcript as confidential. (See Exhibit A). Ms. Erbsen, to whom all BDO-related subpoenas are directed, is in direct communication with the government attorneys handling this prosecution. In her cover letters responding to subpoenas issued to BDO, for instance, Ms. Erbsen's practice is to copy Assistant United States Attorney Nanette Davis. (See examples attached as Exhibit B).

## B. Discussion

The Bee subpoenas were served on counsel for Mr. Bee on August 26, 2013. The Bee subpoenas were returnable on **September 9, 2013**, the first day of jury selection in this trial. The Bee subpoenas are, therefore, *trial* subpoenas; they are not "pretrial Rule 17(c) subpoenas", as the government's letter wrongly presumes, because they did not call for pre-trial production of any materials.

Because the government misapprehends the very nature of the Bee subpoenas, the legal arguments set forth in its letter in opposition to the Bee subpoenas are entirely inapposite. Federal Rule of Evidence 17 (c) provides that a "subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Accordingly, and as the government recognizes, a party may serve a *trial subpoena* under Rule 17 without leave of court, subject only to the limitation that any such subpoena may be quashed or modified "if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). The Court therefore should disregard the government's legal arguments opposing the Bee subpoenas, *all of which* wrongly misapprehend the fact that we are seeking an order to compel compliance with trial subpoenas.

In his letter opposing the Bee subpoenas, Mr. Hueston also misapprehends exactly what is sought by the subpoenas. The subpoenas are clear. They request, among other things, "***non-privileged** communications by Charles Bee*" and communications between Bee's counsel and the government. The subpoenas in no way seek privileged communications. Accordingly, any items identified in Mr. Hueston's privilege log that reflect communications solely between Mr. Hueston and/or any attorneys working on his behalf and Mr. Bee explicitly are *not* sought by the Bee subpoenas. Communications between Bee's counsel and third parties, such as the government and an insurance company, however, are not privileged and must be produced.

As we learned in court on September 18, 2013, it apparently has been the government's position that it is under no obligation to obtain its witnesses' prior testimony and statements, even when relevant to the issues in this case, and that its disclosure obligations are triggered only when the actual transcript or statement is in the government's possession.[1] As a result, Mr. Field has been forced to conduct a time-consuming investigation to locate such prior testimony. The government's efforts to block Mr. Field's ability to obtain such evidence should be rejected.

---

[1] Last evening, the government agreed to confirm that none of its witnesses has provided any other sworn testimony and/or statements on the subject matter of their testimony.

Hon. William H. Pauley III
September 19, 2013
Re: *U.S. v. Daugerdas, et al.*, S6 09 Cr. 581 (WHP)

## Conclusion

Trial subpoenas were properly served on Charles Bee and his counsel, Michael Hueston, Esq. There has been no showing that compliance with the subpoenas would be unreasonable or oppressive. The subpoenas therefore should be enforced and Messrs. Bee and Hueston should be compelled to produce promptly any responsive documents.

Respectfully submitted,

Sharon L. McCarthy

César de Castro, Esq.
The Law Firm of César de Castro
The Trump Building
40 Wall Street, 28th Floor
New York, New York 10005

*Attorneys for Denis Field*

cc: All Counsel of Record
(by e-mail)

# EXHIBIT A



CHRISTOPHER M. EGLESON
1.212.872.1039/fax: 212.872.1002
cegleson@akingump.com

September 11, 2013

VIA COURIER & ELECTRONIC MAIL

Sharon L. McCarthy
Kostelanetz & Fink, LLP
7 World Trade Center
New York, NY 10007

  Re: *United States v. Field*, No. 06-cr-582
     Response to Trial Subpoena Directed
     to Akin Gump Strauss Hauer & Feld LLP

Dear Sharon:

  Pursuant to the trial subpoena in the above-captioned matter directed to this Firm, and your subsequent conversation with Samidh Guha regarding the timing of production, please find enclosed a disc containing responsive documents. Additional documents responsive to the trial subpoena directed to Robert Greisman are being produced separately.

              Sincerely,

              Christopher M. Egleson

Enclosure

| | |
|---|---|
| From: | Hotz, Robert |
| To: | 'diana.erbsen@dlapiper.com' |
| CC: | Egleson, Christopher; Guha, Samidh |
| Sent: | 8/27/2013 2:01:36 PM |
| Subject: | Re: IRMO Greisman |
| Attachments: | image001.gif |

Diana,

RedAcTED                              I have copied my colleagues Chris Egleson and Samidh Guha who are handling this in my absence. Thanks.

