**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 8, 2013

**VIA EMAIL/ECF**

The Honorable William H. Pauley III
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    United States v. Paul Daugerdas, et ano.
                  S6 09 Cr. 581 (WHP)

Dear Judge Pauley:

    The United States respectfully submits this letter in opposition of Defendant Field's motion to preclude the testimony of two key witnesses, Fred Goldberg and Scott Univer, due to alleged violations of the Jencks Act. As we demonstrate below, because Field's motion has no basis in law or fact, the motion should be denied.

    1.    **Background**

    Over the course of the preparation and litigation of two criminal trials in this case, the United States has amassed and produced to the defense more than 22 three-inch binders worth of material comprising Jencks or "3500" materials. See 18 U.S.C. § 3500. The United States continues to produce 3500 materials on a rolling basis to the defense as such materials are created and/or received by it. Defendant Field has obtained via Rule 17(c) two additional statements of two witnesses, one for Scott Univer and one for Fred Goldberg, which Field contends that the Government should have but deliberately did not obtain from DLA Piper, the attorneys for BDO Seidman and produce. Field also contends that the Government should have produced as 3500 material a February 18, 2010 affidavit of Scott Univer's relating to his representation by the law firm of Gibson Dunn & Crutcher, submitted in malpractice litigation in BDO Seidman LLP v. Morgan Lewis & Bockius, Civil No. 9640-09M (currently on appeal to the D.C. Court of Appeals from the District of Columbia Superior Court).

    2.    **Discussion**

    The Jencks Act, 18 U.S.C. § 3500, provides in pertinent part that the Government is required to produce, following the direct examination of a witness, any statement of the witness "in the possession of the United States" that relates to the subject matter of the testimony of the witness.

See also Fed. R. Crim. P. 26.2.  Turning to the specific items at issue, and dealing with the Gibson Dunn affidavit first, the February 18, 2010 Univer affidavit, attached as part of Exhibit D to defendant Field's letter motion, relates to the personal representation of Scott Univer by the law firm of Gibson, Dunn & Crutcher, which was apparently submitted in support of a motion to disqualify the law firm of Gibson Dunn representing Morgan Lewis & Bockius in the malpractice proceeding.  The subject matter of this affidavit – the circumstances of Mr. Univer's retention of Gibson Dunn -- is unrelated to the subject matter of Univer's testimony about his role with respect to the Skadden Arps engagement and therefore does not constitute a "statement that relates to the subject matter of the witness's testimony" within the purview of the Jencks Act.  See United States v. Nosworthy, 2012 WL 1193715, 475 Fed. Appx. 347, 353 (2d Cir. 2012) (summary order) ("[A] witness's statement 'must at least relate generally to the events and activities testified to before the statement must be produced' pursuant to the Jencks Act.") (quoting United States v. Pacelli 491 F.2d 1108, 1118 (2d Cir. 1974)).  Notably, although Field does not so state, the other affidavit contained within Exhibit D – a November 3, 2008 affidavit submitted by Univer in the arbitration proceeding brought by Charles Bee and Adrian against BDO – does relate to the subject matter of Mr. Univer's testimony and therefore was marked and produced prior to the first trial in this matter as GX 3500-84-G along with the accompanying exhibits.

The other two items – deposition transcripts of Univer and Goldberg from the BDO v. Morgan Lewis & Bockius litigation – constitute statements of the witnesses relating to the subject matter of their respective testimonies.  However, the statements were not in the possession of the Government, as BDO did not produce those deposition transcripts to the United States until the service of the trial subpoena by defendant Field.  See United States v. Rigas, 583 F.3d 108 (2d Cir. 2009) (U.S. Attorney's Office not in possession of SEC interview notes and "did not have an obligation to disclose what they did not possess").  Nor did the Government understand at any time that there would be or had been testimony in the malpractice claim proceeding between BDO and Morgan Lewis & Bockius about the Skadden Arps engagement, which was a wholly separate and distinct engagement by a different law firm.[1]  While the Government was provided with periodic updates about the malpractice claim litigation, BDO's counsel neither notified the Government about the depositions nor provided copies of the deposition transcripts of Univer and Goldberg.  And because of the disparate nature of the two engagements, it did not occur to the undersigned to inquire whether witnesses in the malpractice claim litigation were testifying about the unrelated Skadden Arps engagement.  Moreover, neither Mr. Univer's counsel nor Mr. Goldberg's counsel advised the Government that their respective clients had been deposed in the malpractice litigation.  In hindsight, although the Government should have inquired whether either had been deposed in the Morgan Lewis litigation about the Skadden Arps engagement, the failure to do so was not deliberate and defendant Field has produced no evidence to the contrary.

---

[1] The Government did not introduce any evidence relating to the Morgan Lewis trial in the first trial and will not seek to introduce any evidence relating the Morgan Lewis engagement at this trial in its case-in-chief.

Finally, defendant Field cites to no authority for the novel proposition that there can be a prospective Jencks violation, *viz.*, that the United States can be sanctioned for violating the defendant's rights under the Jencks Act when the defendant is in actual possession of the statements prior to (indeed well prior to) the witnesses' testimony. The exclusionary sanctions of the Jencks Act are reserved for situations where the Government elects not to produce a statement after direct examination of the witness upon order of the court. 18 U.S.C. § 3500(d). Even in situations where the Government has tardily produced Jencks materials during trial, courts have found that other remedies besides striking the witnesses' testimony are appropriate, such as permitting the defendant to recall the witness for additional cross-examination. See United States v. Wables, 731 F.2d 440 (7th Cir. 1984) (where government may have violated the Jencks Act merely through oversight or negligence, trial court may formulate such remedy as justice may require under the circumstances) (citing United States v. Pope, 574 F.2d 320 (6th Cir. 1978); United States v. Tashjian, 660 F.2d 829 (1st Cir. 1981); United States v. Principe, 499 F.2d 1135, 1139 (1st Cir. 1974)). Indeed, defendant Field does not even argue that the deposition transcripts constitute favorable material to him. Nor could he for the deposition statements by Univer and Goldberg essentially recap most of the aspects of their trial testimony. The totality of the circumstances show that no prejudice has been identified or suffered by defendant Field; thus, no remedies are necessary.

### 3. Conclusion

No basis exists to preclude Scott Univer and Fred Goldberg's testimony. The defendant is in possession of their deposition transcripts prior to their testimony and can fully cross-examine the witnesses thereupon.

        Respectfully submitted**,**

        PREET BHARARA
        United States Attorney
        Southern District of New York

By:   /s /Nanette L. Davis_____
       Stanley J. Okula, Jr.
       Nanette L. Davis
       Niketh Velamoor
       Assistant United States Attorneys
       Tel.: (212) 637-0054 (during trial)

cc:    Defense Counsel of Record
       Via Email & ECF