

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 24, 2013

<u>BY EMAIL</u>

The Honorable William H. Pauley
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

       Re:    <u>United States v. Paul Daugerdas, *et ano*</u>
               S6 09 Cr. 581 (WHP)

Dear Judge Pauley:

       The United States respectfully submits this letter in opposition to the defendant Daugerdas's motion to preclude the Government from arguing in closing, based on the evidence already admitted in this case, that Jenkens & Gilchrist used a letter of authorization signed by Matthew Coleman in 2001 to create, without the need for a new signature by Coleman, a different letter of authorization in 2002.   For the reasons set forth below, there is more than sufficient evidence in the record – with and without any testimony by Coleman – to permit the Government to make such an argument.   Therefore, the defendant's motion should be denied.

**<u>Background</u>**

       During the testimony of Carrie Yackee, the Government admitted a series of exhibits reflecting letters of authorization signed by Matthew Coleman.   In particular, the Government admitted the following:

     (1) GX 401-78, which is both a letter of authorization to purchase and a letter of authorization to sell Cisco stock/marketable securities.   Both letters reflect a signature by Coleman.   Although both signed by Coleman, the signatures on these two documents clearly appear, on their face, to be different from each other.   Both letters of authorization also include FAX headers indicating that the letters of authorization were faxed on December 28, 2001.

(2) GX 24-22, which is a letter of authorization to purchase Canadian currency. The letter reflects a signature by Coleman.   On its face, the signature on this document is clearly the same as the signature on the letter of authorization to purchase that is included in GX 401-78.   This letter of authorization includes a FAX header indicating that it was faxed on February 11, 2002.

(3) GX 24-23, which is a letter of authorization to sell foreign currency.   The letter reflects a signature by Coleman.   On its face, the signature on this document is clearly the same as the signature on the letter of authorization to sell that is included in GX 401-78.   This letter of authorization also includes a FAX header indicating that it was faxed on February 11, 2002.

Matthew Coleman offered additional testimony about these documents.   First, he confirmed that the signatures on both letters of authorization contained in GX 401-78 were his. He was also asked to compare the signatures on the two authorizations to purchase, contained in GX 401-78 and GX 24-22. Coleman's conclusion was that they were "the same signature." (Trial Tr. 5872-73.)   Coleman was also asked to compare the signatures on the two authorizations to sell, contained in GX 401-78 and GX 24-23.   Coleman's conclusion again was that they were "the same signature." (Tr. 5873.)

## Analysis

The Government should be free to argue that Jenkens & Gilchrist used a letter of authorization signed by Matthew Coleman in 2001 to create, without the need for a new signature by Coleman, a different letter of authorization in 2002.   The Government should be permitted to make this argument based solely on the letters of authorization themselves, since the Second Circuit has held that a jury is free to draw conclusions from its own comparison of handwriting samples. See United States v. Samet, 466 F.3d 251, 255 (2d Cir. 2006) (noting that a jury is capable of making handwriting comparisons).   If a jury is free to make such a comparison itself, there is no question that the Government ought to be permitted to argue its view as to what the jury should conclude from such a comparison.

The Government should also be free to argue that Coleman's testimony provides additional support for the Government's argument.   The Government (and the defense) has broad latitude in the inferences it may suggest to the jury during summation.   See United States v. Casamento, 887 F.2d 1141, 1189 (2d Cir. 1989); United States v. Suarez, 588 F.2d 352, 354 (2d Cir. 1978).   Here, one entirely reasonable interpretation of Mr. Coleman's testimony that the signatures were the "same" is that the signatures were, literally, the same.   The defense may believe differently, and is free to argue that Mr. Coleman's testimony should properly be interpreted as saying only that he made both signatures.   But the defendant's claim that it would be unfair for the Government to argue its interpretation has no basis in the law.   See United States v. Morgan, 385 F.3d 196, 204 (2d Cir. 2004) ("it is the task of the jury, not the court, to choose among competing inferences").

## Conclusion

Therefore, the defendant's motion to limit the Government's closing argument should be denied.

Respectfully submitted,

PREET BHARARA
United States Attorney
Southern District of New York

By: __/s/ Niketh Velamoor_____
Stanley J. Okula, Jr.
Nanette L. Davis
Niketh Velamoor
Assistant United States Attorneys
Tel.: (212) 637-1585/1117/1076

cc: Defense Counsel of Record
By email

3