

305 Madison Avenue
New York, NY 10165
T: 212-922-1080
F: 212-949-8255

Henry E. Mazurek
Brian D. Linder
mazurek@clayro.com
linder@clayro.com

October 23, 2013

Honorable William H. Pauley, III
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

      Re:    <u>United States v. Paul Daugerdas, S6 09-CR-581 (WHP)</u>

Dear Judge Pauley:

      This firm represents defendant Paul Daugerdas in the referenced matter. We write concerning certain elements of the Court's proposed jury charge.[1]

    A.    This Court Should Supplement Its
         <u>Introduction to the Tax Evasion Charge</u>

      This Court provided the jury with a brief introduction concerning federal tax laws at Mr. Daugerdas' first trial.  Among other things, this Court told the jury generally that income tax laws are constitutional and valid, everyone has a legal obligation to pay taxes, taxpayers are entitled to arrange their affairs in any lawful manner to minimize tax obligations, some people minimize their tax obligations through tax shelters (some of which are legal and some of which are not) and a tax shelter is "a financial transaction, or a series of transactions, that offers substantial tax savings as one its main benefits."

      In light of the length of the trial herein and the number and complexity of the factual and legal tax questions presented, we respectfully submit that the jury would benefit from a more robust introduction to federal tax laws and the substantive tax evasion charge.  In particular, we respectfully submit that this Court should adopt Judge Kaplan's general introduction in <u>Stein</u> and provide same to the jury.  A copy of Judge

---

[1]    Defendant Denis Field joins in the instant application.  In addition, defendant Daugerdas joins in the letter application by defendant Field opposing the government's request for a <u>Pinkerton</u> charge.

Hon. William H. Pauley III
October 23, 2013
Page 2 of 4

Kaplan's introduction in <u>Stein</u> is attached as Exhibit 1. For the Court's convenience, we have prepared a proposed "General Instructions on Criminal Tax Law" based on this Court's introduction in Mr. Daugerdas' first trial and Judge Kaplan's introduction in <u>Stein</u>, and attach that proposed introduction as Exhibit 2. Some of the principles may be common and familiar to the jurors from their experiences in preparing and filing tax returns. But they are still worth noting in this difficult and multifaceted case and, in fact, are consistent with the well-accepted principle that jurors should not leave their common sense at the courthouse door. Moreover, providing such a general instruction will level the information playing field for those jurors who are not as familiar with these tax concepts as are other jurors.

      B.      This Court Should Revise Its Instruction
             Concerning "Economic Substance"

This Court instructed the jury at Mr. Daugerdas' first trial with regard to transactions that lack "economic substance" as part of its broader charge concerning the first element of substantive tax evasion (substantive tax due and owing). More particularly, this Court instructed that a "transaction lacks economic substance" if the government proves <u>both</u> of the following beyond a reasonable doubt: (1) "that the relevant taxpayer had no business purpose for engaging in the transaction in question apart from the creation of a tax deduction"; and (2) "that there was no reasonable possibility that the transaction would result in a profit." With regard to the second component ("reasonable possibility of profit") this Court further explained as follows:

> Now, as I mentioned, the second component of the economic substance test that the Government must prove beyond a reasonable doubt is that there was no reasonable possibility that the tax shelter in question would result in a profit. *The word "profit" in this context means a return in excess of all of the costs and fees incurred by the taxpayer in connection with entering into the <u>tax shelter</u>, disregarding entirely any tax benefits*.

(emphasis added.)

We respectfully submit that this Court should adopt Judge Kaplan's definition of "profit" from <u>Stein</u> (profit means "a return in excess of the cost of the investment") and incorporate it into the jury charge herein. Significantly, the Second Circuit already considered and specifically affirmed Judge Kaplan's jury charge concerning "profit." <u>See</u> <u>United States v. Pfaff</u>, 2010 WL 4188245 (2d Cir. Oct. 26, 2010).

Accordingly, based on Judge Kaplan's charge in <u>Stein</u> and this Court's charge in Mr. Daugerdas' first trial, it is respectfully submitted that this Court should charge the jury as follows concerning "profit":

> The word "profit" in this context means a return in excess of all of the costs and fees incurred by the taxpayer in connection with entering into the investment, disregarding entirely any tax benefits. For example, if someone invests $1,000,000 in a transaction, he would have to get a return of more than $1,000,000 without considering any tax benefits for that transaction to be profitable. Likewise, a return of $750,000 on a $1,000,000 investment would result in a $250,000 loss, not a profit. That's what profit means. It's common sense. Forget about the tax benefits. Instead, look at the investment and the return on that investment.

C.  This Court Should Modify Its Good Faith Instruction for Tax Evasion

At the first trial, the Court instructed the jury on the relationship between the Jenkens & Gilchrist tax opinion letters and the question of the defendants' good faith with respect to the objective prong of the economic substance doctrine. We respectfully request that the Court also include the following guidance to the jury on the relationship between the tax opinion letters and the subjective prong of the economic substance doctrine.

> If you find that Mr. Daugerdas believed that he could send a more likely than not legal opinion letter to a client so long as he instructed the client on the non-tax business purpose requirement of the economic substance test, regardless of the taxpayer's real motives for entering into the tax shelter, then you may not find that he acted willfully to violate a known legal duty.

> In other words, you may not find that Mr. Daugerdas acted willfully to violate a known legal duty if he had a good faith belief that once he advised the taxpayer that a non-tax business purpose for entering into the tax shelter was needed for tax benefits to arise, his legal duty was satisfied as to this part of the economic substance test. If Mr. Daugerdas had this good faith belief, it did not matter if the taxpayer never formed this motive. If Mr. Daugerdas believed that he could render a tax opinion based on his advice to the taxpayer that the taxpayer needed to have this non-tax business purpose to take the tax benefits, you must find him not guilty.

Hon. William H. Pauley III
October 23, 2013
Page 4 of 4

### D.  This Court Should Enhance Its Mail Fraud Charge

This Court's charge for mail fraud at Mr. Daugerdas' first trial involved four components: (1) scheme or artifice to defraud; (2) specific intent; (3) use of the mails; and (4) "affected a financial institution."  We respectfully submit that that mail fraud charge should be enhanced in two respects.

First, the charge section concerning "specific intent" does not incorporate any language concerning Mr. Daugerdas' good faith defense.  It should.  We therefore respectfully submit that the Court should add the following language to the "specific intent" section of its mail fraud charge:

> The defendants contend that they did not have the specific intent to defraud the IRS because they believed in good faith that it was reasonable for taxpayers who engaged in the tax shelters at issue in this trial to include the tax benefits from those tax shelters on their tax returns.  The defendants also contend that they did not knowingly and willfully make material misrepresentations to the IRS in defending clients' tax positions with the IRS.

Thank you for attention to this matter.

Respectfully submitted,

//s//

Brian D. Linder

cc:     All Counsel of Record