USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/13/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

- against -

PAUL M. DAUGERDAS,

                Defendant.
------------------------------------------------------------X

S6 09 Cr. 581 (WHP)

ORDER

WILLIAM H. PAULEY III, United States District Judge:

      By letters dated May 5 and 12, 2014, Daugerdas sets forth his position that a <u>Fatico</u> hearing relating to his alleged fraudulent conversion of tax shelter-related fees between 1994 and 1999. By memorandum dated May 9, 2014, the Government set forth what it expected the hearing evidence will show and reiterated its belief that a <u>Fatico</u> hearing is appropriate and necessary. Daugerdas concedes that he received the tax shelter-related fees at issue but disputes that he fraudulently converted them from his partners and employers. Such a dispute is properly determined with a <u>Fatico</u> hearing.

      Daguerdas "contests the use of preponderance of evidence findings by a judge and not a jury in determining that uncharged criminal conduct <u>must enhance</u> a sentence being imposed on other charged conduct." (Deft's Ltr. dated May 12, 2014 at 3 (emphasis added).) But the Government does not propose that this Court <u>must enhance</u> Daugerdas's sentence if the Government meet its <u>Fatico</u> burden, only that it <u>may</u> consider such conduct when fashioning an appropriate sentence. Evidence of further fraudulent conduct, the Government argues, provides context to Daugerdas's history and characteristics. <u>See</u> 18 U.S.C § 3553(a)(1). This Court agrees.

It is fundamental that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." Alleyne v. United States, 133 S.Ct. 2151, 2155 (2013) (citing Apprendi v. New Jersey, 530 U.S. 466, 483 n.10 (2000). Daugerdas's proposal would require a jury to determine every fact considered by a sentencing judge. But Apprendi and its progeny do not turn criminal trials into an extensive interrogatory requiring the jury to answer every question relevant for sentencing. Rather, they reinforce the notion that "[t]he judge's role in sentencing is constrained at its outer limits by the facts alleged in the indictment and found by the jury." Apprendi, 530 U.S. at 483 n.10.

For the foregoing reasons, this Court denies Paul Daugerdas's application to forego a Fatico hearing. The hearing will go forward on May 15, 2014 at 11:00 a.m.

Dated: May 13, 2014
     New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*All Counsel of Record*