UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :

UNITED STATES OF AMERICA,         :

      - v. -                  :       S6 09 Cr. 581 (WHP)

PAUL DAUGERDAS,             :

                            :

            Defendant.

                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
## <u>DEFENDANT DAUGERDAS'S MOTION FOR BAIL PENDING APPEAL</u>


 

 

                                             **PREET BHARARA**
                                             **United States Attorney for the Southern**
                                             **District of New York**

**STANLEY J. OKULA, JR.,**
**NANETTE L. DAVIS,**
**Assistant United States Attorneys**

      **- Of Counsel -**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
UNITED STATES OF AMERICA,                           :

        - v. -                                      :        S6 09 Cr. 581 (WHP)

PAUL DAUGERDAS,                                     :

                                                    :
                Defendant.
                                                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
## DEFENDANT DAUGERDAS'S MOTION FOR BAIL PENDING APPEAL

The United States respectfully submits this memorandum in opposition to the motion of defendant Paul Daugerdas ("Daugerdas" or "the defendant"), seeking bail pending appeal. Although Daugerdas purports to identify several allegedly "close" legal questions that he maintains would require reversal if decided in his favor, his argument essentially reduces to two basic claims: (i) the Court's instructions concerning the "annual accounting rule" were erroneous; and (ii) the Government's rebuttal summation arguments concerning the illegal backdating activity constituted a constructive amendment of the indictment.

Daugerdas's arguments are completely meritless and do not constitute "close" appellate issues. His complaint about the basics of the "annual accounting" rule does not present a "close" legal question because he leveled no objection to the Court's principal instruction concerning that rule. Moreover, the supplemental jury instructions present no close legal question because those instructions correctly stated the law as applied to the facts of this case.

Finally, Daugerdas's constructive amendment argument is frivolous for the very reason articulated by this Court in rejecting that argument in the context of Daugerdas's post-trial motions --- viz., no viable constructive amendment claim can lie where the indictment explicitly contains the allegations complained of, albeit as a subset of multiple allegations of fraud contained in the Indictment. Accordingly, Daugerdas's attempt to escape the force of the statutory structure that requires his incarceration pending appeal should be rejected.

## I.   RELEVANT FACTS

### A.   The "Annual Accounting Rule" Instructions

The Court instructed the jury as follows during its main jury charge:

> A conspiracy to impede the functions of the IRS by fraud or dishonest means may include, by way of example, such things as agreements to destroy documentation of income, to destroy records, to transfer money or to take other action in an attempt to conceal ownership of income or property, to create false documentation, to attempt to influence witnesses, or to engage in any other fraudulent or deceptive conduct that would have the effect of impairing the ability of the IRS to collect tax revenue. **Such conduct can also include falsifying the date of a transaction for tax purposes. In this regard, I instruct you that the income tax laws that are administered on the basis of an annual accounting system, which prohibits the reopening of a prior year's tax return to take account of events occurring in later years.**

(Trial II Tr. 7667) (emphasis added).   Daugerdas lodged no objection to the foregoing language, thus implicitly acknowledging the legal propriety of the instruction.   See also Tr. 7754 (Daugerdas counsel arguing that "annual accounting rule" instruction was litigated in connection with prior trial and to alter it would be "improper").

During deliberations, the jury asked a three-part question regarding the annual accounting rule: (1) Is the annual accounting rule a part of the internal revenue laws?; (2) Are the internal revenue laws "in fact, laws or are they simply a position taken by the IRS?"; and (3) Is there a law

or rule within the internal revenue laws that can be considered contradictory to the annual accounting rules cited [in the Court's charge]?"   (Court Exhibit 17).

