UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA,                                :

                                                                                                 **VERIFIED PETITION OF**
                                                                                              :  **ELEANOR DAUGERDAS FOR**
                                    - v. -                                         **DETERMINATION OF THIRD**
                                                                                               :  **PARTY INTEREST IN PROPERTY**
                                                                                                      **SUBJECT TO FORFEITURE**

PAUL M. DAUGERDAS,                                            :

                                                                                                                                     **S6 09 CR 581 (WHP)**

                                                          Defendant.                         :

------------------------------------------------------------------X

       **ELEANOR DAUGERDAS**, by and through her counsel, Day Pitney LLP, pursuant to 21 U.S.C. § 853(n) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, hereby petitions this Court for a determination of Petitioner's interest in property subject to the Court's Preliminary Order of Forfeiture as To Specific Property/Money Judgment entered on June 26, 2014 (the "Forfeiture Order"), and to amend the Forfeiture Order to exclude all property in which Petitioner has right, title, and interest.

1. Petitioner is the wife of defendant Paul M. Daugerdas.

2. Petitioner timely asserts[1] her right, title, and interest in the following property ordered forfeited to the United States in the Forfeiture Order:

---

[1] The Court entered the Forfeiture Order directing the government to give notice to any third parties who may have an interest in the forfeited property. By letter dated July 25, 2014, Assistant United States Attorney Stanley J. Okula, Jr. sent notice to Petitioner's attorney of the Forfeiture Order and advised that Petitioner had thirty-five (35) days from the date of the letter to assert a legal interest in the property ordered forfeited to the United States. The notice was received on July 29, 2014. The Petition is therefore timely.

a. Any and all securities, United States currency, funds, or other monetary instruments on deposit at Fidelity, Account Number 03-375152, held in the name of PMD Investments LLC;

b. Any and all securities, United States currency, funds, or other monetary instruments on deposit at Smith Barney, Account Numbers 383-25091-15 and 383-47731-15, held in the name of PMD Investments LLC;

c. Any and all securities, United States currency, funds, or other monetary instruments on deposit at Morgan Stanley, Account Number 844-354504, formerly Account Number 06-78C3Z, held in the name of PMD Investments LLC;

d. Any and all securities, United States currency, funds, or other monetary instruments on deposit at Credit Suisse, Account Number 24N-018007, held in the name of PMD Investments LLC;

e. Any and all securities, United States currency, funds, or other monetary instruments on deposit at Deutsche Bank, Account Numbers 5XR-087746, 5XR-122063 and 5XR-104715, held in the name of PMD Investments LLC;

f. Any and all securities, United States currency, funds, or other monetary instruments on deposit at Fidelity, Account Number Z46-6223261, held in the name of Eleanor Spina Daugerdas Trust U/A 05/23/85 (formerly held in Account Number 03-315540 in the name of Eleanor Spina Daugerdas at Fidelity);

g. Any and all securities, United States currency, funds, or other monetary instruments on deposit at Goldman Sachs & Co., Account Number 4XDG, held in the name of Eleanor L. Daugerdas;

      h. Any and all securities, United States currency, funds, or other monetary instruments on deposit at North Shore Community Bank & Trust Company, Account Number 0317008390, held in the name of Eleanor L. Daugerdas; and

      i. Any and all securities, United States currency, funds, or other monetary instruments on deposit at Fifth Third Bank, Account Number 7233463814, held in the name of Eleanor Spina Daugerdas Trust.

(Collectively, the "Subject Accounts").

The PMD Investments LLC Accounts

3. Petitioner is the sole owner of PMD Investments LLC by virtue of an assignment from defendant Paul M. Daugerdas executed on or about December 31, 2002.

4. By virtue of her ownership of PMD Investments LLC, Petitioner is the sole owner of any and all securities, United States currency, funds, or other monetary instruments on deposit at Fidelity, Account Number 03-375152, held in the name of PMD Investments LLC. Upon information and belief, on or about February 8, 2001, approximately $6,179,960 in securities was deposited into Fidelity Investments Account Number 03-375152, held in the name of PMD Investments LLC.

5. By virtue of her ownership of PMD Investments LLC, Petitioner is the sole owner of any and all securities, United States currency, funds, or other monetary instruments on deposit at Smith Barney, Account Numbers 383-25091-15 and 383-47731-15, held in the name of PMD Investments LLC. Upon information and belief, on or about April 4, 2000 and January 5, 2001, approximately $1,000,000 and $4,000,000, respectively, was deposited into Smith Barney Account Number 383-25091-15, held in the name of PMD Investments LLC. Upon information and belief, on or about January 12, 2001, January

16, 2001, and January 18, 2001, approximately $500,000, $2,500,000, and $255,500 respectively, was transferred from Smith Barney Account Number 383-25091-15, held in the name of PMD Investments LLC, to Smith Barney Account Number 383-47731-15, held in the name of PMD Investments LLC.

