UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
                                           :

UNITED STATES OF AMERICA          :

                            -v.-             :                 09 Cr. 581 (WHP)

                                           :

PAUL M. DAUGERDAS,         :

                                         :

                Defendant.        :
----------------------------------------------------------------x
                                         :

ELEANOR DAUGERDAS,        :

                                         :

                Petitioner        :
----------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF THE GOVERNMENT'S MOTION TO
DISMISS THE THIRD-PARTY PETITION OF
ELEANOR DAUGERDAS**

PREET BHARARA
United States Attorney for the
Southern District of New York

Andrew C. Adams
Assistant United States Attorneys
- Of Counsel -

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................... ii

BACKGROUND ...........................................................................................................................1

    1.   Procedural Posture and The Court's Prior Rulings on
        Forfeiture of Crime Proceeds………………………………………………………..1

    2.  The Current Petition…………………………………………………………………….2

ARGUMENT .................................................................................................................................3

    1.  Applicable Law………………………………………………………………………….3

        a.   The Law Governing Motions to Dismiss Third-Party Claims………………….......3

        b.   Valid Bases for Third-Party Claims to Criminal Proceeds. . . . ……………………..4

    2.  The Subject Accounts are the Proceeds of Daugerdas's Tax Fraud………………………5

    3.  Petitioner's Interest in the Subject Accounts Arose After Daugerdas's
        Criminal Acts Giving Rise to Forfeiture …………………………………....……....…6

    4.  Petitioner is Not a "Bona Fide Purchaser for Value"………………………………..6

CONCLUSION…………………………………………………………………………..7

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft* v. *Iqbal,*
129 S. Ct. 1937, 1949 (2009)...………………...…………………………………………...4

*Bell Atl. Corp.* v. *Twomlby,*
550 U.S. 544 (1993)……………………………………………………………………….4

*Pacheco v. Serendensky,*
393 F.3d 348 (2d Cir. 2004)…………………………………………………………….4,5

*Papasan* v. *Allain,*
478 U.S. 265, 286 (1986)……………………………………….……………………….4

*Samuels* v. *Air Trans. Local.,*
992 F.2d 12, 15 (2d Cir. 1993)……………………………………………………………4

*United States* v. *Capoccia,*
503 F.3d 103, 117 (2d Cir. 2007)………………………………………………………….2

*United States* v. *Dupree,*
2011 WL 3235637, at *8 (E.D.N.Y. July 27, 2011)……………….…………………...5

*United States* v. *Grant,*
S4 05 Cr. 1192, 2008 WL 4376365, at *2n.1 (S.D.N.Y. Sept. 25, 2008)…………………5

*United States* v. *Kennedy,*
201 F.3d 1324, 1335 (11th Cir. 2000)……………………………………………..6

*United States* v. *Porcelli,*
865 F.2d 1352, 1363-65 (2d Cir. 1989)……………………………………………...1, 5

*United States* v. *Quintieri,*
306 F. 3d 1217, 1225 (2d Cir. 2002)…….……………………………………….……6

*United States* v. *Ribadeneira,*
105 F.3d 833, 834 (2d Cir. 1997)…………………………………………………….3

*United States* v. *White,*
779 F. Supp. 2d 984, 991 (D. Minn. 2011).................................................................7

## STATUTES AND RULES

18 U.S.C. § 982(a)(2)(A) ................................................................................................5

21 U.S.C. § 853(n)……………………………………………………………………..5

21 U.S.C. § 853(n)(6) .....................................................................................................5

21 U.S.C. § 853(n)(6)(A)…………………………………………………………6, 8

21 U.S.C. § 853(n)(6)(B)…………………………………………………………6, 8

Fed. R. Civ. P. 10(c) .......................................................................................................3

Fed. R. Civ. P. 12(b) .....................................................................................................5,6

Fed. R. Crim. P. 32.2(c)(1) ..............................................................................................5

The United States of America (the "Government"), by and through its attorney Preet Bharara, United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in support of its motion to dismiss the third-party petition (the "Petition") of Eleanor Daugerdas ("Petitioner").

## BACKGROUND

### 1.  Procedural Posture and The Court's Prior Rulings on Forfeiture of Crime Proceeds

On July 1, 2013, a Grand Jury sitting in this District returned a sixth Superseding Indictment charging Paul M. Daugerdas and Denis Field with orchestrating a long-running and extremely successful tax fraud (the "S6 Indictment").  More specifically, the S6 Indictment alleged that from approximately 1994 through approximately 2004, Daugerdas was the architect of a sophisticated, fraudulent tax shelter scheme that resulted in proceeds to Daugerdas and Field of at least $180 million.  See S6 Indictment, ¶ 108(a).

