UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------

UNITED STATES OF AMERICA,

-against-

PAUL M. DAUGERDAS,

Defendant.

------------------------------

PAUL M. DAUGERDAS, as Custodian and Trustee,

Petitioner.

------------------------------

09cr581

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, Senior United States District Judge:

        Pro se Petitioner Paul M. Daugerdas petitions this Court pursuant to 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(c) to exclude seven college savings accounts (the "College Accounts") from a preliminary order of forfeiture entered in this case. Daugerdas brings the petition on behalf of the beneficiaries of the College Accounts in his purported capacity as "[c]ustodian and [t]rustee."[1] (Petition, at 1.) The Government moves to dismiss the Petition. For the following reasons, the Government's motion is granted.

BACKGROUND

        The sixth Superseding Indictment in this action charged Daugerdas with orchestrating a fraudulent tax shelter scheme from approximately 1994 until 2004. (See generally ECF No. 644.) A jury in this district convicted Daugerdas of conspiracy to defraud the

---

[1] The beneficiaries of the College Accounts are: Nicole K. Daugerdas, Daniel W. Daugerdas, Michael P. Daugerdas, Alexander P. Jeffrey, Courtney M. Daugerdas, Eleanor M. Daugerdas, and Megan A. Jeffrey (collectively, the "Beneficiaries"). (ECF No. 967 ("Petition"), at 1–2.)

1

United States and other crimes related to that scheme. On June 26, 2014, this Court entered a Preliminary Order of Forfeiture in the amount of $164,737,500, representing the proceeds of Daugerdas's fraudulent scheme, which included the College Accounts. (See Preliminary Order of Forfeiture ("Forfeiture Order"), ECF No. 836, at 2–6.)[2]

## DISCUSSION

I. Legal Standard

"It is . . . well settled that section [21 U.S.C. §] 853(n) provides the exclusive means by which a third party may lay claim to forfeited assets." DSI Assocs. LLC v. United States, 496 F.3d 175, 183 (2d Cir. 2007). Under 21 U.S.C. § 853(n)(2), "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States" may "petition the court for a hearing to adjudicate the validity of his alleged interest in the property." The petition must state "the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3). "These are not simply technical requirements, but are construed strictly to discourage false or frivolous claims." United States v. Preston, 123 F. Supp. 3d 117, 125 (D.D.C. 2015) (quotation marks omitted).

Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure allows courts to dismiss § 853(n) petitions "for lack of standing, for failure to state a claim, or for any other lawful reason." Courts treat motions to dismiss § 853(n) petitions pursuant to Rule 32.2(c)(1)(A) like motions to dismiss civil complaints under Rule 12(b)(6) of the Federal Rules of Civil

---

[2] This Court amended the Forfeiture Order on August 6, 2018 and again on October 24, 2018 to correct the descriptions of certain assets listed therein, including the College Accounts. (ECF Nos. 938, 961.)

Procedure. Willis Mgmt. (Vt.), Ltd. v. United States, 652 F.3d 236, 241–42 (2d Cir. 2011). A court must accept all well-pled facts alleged in the petition as true and construe all reasonable inferences in the petitioner's favor, see ECA, Local 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co., 553 F.3d 187, 196 (2d Cir. 2009), but a court need not "accept any legal conclusions included in the petition," Willis Mgmt., 652 F.3d at 242. The petition must "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). And for a petitioner to defeat a motion to dismiss, the court must find that the petition's factual allegations "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).[3]

II.     Overview of the Beneficiaries' Claims

In the Petition, Daugerdas argues that the Beneficiaries' interests in the College Accounts are superior to the Government's interest because the Government did not—and could not—"establish[] the requisite nexus between" the College Accounts and his crimes of conviction. Fed. R. Crim. P. 32.2(b)(1)(A). Indeed, Daugerdas alleges the College Accounts were funded from a commingled pool of assets containing both Daugerdas's illegitimate tax shelter fees and legitimate fees earned by Daugerdas's law firm, Jenkens & Gilchrist. (Petition, at 4–9.) Because the College Accounts were established with those commingled funds, Daugerdas claims they cannot be forfeited to the Government as proceeds of his criminal conduct. (See Petition, at 4, 8.) Instead, Daugerdas avers that the College Accounts are forfeitable only as "substitute property" under § 853(p). (Petition, at 8.) This distinction is