Rob

From: Erbsen, Diana L. [mailto:diana.erbsen@dlapiper.com]
Sent: Tuesday, August 27, 2013 01:08 PM Eastern Standard Time
To: Hotz, Robert
Subject: IRMO Greisman


Hi. I understand that you represent Bob Greisman in connection with certain matters. This firm represents BDO. We are providing the correspondence below (and attached) for your consideration. I have spoken with Heather at Scheff in an effort to determine what, if anything, in Mr. Greisman's deposition was identified as confidential by BDO but Scheff felt that the Protective Order precluded them from even reviewing the transcript to make that determination. I believe they are awaiting a subpoena from Field's counsel. To the extent that you are aware that BDO did identify anything in the transcript as confidential, please let us know. Thank you.


Diana L. Erbsen
Partner


T +1 212.335.4956
F +1 212.884.8556
E diana.erbsen@dlapiper.com <mailto:diana.erbsen@dlapiper.com>


Description: Description: Description: DLA Piper Logo



DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor

New York, New York 10020-1104
United States
www.dlapiper.com <http://www.dlapiper.com>

Circular 230 Notice: In compliance with U.S. Treasury Regulations, please be advised that any tax advice given herein (or in any attachment) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another person any transaction or matter addressed herein.

From: Feldman, James H. [mailto:JFeldman@jenner.com]
<mailto:[mailto:JFeldman@jenner.com]>
Sent: Thursday, August 22, 2013 1:05 PM
To: Seth Friedman
Subject: FW: IRMO Greisman
Importance: High


To Seth Friedman:

I am writing to you as counsel for BDO. The court reporter in the Robert Greisman divorce has been subpoenaed to produce Mr. Greisman's deposition in that matter per the attached Subpoena/Order. As Mr. Greisman's attorney in his divorce, I have informed the court reporter of the existence of the Agreed Protective Order entered in the divorce case (see attached Agreed Protective Order and email below) and I am accordingly notifying you as required by the terms of the Protective Order.


I don't have current contact information for Mr. Greisman. I will do my best to notify him. If, however, you are able to notify him or his current attorney of the Subpoena/Order, I would greatly appreciate your passing this information along to Mr. Greisman or his attorney.


Thank you.

Jim Feldman



From: Feldman, James H.
Sent: Thursday, August 22, 2013 11:46 AM
To: scheffcsr@sbcglobal.net <mailto:scheffcsr@sbcglobal.net>
Subject: FW: IRMO Greisman
Importance: High


Please be advised that the attached Agreed Protective Order was entered in this divorce matter by Judge Jane Waller on October 14, 2003. We do not represent you or your firm, of course, and thus cannot advise you on the matter. Moreover, we no longer represent Mr. Greisman. We will, however,

attempt to notify Mr. Greisman of this development and we will also notify counsel for BDO.


Regards,

Jim Feldman



Rules governing our practice before the Internal Revenue Service require that we advise you that any tax advice in this communication (and any attachments) (i) is intended only for the addressee and (ii) is not written with the intent that it be used, and in fact it cannot be used, to avoid penalties imposed under the Internal Revenue Code or to promote, market, or recommend to another person any tax-related idea.

_____

James H. Feldman
Jenner & Block LLP
353 N. Clark Street Chicago, IL 60654-3456

Tel (312) 923-2780
Fax (312) 840-7780
JFeldman@jenner.com <mailto:JFeldman@jenner.com>

www.jenner.com <http://www.jenner.com/>


CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

_____



From: Jeannine Miyuskovich [mailto:scheffcsr@sbcglobal.net <mailto:scheffcsr@sbcglobal.net> ]
Sent: Wednesday, August 21, 2013 11:02 AM
To: Feldman, James H.
Cc: 'Jeannine'
Subject: IRMO Greisman
Importance: High


Mr. Feldman:


Our agency was contacted by Denis Field and his attorney Sharon McCarthy, who

both requested divorce deposition transcripts of Robert Greisman taken by my agency in 2005 to be used in a case in New York. Attorney McCarthy mentioned that she could subpoena said transcripts if we did not release them to her. Also, Attorney McCarthy asked if said transcripts were sealed at the time, and this is information that we do not have note of at least until we receive said transcripts from our reporters which were transcribed at the time.

Attorney McCarthy sent us the attached "Order" claiming it was signed by the Judge and to be paid by said Court. This looks nothing like Illinois Court Orders, and there is no official seal. Are we obligated to release said transcripts to her as we do not want to jeopardize the deponent's confidentiality or my agency/reporters.

Please let us know ASAP.

Sincerely,

Scheff & Associates, Inc.