In response to these questions, Daugerdas did not take the position that the annual accounting rule was non-existent, or that the Court should instruct the jury that there is no such thing as the "annual accounting rule."   Instead, consistent with the position he took with respect to the Court's initial jury instructions, Daugerdas conceded the existence of the rule and contended only, in essence, that the rule was formulated by the Courts, although predicated on provisions in the Code.   (Tr. 7771) (Daugerdas Counsel: "This rule, or so-called rule that has been developed by the government in this case, it comes from a series of nine cases that they cited to in their original proposed jury instructions."); see also (Tr. 7756) (Daugerdas Counsel: "I think the annual accounting rule is what it is, as reported in these cases.").

Given Daugerdas's positions, and other arguments and proposed language he suggested, the Court responded to the jury's inquiry by answering the aforementioned questions, respectively, (1) "Yes"; (2) that the internal revenue laws are laws and not just positions of the IRS; and (3) "the law that I gave you concerning the annual accounting rule at page 36 and in my supplemental instruction is the law that should govern your deliberations.   The application of this rule depends on the particular facts of each case.   In some instances you have heard about as-of reporting. And it may be proper under the internal revenue laws, if the transaction reported on the as-of date actually occurred on that date.   On the other hand, it would violate the internal revenue laws to report a transaction that occurred in a subsequent year as occurring during the prior year."   (Tr. 7791-92).   Because the answers provided by the Court to Questions Two and Three were largely predicated on language suggested by Daugerdas (Tr. 7780; 7784), Daugerdas objected only to the

Court's formulation of the answer to Question One when the Court announced how it proposed to answer the three questions noted above.   (Tr. 7787-88).

> **B.**    **Daugerdas's Bail Arguments**

Reversing the positions he took with respect to the Court's initial "annual accounting" instruction, Daugerdas now contends that the rule is non-existent; that the Court's instruction was error because it did not make clear that exceptions to the rule exist (although he does not explain how any of those statutory exceptions apply in this case); that the jury should have been informed about the "source" of the law --- that is, according to Daugerdas, that it was created by the courts; and that providing a copy of the Court's supplemental instruction was error.   (Daugerdas Ltr. Br. at 9-12.).   Daugerdas also challenges the Court's instruction with respect to "settlement dates" and "as of" reporting wherein the Court instructed the jury that the propriety of claiming on a tax return an "as-of" dated transaction that had a settlement date in a later tax year depended on the facts of the case – that is, when the transaction actually happened.   (Tr. 7752; 7758).

None of these arguments has merit.

## II.    GOVERNING LEGAL PRINCIPLES

> **A.**    **Bail Pending Appeal**

The standards governing release pending appeal are set forth in Title 18, United States Code, Section 3143(b), which provides that a court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment" be detained pending appeal unless the judicial officer finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community if released," and "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—(i) reversal, (ii)

an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b).

The foregoing provision gives effect to Congress's view that "[o]nce a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even to permit it in the absence of exceptional circumstances."  United States v. Miller, 753 F.2d 19, 2h2 (3d Cir. 1985) (quoting H. Rep. No. 907, 91st Cong., 2d Sess. 186-87 (1970)). Following a guilty verdict and sentencing, there is a "presumption in favor of detention."  United States v. Abuhamra, 389 F.3d 309, 319 (2d Cir. 2004).   It is the defendant's burden to "rebut that presumption with clear and convincing evidence."  Id.

Under the second prong of this standard, a "substantial question" is "a 'close' question or one that very well could be decided the other way."  United States v. Randell, 761 F.2d 122, 125 (2d Cir. 1985) (quoting United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985)).   "If a court does find that a question raised on appeal is 'substantial,' it must then consider whether that question is 'so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.'"  Id. at 125 (quoting United States v. Miller, 753 F.2d at 23).   If a defendant fails to establish the existence of a substantial question likely to result in a reversal or new trial on all counts on which he is incarcerated, bail cannot be granted.   See id.   With respect to all of these issues, "the burden of persuasion rests on the defendant."  Id.