6. By virtue of her ownership of PMD Investments LLC, Petitioner is the sole owner of any and all securities, United States currency, funds, or other monetary instruments on deposit at Morgan Stanley, Account Number 844-354504, formerly Account Number 06-78C3Z, held in the name of PMD Investments LLC.  Upon information and belief, on or about February 6, 2001 and November 7, 2001, approximately $2,000,000 and $2,000,000, respectively, was deposited into Morgan Stanley Account Number 06-78C3Z, held in the name of PMD Investments LLC.  Upon information and belief, on or about September 7, 2001, securities holdings with a value of approximately $1,671,055 were withdrawn from Morgan Stanley Account Number 06-78C3Z, held in the name of PMD Investments LLC.

7. By virtue of her ownership of PMD Investments LLC, Petitioner is the sole owner of any and all securities, United States currency, funds, or other monetary instruments on deposit at Credit Suisse, Account Number 24N-018007, held in the name of PMD Investments LLC.  Upon information and belief, on or about September 7, 2001, securities holdings with a value of approximately $1,671,055 were deposited into Credit Suisse Account Number 24N-018007, held in the name of PMD Investments LLC.

8. By virtue of her ownership of PMD Investments LLC, Petitioner is the sole owner of any and all securities, United States currency, funds, or other monetary instruments on deposit at Deutsche Bank, Account Numbers 5XR-087746, 5XR-122063 and 5XR-

104715, held in the name of PMD Investments LLC.  Upon information and belief, on or about February 10, 2003, security holdings worth approximately $601,931 were deposited into Deutsche Bank Account Number 5XR-087746, held in the name of PMD Investments LLC.  Upon information and belief, on or about February 10, 2003, securities holdings with an approximate value of $325,461 were deposited into Deutsche Bank Account Number 5XR-104715, held in the name of PMD Investments LLC.  Upon information and belief, on or about February 10, 2003, securities holdings with an approximate value of $2,900,000, were deposited into Deutsche Bank Account Number 5XR-122063, held in the name of PMD Investments LLC.  Upon information and belief, subsequently, approximately $2,300,000 was withdrawn from Deutsche Bank Account Number 5XR-122063.

Additional Accounts Owned by Petitioner

9. Petitioner is the sole owner of any and all securities, United States currency, funds, or other monetary instruments on deposit at Fidelity, Account Number Z46-6223261, held in the name of Eleanor Spina Daugerdas Trust U/A 05/23/85 (formerly held in Account Number 03-315540 in the name of Eleanor Spina Daugerdas at Fidelity).  Upon information and belief, on or about February 3, 2000, November 7, 2000, and January 5, 2001, approximately $2,000,000, $1,000,000, and $2,000,000, respectively, was deposited into Fidelity Investments Account Number 03-315540, held in the name of Eleanor Spina Daugerdas.  Upon information and belief, on or about February 19, 2009, approximately $4,869,371 in securities was deposited into Fidelity Investments Account Number Z46-6223261, held in the name of Eleanor Spina Daugerdas Trust U/A 05/23/85.

10. Petitioner is the sole owner of any and all securities, United States currency, funds, or other monetary instruments on deposit at Goldman Sachs & Co. Account Number 4XDG, held in the name of Eleanor L. Daugerdas. Upon information and belief, on or about May 16, 2008 approximately $1,000,000 from Deutsche Bank Account Number 5XR-122063, held in the name of PMD Investments LLC, was transferred to Goldman Sachs Account Number 4XDG, held in the name of Eleanor L. Daugerdas.

11. Petitioner is the sole owner of any and all securities, United States currency, funds, or other monetary instruments on deposit at North Shore Community Bank & Trust Company, Account Number 0317008390, held in the name of Eleanor L. Daugerdas. Upon information and belief, on or about July 3, 2009, approximately $250,000 was deposited into North Shore Community Bank Account Number 0317008390, held in the name of Eleanor L. Daugerdas. Upon information and belief, these funds were transferred from Fifth Third Bank Account Number 7233463814, held in the name of Eleanor Spina Daugerdas Trust.

12. Petitioner is the sole owner of any and all securities, United States currency, funds, or other monetary instruments on deposit at Fifth Third Bank, Account Number 7233463814, held in the name of Eleanor Spina Daugerdas Trust. Upon information and belief, on or about June 22, 2009, approximately $45,000 was transferred into Fifth Third Bank Account Number 7233463814, held in the name of Eleanor Spina Daugerdas Trust, from Fifth Third Bank Account Number 7233463822, held in the name of Paul M. Daugerdas By Eleanor Spina Daugerdas. Upon information and belief, additional deposits were made into Fifth Third Bank Account Number 7233463814 as follows: June 22, 2009, approximately $100,000; June 22, 2009, approximately $85,000; June 19,

2009, approximately $670,000; March 17, 2009, approximately $150,000; September 26, 2008, approximately $90,000; and September 11, 2008, approximately $10,000. Upon information and belief, these funds were transferred from Fifth Third Bank Account Number 7232734991, held in the name of Paul M. Daugerdas and Eleanor Daugerdas. Upon information and belief, on or about July 3, 2009, approximately $250,000 was transferred into North Shore Community Bank Account Number 0317008390, held in the name of Eleanor L. Daugerdas. Upon information and belief, subsequently, on or about July 8, 2009, approximately $100,000 was transferred from the account.