The proof at each of Daugerdas's two trials established that all of the tax shelter fee income was the product of this scheme and that the entirety of the tax shelter fees obtained by the Chicago office of Jenkins & Gilchrist were generated through the criminal acts of Daugerdas and his coconspirators.  Indeed, the Court has already so held on two prior occasions.  *See* Nov. 7, 2012 Order Denying *Pro-Se* Motion to Vacate at 4-5 (Dkt. #574) (rejecting Daugerdas's August 2012 *pro se* motion to vacate a post-indictment restraining order of forfeitable assets) (hereinafter, the "November 7 Order").  Consequently, none of these funds would have been obtained "but for" the fraudulent scheme, *see United States* v. *Porcelli*, 865 F.2d 1352, 1365 (2d Cir. 1989), and therefore are subject to seizure as the proceeds of that fraudulent scheme, *see,*

*e.g.*, *United States* v. *Capoccia*, 503 F.3d 103, 117 (2d Cir. 2007); *see also* November 7 Order at 5.

On June 25, 2014, following Daugerdas's conviction upon re-trial, the Court included in its judgment of conviction a forfeiture order in the amount of $164,737,500.  In imposing that amount of forfeiture, the Court ruled (referring to the November 7 Order) that the evidence presented at Daugerdas's second trial was substantially the same as the overwhelming evidence presented at his first trial, which underpinned the Court's November 7 Order.  *See* June 25, 2014 Tr. at 12:8-9 (Dkt #839).

### 2.  The Current Petition

Eleanor Daugerdas has filed the current petition asserting an interest in a series of assets preliminarily forfeited to the Government pursuant to the Court's entry of a Preliminary Order of Forfeiture signed on June 26, 2014 (Dkt. #836) (hereinafter, the "June 26 POF").  In particular, the Petitioner seeks to assert her interest in assets held in the name of PMD Investments LLC, of which Petitioner claims to be the sole owner by virtue of an assignment by the defendant Paul Daugerdas on December 31, 2002 – approximately eight years after the tax fraud scheme began.  Further, Petitioner claims to have an interest superior to that of the Government in a series of assets transferred to her from defendant Paul Daugerdas beginning in or about 2000; the source of each of those assets is discussed in the Affidavit of Special Agent Christine Mazzella, submitted in support of the June 26 POF and demonstrating the contested assets constitute the proceeds of the defendant's tax fraud scheme.  *See* Mazzella Aff. at ¶¶ 18-34 (Dkt. #826).

**ARGUMENT**

Petitioner does not challenge the affirmative assertions of fact set forth in the Mazzella affidavit, but rather challenges a purported lack of tracing as to particular debits and credits associated with the Jenkins & Gilchrist accounts.  Pet. ¶ 14 (Dkt. #853). On that basis, Petitioner claims that "the declaration fails to establish the requisite nexus between the property sought to be forfeited and the offenses of conviction" so as to demonstrate that the Subject Accounts are forfeitable as proceeds of the offenses of conviction, in which the Government holds a superior interest vis-à-vis the Petitioner's purported interest.  Pet., ¶¶ 14-15.  This assertion has been previously addressed by the Court in its November 7 Order and the June 26 POF, both of which found that overwhelming trial evidence demonstrated that all disbursements of funds from the Jenkins & Gilchrist accounts controlled by, or held for the benefit of, Paul Daugerdas constitute proceeds of the defendant's tax fraud.  As such, the attempt to shield those assets by transfer to the defendant's wife was and is futile – such proceeds are properly forfeited to the United States.

1.  **Applicable Law**

    a.  **The Law Governing Motions to Dismiss Third-Party Claims**

Title 21, United States Code, Section 853(n) allows a third-party, such as Petitioner, to "petition the court for a hearing to adjudicate the validity of [her] alleged interest in [criminally forfeited] property." 21 U.S.C. § 853(n)(2).  The burden is on the petitioner to establish an interest in the property, superior to the interest of the Government, by a preponderance of the evidence. See 21 U.S.C. § 853(n)(6); see also *United States* v. *Ribadeneira*, 105 F.3d 833, 834 (2d Cir. 1997) ("If the petitioner establishes by a preponderance of the evidence that it has a superior legal interest in the property than the Government, who, for the purpose of this hearing, stands in the defendant's shoes, the court will amend the order of forfeiture accordingly.").

Federal Rule of Criminal Procedure 32.2(c)(1) authorizes the Government to move to dismiss a petition for failure to state a claim, and such motions are governed by the same standards applicable to motions to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b). *Pacheco* v. *Serendensky*, 393 F.3d 348, 352 (2d Cir. 2004). Under Rule 12(b)(6), a petition should be dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Motions to dismiss pursuant to Rule 12(b)(6) must be granted if the complaint does not "contain sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). The Court should consider not only the facts alleged in the petition, but also "documents attached as exhibits or incorporated by reference in the [petition] and matters of which judicial notice may be taken." *Samuels* v. *Air Trans. Local,* 992 F.2d 12, 15 (2d Cir. 1993). The Court need not accept as true a legal conclusion or a legal conclusion couched as a factual allegation. *See Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555 (quoting *Papasan* v. *Allain*, 478 U.S. 265, 286 (1986) ("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.")).