---

[3]     Although Daugerdas is proceeding pro se, this Court is not obligated to construe the Petition liberally because he is an experienced—albeit disbarred—attorney. United States v. Pierce, 649 F. App'x 117, 117 n.1 (2d Cir. 2016) (summary order) (declining to extend "special solitude" to disbarred attorney proceeding pro se); see also, e.g., Gundlach v. Int'l Bus. Machines Corp., 2012 WL 1520919, at *3 (S.D.N.Y. May 1, 2012) ("Where . . . the plaintiff is an attorney . . . he or she is not entitled to the same liberality afforded other pro se plaintiffs.").

critical for the Beneficiaries because the Government's "interest in the proceeds of a fraud vests as soon as those proceeds come into existence, and is therefore superior to that of any subsequent third-party recipient of those funds." United States v. Daugerdas, 892 F.3d 545, 548 (2d Cir. 2018). However, "[i]t is less clear when the Government's interest in substitute property vests, although at least one court in this district has held that" the Government's interest does not vest "until a grand jury returns an indictment." United States v. Daugerdas, 2017 WL 1052592, at *2 (S.D.N.Y. Mar. 20, 2017) (citing United States v. Peterson, 820 F. Supp. 2d 576, 585 (S.D.N.Y. 2011)). Since Daugerdas alleges that he "funded and established . . . [the College Accounts] prior to 2002"—that is, before any indictment containing the relevant forfeiture counts—he argues that the Beneficiaries' interests are superior to the Government's interest. (Petition, at 3, 8–9.)

Additionally, Daugerdas challenges the Forfeiture Order as a whole, claiming it violates recent Supreme Court and Second Circuit precedent. Specifically, Daugerdas argues the Forfeiture Order violates the Supreme Court's decision in Honeycutt v. United States, 137 S. Ct. 1626 (2017), because it imposes joint and several forfeiture obligations. (Petition, at 9–10.) Daugerdas also contends that the Forfeiture Order unlawfully imposes forfeiture based on acquitted and unproven criminal conduct. (See Petition, at 10–11 (citing United States v. Brooks, 872 F.3d 78, 89–90 (2d Cir. 2017)).)[4]

---

[4] As a threshold matter, this Court doubts that a § 853(n) petition is the proper procedural vehicle for Daugerdas's challenges to the Forfeiture Order as a whole. Section 853(n) allows a third party to "assert a [specific] legal interest in property . . . forfeited to the United States." 21 U.S.C. § 853(n)(2); see also DSI Assocs. LLC, 496 F.3d at 184 ("Without possessing such an interest 'in' a 'particular, specific asset' that is, or is part of, the forfeited property, DSI does not meet the statutory requirements for initiating an ancillary proceeding under section 853(n)." (quoting United States v. Ribadeneira, 105 F.3d 833, 835–37 (2d Cir. 1997) (per curiam))). Indeed, it is the petitioner's "interest" in the forfeited property that stands to "render[] the order of forfeiture invalid in whole or in part." 21 U.S.C. § 853(n)(6). Here, Daugerdas's arguments concerning the validity of the Forfeiture Order as a whole do not rely on the Beneficiaries' alleged interests in the College Accounts.