221 North LaSalle Street | Suite 1950

Chicago, Illinois 60601

Tel. 312 214 1994 | Fax. 312 214 1995

Please visit our website at www.scheffreporting.com <http://www.scheffreporting.com/> where we now offer internet Scheduling and Ordering of Transcripts, iBinder Web Transcript Repository and Mobile Transcripts which can easily be viewed via iPhone, Blackberry and iPad.

* CONFIDENTIALITY NOTE:

The information contained in this communication, including attachments, is confidential, private, proprietary, or otherwise privileged and is intended only for the use of the addressee. Unauthorized use, disclosure, distribution or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify Scheff & Associates, Inc. immediately and delete this message and attachments, if any.

# EXHIBIT B



DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Diana L. Erbsen
diana.erbsen@dlapiper.com
T  212.335.4956
F  212.884.8556

September 9, 2013

**VIA HAND DELIVERY**

Sharon L. McCarthy, Esq.
Kostelanetz & Fink, LLP
7 World Trade Center
34th Floor
New York, NY 10007

Re: Subpoena to BDO Seidman, LLP dated July 16, 2013 in
United States of America v. Denis Field, S6 09 Cr. 581 (WHP)

Dear Ms. McCarthy:

On behalf of BDO USA LLP, formerly known as BDO Seidman, LLP, ("BDO"), we are writing in response to the subpoena served on BDO dated July 16, 2013 in the above referenced matter (the "Subpoena"). A copy of the Subpoena is enclosed as Exhibit A.

With regard to request numbers 1a and 1b of the Subpoena, enclosed as Exhibit B is a disc enclosing responsive documents that relate to 2001 through 2003. No other responsive documents were located. This disc is Bates stamped BDO DFCR 0016426 – BDO DFCR 0017634.

With regard to request number 1c of the Subpoena, a copy of Chris Leisner's personnel file is enclosed as Exhibit C. These documents are Bates stamped BDO DFCR 0017635 – BDO DFCR 0017722.

With regard to request numbers 1d and 1e of the Subpoena, no documents other than those previously produced have been located.

With regard to request number 2 of the Subpoena, no responsive documents have been located. However, enclosed as Exhibit D, are the following complaints which relate to clients that predate October 20, 2003 and which reference an event or events which may have occurred subsequent to that date:



- Complaint filed September 23, 2012 re: *James A. Cochran; Boyalik, LLC v. BDO USA, LLP,* Case No. 2012-L-011969;
- First Amended Complaint At Law filed July 5th, 2013 re: *Alan J. Kaufman; Sue E. Kaufman Lfenet, LLC; Bbrook, LLC; and Dralli, LLC; vs. BDO Seidman, L.L.P., et al.,* Case No. 2012-L-013292;
- Plaintiff's Complaint At Law filed July 6, 2009 re: *Shahid R. Khan; Ann C. Khan; Uviado LLC; Jonction LLC; and Leman LLC vs. BDO Seidman, et al.,* Case No. 09-L-139;
- Plaintiff's Motion for Leave To Join Party Defendant and File Amendment to Count X of Complaint at Law, Instanter dated March 3, 2011 re: *Shahid R. Khan, et al., vs. BDO Seidman, L.L.P., et al.,* Case No. 09-L-139;
- Plaintiff's Complaint at Law filed July 6, 2009 re: *Shahid R. Khan, et al., vs. BDO Seidman, L.L.P.,* Case No. 09-L-140;
- Plaintiffs' Motion for Leave to Join Party Defendant and File Amendment to Count X of Complaint at Law, Instanter dated March 3, 2011 re: *Shahid R. Khan, et al. vs. BDO Seidman, L.L.P., et al.,* Case No. 09-L-140;
- Plaintiffs' Fifth Amended Petition filed November 11, 2011 re: *R.K. Lowry, et al., vs. BDO Seidman, L.L.P., et al.,* Case No. 2008-74262;
- Second Amended Complaint filed October 12, 2010 re: *Glenn Nussdorf v. BDO Seidman, LLP, et al.,* Index No. 09-601359; and
- Complaint filed August 28, 2012 re: Richard Perlman; RP Capital Partners, LLC v. BDO USA, LLP, Case No. 2012-L-009773.

These documents are Bates stamped BDO DFCR 0017723 – BDO DFCR 0018420.

With regard to request number 3 of the Subpoena, responsive documents are enclosed as Exhibit E. These documents are redacted for responsiveness and are Bates stamped BDO DFCR 0018421 – BDO DFCR 0018429. Responsive documents may also be located within the documents Bates stamped BDO I 0000001- BDO I 0000739 and BDO W 0000001 – BDO W 0000456.