B.        **Challenges to the Court's Legal Instructions**

Appellate courts will "review challenged jury instructions <u>de novo</u> but will reverse only if all of the instructions, taken as a whole, caused a defendant prejudice."    <u>United States v. Bok</u>, 156 F.3d 157, 160 (2d Cir. 1998).    A defendant who requests an instruction bears the burden of showing that the requested instruction "accurately represented the law in every respect and that, viewing as a whole the charge actually given, he was prejudiced."    <u>United States v. Wilkerson</u>, 361 F.3d 717, 732 (2d Cir. 2004) (internal quotation marks omitted); <u>United States v. Feliciano</u>, 223 F.3d 102, 116 (2d Cir. 2000); <u>United States v. Thompson</u>, 76 F.3d 442, 454 (2d Cir. 1996). In reviewing jury instructions, a reviewing court must "review the instructions as a whole to see if the entire charge delivered a correct interpretation of the law."    <u>United States v. Carr</u>, 880 F.2d 1550, 1555 (2d Cir. 1989) (quoting <u>California v. Brown</u>, 479 U.S. 538, 541 (1987)).    A conviction will not be overturned when a district court refuses to give a requested charge unless the requested instruction "is legally correct, represents a theory of defense with basis in the record that would lead to acquittal, and the theory is not effectively presented elsewhere in the charge."    <u>United States v. Doyle</u>, 130 F.3d 523, 540 (2d Cir. 1997) (quoting <u>United States v. Vasquez</u>, 82 F.3d 574, 577 (2d Cir. 1996)).

A defendant "cannot dictate the precise language of the charge."    <u>United States v. Han</u>, 230 F.3d 560, 565 (2d Cir. 2000).    Thus, if "the substance of a defendant's request is given by the court in its own language, the defendant has no cause to complain." <u>Id.</u> (internal quotations omitted); <u>see also</u> <u>United States v. Wexler</u>, 522 F.3d 194, 205 (2d Cir. 2008).

When a defendant fails to object to a jury charge "before the jury retires to deliberate," the charge may be reviewed only for plain error.    Fed. R. Crim. P. 30(d); <u>see, e.g.,</u> <u>United States</u>

v. Cain, 671 F.3d 271, 285-86 (2d Cir. 2012).   When a defendant objects "only generally to the issuance of a jury instruction, and not to the specific language used by the District Court, the objection to the formulation of the charge is not preserved."   United States v. Ghailani, 733 F.3d 29, 52 (2d Cir. 2013). Even if a defendant makes a timely objection to a jury charge and there is error in the charge, reversal is not warranted if the trial court's error was harmless. United States v. Amuso, 21 F.3d 1251, 1260-61 (2d Cir. 1994).

The purpose of jury instructions "is to inform the jury of its function, which is the independent determination of the facts, and the application of the law, as given by the court, to the facts found by the jury."   2A Charles A. Wright, Federal Practice and Procedure: Criminal, § 485 (3d ed. 2000).   The instructions should "fairly and impartially state the issues and applicable law in logical sequence . . . [so that] the jury [can] understand the issues and intelligently apply the law."   Id. (quoting Elbel v. United States, 364 F.2d 127, 134 (10th Cir.1966)).   It is common in tax crime prosecutions for the court to instruct the jury on the meaning of tax law terms implicated by the particular facts of a case.   See, e.g., United States v. Wapnick, 60 F.3d 948, 955 (2d Cir.1995) (in tax evasion case, jury instruction on definition of "sham corporation" was proper); United States v. Curtis, 782 F.2d 593, 596–98 (6th Cir.1986) (in tax evasion case, jury instruction on definition of "income" was proper); United States v. Sorrentino, 726 F.2d 876, 881 (1st Cir.1984) (in tax evasion case, jury instruction on definition of "taxable income" was proper).