<u>Legal Basis for Petitioner's Claim to the Subject Accounts</u>

13. The procedures relating to the criminal forfeiture proceedings in this case are governed by 21 U.S.C. § 853 and Federal Rule of Criminal Procedure 32.2. There are only two bases upon which the government may criminally forfeit property: (1) as "offense property" meaning property which has a "nexus" to the crime for which the defendant was convicted; or (2) as "substitute property" meaning "any other property of the defendant." *See* 21 U.S.C. § 853(a); 21 U.S.C. § 853(p); Fed. R. Crim. P. 32.2(b)(1)(A); *see also* 18 U.S.C. § 981(a) and 28 U.S.C. § 2461(c).

14. The government has failed to sufficiently allege that the Subject Accounts had a nexus to the crime. In support of its application for the Forfeiture Order, the government provided the Court with a declaration of Internal Revenue Service Special Agent Christine Mazzella dated June 18, 2014, including exhibits, which allegedly traces fees received by PMD Chartered from Jenkens & Gilchrist and distributed to other accounts, including the Subject Accounts. *See* Docket Item 824. However, the Mazzella declaration does not analyze any of the deposits into Jenkens & Gilchrist accounts or other disbursements

from these accounts. Thus, the declaration fails to establish the requisite nexus between the property sought to be forfeited and the offenses of conviction. *See United States v. Rothstein, Rosenfeldt, Adler, P.A.*, 717 F.3d 1205 (11th Cir. 2013).

15. The first forfeiture count relating to the Subject Accounts was filed on June 23, 2009. *See* Superseding Indictment, Docket Item 14. This forfeiture count identified only the United States currency, funds, or other monetary funds on deposit in the following accounts held in the name of PMD Investments LLC or Petitioner:

    a. Fidelity Account Number 03-375152, held in the name of PMD Investments LLC;

    b. Morgan Stanley Account Number 06-78C3Z, held in the name of PMD Investments LLC;

    c. Deutsche Bank Account Number 5XR-122063, held in the name of PMD Investments LLC;

    d. Fidelity Account Number Z46-6223261, held in the name of Eleanor Spina Daugerdas Trust U/A 05/23/85; and

    e. Fidelity Account Number 03-315540 in the name of Eleanor Daugerdas.

    All of the Subject Accounts, including certain additional accounts, were identified in the forfeiture count included in the Second Superseding Indictment, which was filed on November 19, 2009. *See* Docket Item 56. Petitioner acquired her right, title, and interest in the Subject Accounts prior to the relevant forfeiture counts. Thus, her right, title, and interest in the property predates and is superior to the government's interest. *See United States v. Peterson*, 820 F.Supp. 2d 576, 585 (S.D.N.Y. 2011).

16. At all relevant times, Petitioner held title to the Subject Accounts. Because Petitioner's right, title, and interest in the Subject Accounts vested before the government's interest,

these assets are not subject to forfeiture as "substitute assets" of defendant Paul M. Daugerdas.

17. Petitioner, as the named account holder, has right, title, and interest in the Subject Accounts.

18. The Forfeiture Order should be amended to exclude Petitioner's right, title, and interest in the Subject Accounts.

**WHEREFORE**, Eleanor Daugerdas respectfully requests that the Subject Accounts be excluded from the Forfeiture Order and this Petition be granted in its entirety, together with such other and further relief as this Court deems equitable and proper.

Dated: New York, New York
August 29, 2014

Respectfully submitted,

DAY PITNEY LLP

By:   /s/ James R. DeVita
James R. DeVita (JD 5659)

7 Times Square
New York, New York 10036
Phone:  (212) 297-5800
Facsimile: (212) 499-4111
Email: jdevita@daypitney.com

*Attorneys for Petitioner Eleanor Daugerdas*

## VERIFICATION

ELEANOR DAUGERDAS declares under penalties of perjury pursuant to 28 U.S.C. § 1746:

I am the Petitioner in the within action. I have read the foregoing Verified Petition and know the contents thereof, and the same is true to my own knowledge, except as to matters alleged upon information and belief, which I believe to be true.

Dated: August 29, 2014
Wilmette, IL

_____
ELEANOR DAUGERDAS