### b.  Valid Bases for Third-Party Claims to Criminal Proceeds

There are only two ways that a third party can show a valid interest in crime proceeds subject to forfeiture: The petitioner "must either (a) have an interest in the property that is superior to the criminal defendant's because it arose *prior to* 'the time of the commission of the acts [that] gave rise to the forfeiture,' 21 U.S.C. § 853(n)(6)(A), or (b) be a 'bona fide purchaser for value' of the property who was 'reasonably without cause to believe that the property was

subject to forfeiture' at the time of purchase, *id.* § 853(n)(6)(B)." *Pacheco*, 393 F.3d at 353 (emphasis added).

### 2.    The Subject Accounts are the Proceeds of Daugerdas's Tax Fraud

As the Government has set forth in prior submissions, and as correctly held by the Court in both the November 7 Order and the June 26 POF, the Subject Accounts are criminal proceeds. Any third-party claim for such assets must be assessed under the laws applicable to the forfeiture of crime proceeds as set forth below.

As previously submitted, the criminal forfeiture proceedings in this case are governed by 18 U.S.C. § 982(a)(2)(A), which provides that criminal defendants convicted of mail or wire fraud charges affecting a financial institution "shall forfeit to the United States any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation.  "Proceeds" are "property that a person would not have but for the criminal offense. . . ." *United States* v. *Grant*, No. S4 05 Cr. 1192, 2008 WL 4376365, at *2n.1 (S.D.N.Y. Sept. 25, 2008); *see also*  November 7 Order at 5 (citing *United States* v. *Porcelli*, 865 F.2d 1352, 1363-65 (2d Cir. 1989)); *United States* v. *Dupree*, 2011 WL 3235637, at *8 (E.D.N.Y. July 27, 2011).

The Court has twice held that monies obtained though the Jenkins & Gilchrist firm's tax fraud would not have been obtained by Daugerdas "but for" his commission of a long-running and successful tax fraud.  The current Petition's attempt to relitigate those holdings is meritless for the same reasons that the defendant's similar assertions were properly rejected by the Court.[1]

---

[1]  Although the merits of Petitioner's claim should be rejected for the reasons set forth herein, the "law of the case" doctrine further supports the Court's adherence to its prior rulings respecting the forfeitability of the Subject Accounts.  "[W]hen a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case . . . unless

### 3. Petitioner's Interest in the Subject Accounts Arose After Daugerdas's Criminal Acts Giving Rise to Forfeiture.

As alleged in her Petition, Petitioner's interest in the Subject Accounts arose long after Paul Daugerdas began the fraudulent tax scheme that underlies the forfeiture of those assets. Because the Subject Accounts are proceeds of the tax fraud scheme, and because that scheme was ongoing as of the mid-1990s, Petitioner cannot prevail in her claim under 21 U.S.C. § 853(n)(6)(A).

### 4. Petitioner is Not a "Bona Fide Purchaser For Value."

Because Petitioner's interest in the Subject Accounts arose only after the time of the events giving rise to their forfeiture, her only basis for a petition would be as a bona fide purchaser for value.  *See* 21 U.S.C. § 853(n)(6)(B).[2]  However, as asserted in the petition, Petitioner's purported interest in the Subject Accounts arose without any purchase; they were simply transferred to her from Daugerdas as the result of an assignment of interests in PMD Investments LLC or by direct transfer into accounts purportedly controlled by Petitioner.  Pet. ¶¶ 3-12.  Without alleging a purchase for value, there is no basis for a third-party claim pursuant to § 853(n)(6)(B).  *See, e.g.*, *United States* v. *Kennedy*, 201 F.3d 1324, 1335 (11th Cir. 2000) ("The criminal forfeiture provisions provide only two ways for third parties to establish their interest in forfeited property; and one of them is emphatically *not* that the criminal defendant gave the third

---

cogent and compelling reasons militate otherwise." *United States* v. *Quintieri*, 306 F. 3d 1217, 1225 (2d Cir. 2002) (internal quotation marks and citations omitted).  The Petitioner provides no cogent or compelling reason to upset the Court's prior rulings on this topic.

[2] For purposes of this motion to dismiss, the Government assumes, without conceding, that Petitioner was reasonably without cause to believe that the property was subject to forfeiture at the time her interest arose.  Were litigation regarding this claim to proceed, Petitioner's knowledge as to the forfeitability of the funds held in the Subject Accounts would be a primary subject of discovery.

party a gift."); *see also United States* v. *White*, 779 F. Supp. 2d 984, 991 (D. Minn. 2011) (rejecting third-party's claimed status as a bona fide purchaser for value in the absence of proof that property was acquired in an arms-length transaction).

## CONCLUSION

The Subject Accounts are properly considered the proceeds of defendant Paul Daugerdas's massive tax fraud.  Petitioner's interest in the Subject Accounts arose only after Daugerdas's crimes were underway, and that interest was not obtained as the result of an arms-length transactions sufficient to make Petitioner a bona fide purchaser for value.  For these reasons, the claim fails to state a valid basis for amending the Court's Preliminary Order of Forfeiture and should be dismissed.

Dated:  October 31, 2014
      New York, New York

                        Respectfully submitted,

                        PREET BHARARA
                        United States Attorney
                        Southern District of New York

By:     ___/s/_____
             Andrew C. Adams
             Assistant United States Attorney
             (212) 637-2340