III.	Whether Daugerdas May Petition this Court on the Beneficiaries' Behalf

This Court need not address Daugerdas's substantive arguments because—as the defendant—Daugerdas is precluded from bringing the Petition under § 853(n)(2).[5] On its face, § 853(n)(2) permits "[a]ny person, other than the defendant," to petition the court for a hearing to adjudicate the validity of his or her alleged interest in forfeited property. Consistent with § 853(n)(2)'s express language, courts routinely acknowledge that a defendant is barred from contesting a forfeiture order on behalf of a third party. See, e.g., United States v. Close, 770 F. App'x 356, 357 (9th Cir. 2019) (mem.) (refusing to substitute criminal defendant as § 853(n) petitioner because,"[a]s the criminal defendant, [he] does not have standing to challenge the forfeiture order in the ancillary proceedings"); United States v. Bradley, 882 F.3d 390, 392 (2d Cir. 2018) (observing that "criminal defendants cannot bring a petition under § 853(n)"); United States v. Rivers, 60 F. Supp. 3d 1262, 1266 (M.D. Fla. 2014) (citing § 853(n)(2) for the proposition that "a defendant lacks standing to assert a third party's interest in forfeitable property"); United States v. Weitzman, 963 F. Supp. 2d 218, 221 (S.D.N.Y. 2013) (defendant "lack[ed] standing to assert third-party interests" in forfeited property because "[p]rotection for third parties' interests comes in the form of ancillary hearings following the entry of a preliminary order" of forfeiture); United States v. Decay, 2002 WL 1767423, at *1 n.1 (E.D. La. July 30, 2002) ("Decay, as a defendant, has no standing to petition the Court for a hearing under [§ 853(n)(2)]."); cf. United States v. Pelullo, 178 F.3d 196, 202 (3d Cir. 1999) (explaining that under similarly worded RICO forfeiture statute "the defendant generally has no standing to

---

[5] Whether a claimant has a cause of action under a statute was formerly known as "statutory standing." However, as the Second Circuit has recognized, "the 'statutory standing' appellation is 'misleading' and 'a misnomer.'" Am. Psychiatric Ass'n v. Anthem Health Plans, Inc., 821 F.3d 352, 359 (2d Cir. 2016) (quoting Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 127–28 & n.4 (2014)). Accordingly, this Court avoids that terminology.

participate in the ancillary proceeding that takes place after the forfeiture order is entered at sentencing").[6]

Daugerdas aims to sidestep § 853(n)(2)'s plain language by bringing the Petition, "not as defendant or individually, but solely as [c]ustodian and [t]rustee" on the Beneficiaries' behalf.  (Petition, at 1.)  Daugerdas, however, offers no authority supporting the proposition that he ceases being the "person" who is the "defendant" in this action by purportedly donning his trustee hat.  See 21 U.S.C. § 853(n)(2).  Stated differently, Daugerdas's contention is tantamount to reading § 853(n)(2) to permit any person, other than the defendant <u>acting in his capacity as defendant</u>, to petition this Court.  But that is not what the statute says, and this Court refuses to adopt Daugerdas's strained interpretation of an otherwise clear statutory provision.  See Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 108 (1980) ("[T]he starting point for interpreting a statute is the language of the statute itself.  Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive.").  More to the point, Daugerdas's interpretation of § 853(n)(2) effectively writes the "other than the defendant" clause out of the statute.  Indeed, any defendant—using Daugerdas's logic—could circumvent that clause by merely disclaiming his or her status as the defendant.  Had Congress wished to create that loophole, it could have done so.  Since Daugerdas is not a "person[] other than the defendant," the Petition is dismissed.  21 U.S.C. § 853(n)(2).[7]

---

[6] "[T]he two criminal forfeiture provisions, 18 U.S.C. § 1963 (forfeiture under RICO), and 21 U.S.C. § 853 (other criminal forfeitures), are so similar in legislative history and in plain language as to warrant similar interpretation." DSI Assocs. LLC, 496 F.3d at 183 n.11 (quotation marks omitted).

[7] Even assuming that Daugerdas could bring a § 853 petition in his capacity as "trustee" or "custodian," this Court observes that the Petition is devoid of allegations demonstrating that he is, in fact, a fiduciary.  And Daugerdas offers no authority—under federal law, state law, or elsewhere—suggesting that his opening of the College Accounts for the benefit of the Beneficiaries created a fiduciary relationship as a matter of law.

## CONCLUSION

For the foregoing reasons, the Government's motion to dismiss the Petition is granted. The Clerk of Court is directed to terminate the motion pending at ECF No. 967. A copy of this Memorandum & Order is being mailed by Chambers staff to Daugerdas.

Dated: June 25, 2020
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.