With regard to request numbers 4 and 5 of the Subpoena, responsive documents are located within the documents Bates stamped BDO M 0000001 – BDO M 0000403. The Pretrial Diversion Agreement (referred to as a Deferred prosecution Agreement in request number 5 of the Subpoena), is Bates stamped BDO M 0000285 – BDO M 0000292.

With regard to request number 6 a of the Subpoena responsive documents are located within the following Bates ranges: BDO B 0085031 – BDO B 0085891; BDO B 0112628 – BDO



Sharon L. McCarthy, Esq.
Kostelanetz & Fink, LLP
September 9, 2013
Page 3

B 0112631; BDO B 0122027 – BDO B 0122449; BDO B 0137471 - BDO B 0137474; and BDO C 0353758 – BDO C 0353762.

With regard to request number 6 b of the Subpoena, responsive documents are located within the following Bates ranges: BDO B 0050218 – BDO B 0051666, BDO B 0117699 – BDO B 0118082, BDO B 0134659 – BDO B 0134662, and BDO E 0000204 – BDO E 0000225.

With regard to request number 6 c of the Subpoena, responsive documents are located within the following Bates ranges: BDO B 0087243 – BDO M 0088060, BDO B 0112645 – BDO B 0112645, BDO B 0122639 – BDO B 0122690, and BDO B 0137485 – BDO B 0137486.

With regard to request number 6 d of the Subpoena, responsive documents are located in the following Bates ranges: BDO B 0092747 – BDO B 0095132, BDO B 0124671 – BDO B 0124836, BDO B 0137548 – BDO B 0137557 and BDO E 0001949 – BDO E 0001959.

With regard to request number 7 of the Subpoena, no responsive recordings have been located. However, in the course of searching for such recordings, two additional recordings responsive to request number 6 of the subpoena dated December 20, 2010 (a copy of which is attached as Exhibit F) were located and two discs are enclosed as Exhibit G. These discs are Bates stamped BDO DFCR 0018430 and BDO DFCR 0018431.

As always, please do not hesitate to contact me with any questions or comments.

Very truly yours,

Diana L. Erbsen

Enclosures

cc: Nanette Davis, Esq.



DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Diana L. Erbsen
diana.erbsen@dlapiper.com
T  212.335.4956
F  212.884.8556

July 11, 2013

**VIA HAND**

Sharon L. McCarthy, Esq.
Kostelanetz & Fink, LLP
7 World Trade Center
34th Floor
New York, New York 10007

Re: **Subpoena to BDO Seidman, LLP dated May 17, 2013 in United States of America v. Denis Field, S5 09 Cr. 581 (WHP)**

Dear Ms. McCarthy:

On behalf of BDO Seidman LLP ("BDO"), as we discussed, we are responding to the attached subpoena dated May 17, 2013 (the "Subpoena"), issued pursuant to the Court's Order dated May 16, 2013 (the "Order"), a copy of which is also attached.[1]

The Order seems to be limited to items withheld pursuant to the attorney client privilege when previously requested in Rule 17(c) subpoenas and most of the requests in the Subpoena are similar to previous requests. However, to the best of our knowledge, request numbers 1a and 1b of the Subpoena have not been requested. Moreover, these requests are extraordinarily broad.

---

[1] The Order was issued in response to defendant Denis Field's ex parte motion for permission to issue Rule 17(c) subpoenas to BDO and others. We note that that the first sentence of the "Background" section of the Order states that "Prior to the first trial of this case, Field moved for permission to subpoena [BDO] seeking inter alia, legal advice and opinions provided to BDO and its employees about the fraudulent tax shelters during the period of 1997 through 2003. In response, [BDO] declined to provide any responsive documents and asserted attorney-client privilege. Field did not move to compel compliance with those subpoenas." We believe this statement to be inaccurate, as BDO responded in good faith to each subpoena and provided (or identified the Bates range of) documents in response to each subpoena (with the exception of one to which Fields' counsel advised BDO's counsel by email that no reply was required), including one dated December 20, 2010 which requested "Opinions or other communications from any outside counsel to BDO concerning the validity or non-validity of the tax shelter transactions under law, concerning any requirements or possibility that the tax shelter transaction were "listed" transactions under 26 CFR, concerning any requirement or possibility that the tax shelter transactions should be treated as "reportable transactions under 26 C.F.R. 1.6011-4T, and/or concerning either potential or actual litigation with the government or with clients over the tax shelter transactions." Documents responsive to this request were identified in a response dated January 20, 2011 and in supplemental responses dated February 2, 2011 and March 3, 2011.