C.     **The Annual Accounting Rule**

Codified principally in Sections 451 and 461 of the Internal Revenue Code, the annual accounting   principle is "an integral part of the tax code,"   United States v. Skelly Oil Co., 394 U.S. 678, 681 (1969), mandating that taxable income and deductions be computed on the basis of

a taxpayer's annual accounting period.   Burnet v. Sanford & Brooks, 282 U.S. 359 (1931).
The rule requires that "each 'taxable year' must be treated as a separate unit, and all items of gross
income and deduction must be reflected in terms of their posture at the close of such year."
United States v. Consol. Edison Co., 366 U.S. 380, 384-85 (1961).   See also Security Flour Mills
Co. v. Comm'r, 321 U.S. 281, 286 (1944) (discussing "annual accounting rule" for tax purposes);
Heiner v. Mellon, 304 U.S. 271, 275 (1938) ("[T]he question whether taxable profits have been
made is determined annually by the result of the operations of the year."); Penn v. Robertson, 115
F.2d 167, 175 (4th Cir. 1940) ("a cardinal principle of federal income taxation requires annual
returns and accounting; and this principle requires the determination of income at the close of the
taxable year without regard to the effect of subsequent events."); J. MARTIN BURKE &
MICHAEL K. FRIEL, UNDERSTANDING FEDERAL INCOME TAXATION 410 (3d ed.
2008) ("annual accounting system does not permit the reopening of a prior year's tax return to take
account of events occurring in later years.").   As the Supreme Court explained in Burnet:

> A taxpayer may be in receipt of net income in one year and not in another. The net
> result of the two years, if combined in a single taxable period, might still be a loss;
> but it has never been supposed that that fact would relieve him from a tax on the
> first, or that it affords any reason for postponing the assessment of the tax until the
> end of a lifetime, or for some other indefinite period, to ascertain more precisely
> whether the final outcome of the period, or of a given transaction, will be a gain or
> a loss.

289 U.S. at 364-65.   Thus, as this Court instructed the jury, the rule prohibits "consideration of
events happening after the close of the taxable year and the reopening of the prior years for
adjustment of deductions."   Post Office Square Co. v. United States, 191 F. Supp. 450, 453 (D.
Mass. 1961) (citing Security Flour Mills).

D.      **Discussion**

Application of the foregoing principles mandates swift rejection of Daugerdas's bail arguments.   As an initial matter, it bears repeating that Daugerdas lodged no objection to the Court's initial "annual accounting" instruction, implicitly recognizing the legal propriety of such an instruction.   Accordingly, Daugerdas can hardly be heard to complain about an instruction he saw perfectly appropriate at the time the jury was initially instructed.

Daugerdas nonetheless argues that this Court's statement that the tax laws "prohibit the reopening of a prior year's tax return" is legally incorrect because there are "exceptions" that explicitly permit the reopening of prior years to take account of events occurring in later years. But the fact that this Court did not mention exceptions to the annual accounting rule also did not result in any prejudice, because the exceptions that Daugerdas cites to in his motion have no application in this case.

Daugerdas did not raise a defense at trial based on any exception to the annual accounting rule.   Nor would such a defense have succeeded, because there is no exception to the rule that applies.[1] Because the conduct at issue in this case does not fall within any exception to the

---

[1]    Daugerdas cites <u>Dodge v. Comm'r</u>, 27 T.C.M. (CCH) 1170 (1968), and claims that this case provides authority for the very approach that J&G and the tax preparers undertook here, <u>i.e.</u>, giving retroactive effect to intended transactions that were mistakenly entered into in the prior tax year."   But <u>Dodge</u> does not support the contention that the defendants' conduct here was lawful.   <u>Dodge</u> involved a determination that an attempted charitable gift was illusory under Minnesota law and therefore did not have the necessary completeness, during the year it was attempted, to be recognized for federal tax purposes.   27 T.C.M. at 1174-75.   Here, however, there is no claim that the transactions revised by Daugerdas and others did not occur or were illusory or incomplete under state law.   More importantly, <u>Dodge</u>, unlike this case, did not involve financial transactions effectuated in a subsequent year and treated as if they occurred in the prior year.   Finally, it bears noting that memorandum opinions from the Tax Court, like <u>Dodge</u>, are not binding in the Tax Court, much less here.   <u>Andrews v. Comm'r</u>, 932 F.2d 132, 137 n.9 (1st Cir. 1991); <u>Newman v. Comm'r</u>, 62 T.C. 498, 502 n.4 (1977).

annual accounting rule, the fact that the Court's charge did not mention those exceptions did not cause Daugerdas prejudice, and Daugerdas's claim of error borders on frivolous.