Sharon L. McCarthy, Esq.<br>
Kostelanetz & Fink, LLP<br>
July 11, 2013<br>
Page 2

With regard to request number 1c of the Subpoena, documents responsive to similar requests were produced (or identified) in response to subpoenas dated February 25, 2011 (request nos. 1 and 2) and March 25, 2011 (request nos. 1 and 3). Although no responsive documents were withheld pursuant to attorney-client privilege, within the documents Bates stamped BDO F 0001747 – BDO F 0002376 (R. Greisman notebooks), within the documents Bates stamped BDO DFCR 0007477 – BDO DFCR 0007579 (1999 Board minutes), within the documents Bates stamped BDO F 0001442 – BDO F 0001555 (Minutes) and within the documents Bates stamped BDO F 0001556 – BDO F 0001632 (Risk Management Committee Minutes) certain documents were redacted pursuant to the attorney-client privilege. In response to request number 1c of the Subpoena, included on the enclosed disc are:

* a complete set of the documents previously Bates stamped BDO F 0001747 – BDO F 0002376 (R. Greisman notebooks), now redacted only for responsiveness and Bates stamped BDO DFCR 0007821 – BDO DFCR 0008450;

* a complete and unredacted set of the documents previously Bates stamped BDO DFCR 0007477 – BDO DFCR 0007579 (1999 Board minutes), now Bates stamped BDO DFCR 0008451 – BDO DFCR 0008553; and

* a complete set of the documents previously Bates stamped BDO F 0001442 – BDO F 0001555 (Minutes) and BDO F 0001556 – BDO F 0001632 (Risk Management Committee Minutes), now redacted only for responsiveness (in terms of date restrictions) and Bates stamped BDO DFCR 0008554 – BDO DFCR 0008663 and BDO DFCR 0008664 – BDO DFCR 0008740, respectively.

With regard to request number 1d of the Subpoena, documents responsive to a similar request were produced (or identified) in response to subpoenas dated December 20, 2010 (request no. 1). No documents were withheld pursuant to the attorney-client privilege.

With regard to request number 1e of the Subpoena, documents responsive to a similar request were produced (or identified) in response to subpoenas dated December 20, 2010 (request no. 2). No documents were withheld pursuant to the attorney-client privilege.

With regard to request number 1f of the Subpoena, as indicated in response to a similar request in a subpoena dated December 20, 2010 (request no. 3), no responsive documents were identified.

With regard to request number 1g of the Subpoena, documents responsive to a similar request were produced (or identified) in response to a subpoena dated December 20, 2010 (request no. 4). No documents were intentionally withheld pursuant to the attorney-client privilege. However, in the course of responding to the Subpoena, we have identified certain



Sharon L. McCarthy, Esq.<br>
Kostelanetz & Fink, LLP<br>
July 11, 2013<br>
Page 3

documents that we believe are responsive to the initial request and should have been withheld pursuant to attorney-client privilege. These documents are included on the enclosed disc and Bates stamped BDO DFCR 0008741 – BDO DFCR 0008966.

With regard to request number 1h of the Subpoena, documents responsive to a similar request were produced (or identified) in response to a subpoena dated December 20, 2010 (request no. 5). No documents were withheld pursuant to attorney-client privilege.

With regard to request number 1i of the Subpoena, documents responsive to a similar request were produced (or identified) in response to a subpoena dated February 28, 2011. No documents were withheld pursuant to attorney-client privilege.

With regard to request number 1j of the Subpoena, BDO is attempting to locate responsive documents and we will endeavor to produce any responsive documents as soon as possible.

With regard to request number 1k of the Subpoena, documents responsive to similar requests were produced (or identified) in response to subpoenas dated February 28, 2011 (request no. 3), and March 25, 2011 (request no. 2). No documents were withheld pursuant to attorney-client privilege.

With regard to request number 2 of the Subpoena, a similar request was made on April 12, 2011 and on April 18, 2011 BDO was advised that no response was required. Responsive documents are included on the enclosed disc and Bates stamped BDO DFCR 0000008967 – BDO DFCR 00016425. These documents are only redacted for responsiveness and to remove preexisting Bates stamps. Responsive documents may also be located within the following Bates ranges: BDO H 0000001 – BDO H 0000354, BDO K 0000001 – BDO K 004940, and BDO N 0000001 – BDO N 0007336.

As always, please do not hesitate to contact me with any questions or comments.

Very truly yours,

Diana L. Erbsen

Enclosures
cc: Nanette Davis, Esq.