In an effort to salvage his argument, Daugerdas claims that by failing to mention exceptions to the annual accounting rule, this Court improperly suggested that the "annual accounting rule" was so fundamental that even laypeople would know its contours, which had the effect of gutting Daugerdas's good faith defense or eviscerating the scienter requirement. Nothing about the charge, however, supports Daugerdas's far-fetched interpretation.   The charge did not state that the annual accounting rule was either "fundamental" or did not admit of exceptions.   Nor did the charge state that an individual such as Daugerdas could not rely in good faith on Deutsche Bank or anyone else for the proper tax treatment of transactions. Finally, the Court did not suggest that a violation of the annual accounting rule translated into a finding of guilt on any particular charge.   Instead, the Court reminded the jury that the remaining portions of the charge had to be considered in connection with the jury's deliberations.

Daugerdas's remaining arguments require little discussion.    First, there is no requirement that the jury need be instructed on the "source" of the law.    Thus, it is irrelevant whether a legal instruction is grounded in the precise words of a statute or regulation or in a formulation crafted by the courts.    The law is the law, and a trial court is not required to provide an explanation of its source, lest the members of a jury somehow decide (improperly) that they would give greater or lesser weight to one source of law over another.

Next, the fact that the Court gave the jury a copy of its supplemental instruction did not constitute error, and Daugerdas has cited no case suggesting otherwise.   Indeed, the law is well-settled that the Court is permitted to provide the jury with written jury instructions.

Finally, the Court's instruction with respect to "settlement dates" and "as of" reporting was not erroneous because, as this Court properly recognized, neither a settlement date nor an "as of" date is dispositive with respect to tax reporting.   Instead, the operative date is when the transaction or trade, in fact, occurred.   See Tr. 7754 (Daugerdas Counsel: "The settlement date is not relevant for purposes of tax reporting. What's relevant is the as-of trade date, and that was the -- THE COURT: What's relevant is when the transaction occurred.   MR. LINDER: The trade date."). Accordingly, it was a correct statement of the law to focus the jury on when the transaction actually occurred and not to provide the jury with a categorical, and thus misleading, answer.[2]

---

2   Daugerdas's "constructive amendment" argument requires no discussion, as that is simply a re-hash of his post-trial motion argument along the same lines.   For the reasons spelled out in the Government's post-trial memorandum, and incorporated herein by reference, and this Court's opinion, Daugerdas's constructive amendment claim must fail.

**<u>CONCLUSION</u>**

Daugerdas's motion for bail pending appeal should be denied.

Dated:   New York, New York
         June 24, 2014

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney
                              Southern District of New York


            By:        _//s// Stanley J. Okula, Jr._____
                              STANLEY J. OKULA, JR.
                              Assistant United States Attorney
                              (212) 637-1585
                              stan.okula@usdoj.gov
                              NANETTE L. DAVIS
                              Special Assistant United States Attorney
                              (212) 637-1117
                              nanette.l.davis@usdoj.gov

13

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants on the above date.


By:        <u>      s/Stanley J. Okula, Jr.      </u>
                STANLEY J. OKULA, JR.
                Assistant United States Attorney
                (212) 637-1585
                stan.okula@usdoj.gov
                NANETTE L. DAVIS
                Special Assistant United States Attorney
                (212) 637-1117
                nanette.l.davis@usdoj.gov