UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------
                                              :
   UNITED STATES OF AMERICA,                  :
                                              :
          -against-                           :
                                              :        09cr581
   PAUL M. DAUGERDAS,                         :
                                              :        MEMORANDUM & ORDER
                     Defendant.               :
---------------------------------------------

WILLIAM H. PAULEY III, Senior United States District Judge:

   Pro se Defendant Paul M. Daugerdas petitions this Court for a writ of audita querela vacating the forfeiture and restitution orders entered following his convictions for conspiracy to defraud the United States and other crimes related to a fraudulent tax shelter scheme.  Specifically, Daugerdas contends that his forfeiture and restitution obligations are unenforceable in view of recent Supreme Court precedent that applies retroactively to this criminal action.  (See Pet. for Writ of Audita Querela, ECF No. 933 ("Petition"), at 1.)  For the following reasons, the Petition is denied.

BACKGROUND

   On July 1, 2013, the Government filed a sixth Superseding Indictment charging Daugerdas with running a fraudulent tax shelter scheme from approximately 1994 until 2004.  (See generally ECF No. 644 ("S6 Indictment").)  The S6 Indictment contained forfeiture allegations pursuant to 18 U.S.C. § 1981(a)(1)(C)[1] and 18 U.S.C. § 1982(a)(2)(A), seeking forfeiture of any proceeds obtained from the conspiracy and mail fraud offenses.  (S6 Indictment ¶¶ 108–108(a).)  On October 31, 2013, following an eight-week trial, a jury in this District

---

[1] Section 1981(a)(1)(C) governs civil forfeiture.  However, "pursuant to 28 U.S.C. § 2461(c), any property that is subject to civil forfeiture as a result of a violation of federal law may also be subject to forfeiture in a federal criminal proceeding."  United States v. Daugerdas, 892 F.3d 545, 548 n.2 (2d Cir. 2018).

1

convicted Daugerdas of seven counts in the S6 Indictment, including: one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; four counts of client tax evasion, in violation of 26 U.S.C. § 7201; one count of obstructing the Internal Revenue Service ("IRS"), in violation of 26 U.S.C. § 7212(a); and one count of mail fraud, in violation of 18 U.S.C. § 1341. (ECF No. 775, at 7807–14; see ECF No. 838 ("Judgment"), at 1–2.)  On June 24, 2014, this Court sentenced Daugerdas principally to 180 months of imprisonment and imposed $371,006,397 in restitution.  (Judgment, at 3, 6–7).  Additionally, this Court entered a Preliminary Order of Forfeiture ("Forfeiture Order") against Daugerdas in the amount of $164,737,500.[2]  (ECF No. 836.)

Daugerdas appealed his conviction and sentence, including the Forfeiture Order. (ECF No. 841.)  With respect to the Forfeiture Order, Daugerdas argued that the Government failed to establish the requisite "nexus" between his criminal conduct and certain property sought within the Order.  United States v. Daugerdas, 837 F.3d 212, 231 (2d Cir. 2016).  The Second Circuit rejected that argument—along with Daugerdas's remaining arguments—and affirmed his conviction and sentence on September 21, 2016.  (ECF No. 896.)  Daugerdas then petitioned the Supreme Court for a writ of certiorari, which was denied on October 2, 2017.  Daugerdas v. United States, 837 F.3d 212 (2d Cir. 2016), cert. denied, 138 S. Ct. 62 (2017).  This Petition followed, as did a separate habeas proceeding pursuant to 28 U.S.C. § 2255.[3]

---

[2] On the Government's unopposed motion, this Court amended the Forfeiture Order on August 6, 2018 and again on October 24, 2018 to correct the descriptions of certain assets listed therein.  (See generally ECF Nos. 938, 961.)  In reviewing this matter, this Court noticed that those amendments erroneously changed the amount of the forfeiture from $164,737,500 to $180,000,000.  The Government is directed to submit a further amended Forfeiture Order or explain the reason for the discrepancy.

[3] This Court denied Daugerdas's habeas petition in a Memorandum & Order issued on February 16, 2021. See Daugerdas v. United States, 2021 WL 603068, at *9 (S.D.N.Y. Feb 16, 2021); ECF No. 1051, at 18.

Daugerdas presents three grounds for audita querela relief.  First, he claims that the Forfeiture Order is unlawful because it imposes joint and several liability in violation of Honeycutt v. United States, 137 S. Ct. 1626 (2017).  Second, Daugerdas contends that the conspiracy and mail fraud offenses cannot serve as predicates for the forfeiture obligation because neither offense was adequately charged or proven by the Government.  Finally—and relatedly—Daugerdas argues that "the charges alleged in the indictment which [gave] rise to all of the restitution and virtually all of the forfeiture, were the subject of an acquittal by the jury," and therefore the continued imposition of his forfeiture and restitution obligations violates Nelson v. Colorado, 137 S. Ct. 1249 (2017).  (Suppl. Reply in Supp. Pet. for Writ of Audita Querela, ECF No. 977, at 4; see Petition, at 14.)

## DISCUSSION

The writ of audita querela is an "ancient" common law writ, Triestman v. United States, 124 F.3d 361, 380 n.24 (2d Cir. 1997), "of a most remedial nature, and invented lest in any case there should be an oppressive defect of justice, where a party who has a good [defense] is too late in making it in the ordinary forms of law," Humphreys v. Leggett, 50 U.S. 297, 313 (1850).  While Fed. R. Civ. P. 60(e) expressly abolished audita querela in civil cases, the writ "remains available in limited circumstances with respect to criminal convictions," United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam).  However, "few courts ever have agreed as to what circumstances would justify [that] relief."  Klapprott v. United States, 335 U.S. 601, 614 (1949) (Black, J.) (plurality opinion).

In the Second Circuit, the writ of audita querela "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy."  United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995); see also United States v.

Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001) (per curiam) (noting that the writ of audita querela "survive[s] only to the extent that [it] fill[s] 'gaps' in the current systems of postconviction relief"). Indeed, the writ "might be deemed available if [its] existence [was] necessary to avoid serious questions as to the constitutional validity of both § 2255 and § 2244." Triestman, 124 F.3d at 380 n.24. "In other words, if the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues, then a writ of audita querela would lie." Richter, 510 F.3d at 104.

In this Circuit, a defendant cannot challenge noncustodial components of his sentence in a § 2255 habeas petition. Kaminski v. United States, 339 F.3d 84, 88–89 (2d Cir. 2003); see also, e.g., Lasher v. United States, 2018 WL 3979596, at *9 (S.D.N.Y. Aug. 20, 2018); Pinhasov v. United States, 2018 WL 550611, at *3 (S.D.N.Y. Jan. 22, 2018). Accordingly, Daugerdas avers that the writ of audita querela is the only way to obtain relief from his allegedly unlawful forfeiture and restitution obligations. (See Petition, at 2.)

I.  Daugerdas's *Honeycutt* Claim

To begin, Daugerdas claims that the Forfeiture Order violates the Supreme Court's decision in Honeycutt v. United States, 137 S. Ct. 1626 (2017). There, the Supreme Court held that under 21 U.S.C. § 853(a)(1)—the criminal forfeiture statute governing certain drug offenses—a defendant may not "be held jointly and severally liable for property that his co-conspirator derived from the crime but that the defendant himself did not acquire." Honeycutt, 137 S. Ct. at 1630. Here, Daugerdas contends that the Forfeiture Order does precisely what Honeycutt prohibits—it imposes joint and several forfeiture liability on Daugerdas for criminal proceeds that he did not personally obtain. And although Honeycutt "post-dates [his] trial and direct appeal" to the Second Circuit, Daugerdas insists that the decision is a "substantive change

4

in decisional law" that is "fully retroactive on collateral review," (Petition, at 4 (citing Schriro v. Summerlin, 542 U.S. 348, 351 (2004) (for the proposition that "substantive decisions that narrow the scope of a criminal statute, by interpreting its terms, apply retroactively on collateral review")).) Thus, Daugerdas claims this Court must vacate the Forfeiture Order.[4]

In response to Daugerdas's Honeycutt argument, the Government makes two concessions. First, the Government acknowledges that while the Forfeiture Order does not use the phrase "joint and several": (1) the Order's $164,737,500 money judgment represents "the aggregate amount of unlawful proceeds—in the form of tax shelter fees—paid to Daugerdas and his conspirators," and (2) Daugerdas's portion of that aggregate sum was approximately $95 million. (Government Opp'n, at 1–2.) Second, the Government agrees that "Honeycutt announced a substantive rule that has retroactive effect" on collateral review.[5] (Government Opp'n, at 2.) Despite these concessions, the Government maintains that Daugerdas procedurally

---

[4] As a threshold matter, the parties appear to dispute whether audita querela relief is even available with respect to Daugerdas's Honeycutt claim. The Government doubts that the writ is available where—as here—the claim attacks "only an aspect of [a] sentence and not the underlying conviction." (ECF No. 948 ("Government Opp'n"), at 4.) Daugerdas, on the other hand, contends that "[n]o court . . . has ever held or limited . . . audita querela [relief] to attack[s] [on] a 'conviction' only." (Reply Br. in Supp. of Pet. for Audita Querela, ECF No. 973 ("Reply"), at 5.) Notably, the Second Circuit has not squarely addressed whether the writ of audita querela is available to challenge noncustodial components of a sentence. However, in Kaminski, Judge Calabresi suggested in dicta that a similar ancient writ—the writ of coram nobis—might be available in that context "if the challenged error is fundamental." 339 F.3d at 91. In any event, this Court declines to resolve this dispute because it rejects Daugerdas's Honeycutt claim on other grounds.

[5] This Court agrees that Honeycutt applies to this action, but it reaches that conclusion irrespective of the decision's retroactivity on collateral review. That is because the Supreme Court decided Honeycutt four months before it denied Daugerdas's petition for a writ of certiorari. See Schriro, 542 U.S. at 351 ("When a decision of this Court results in a 'new rule,' that rule applies to all criminal cases still pending on direct review."). And since Honeycutt was decided before Daugerdas's conviction and sentence became "final," the decision applies to this action regardless of whether it is retroactive on collateral review. See United States v. Becker, 502 F.3d 122, 129 (2d Cir. 2007) (observing that retroactivity is relevant "only 'to those cases which have become final before the new rules are announced.'" (quoting Teague v. Lane, 489 U.S. 288, 310 (1989)); Mungo v. Duncan, 393 F.3d 327, 333 n.3 (2d Cir. 2004) ("A conviction becomes final for the purposes of [retroactivity] when 'the availability of direct appeal . . . has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally decided.'" (quoting Beard v. Banks, 524 U.S. 406, 411 (2004))).

defaulted his Honeycutt claim by failing to challenge the joint and several nature of the Forfeiture Order on direct appeal. (Government Opp'n, at 2–4.)

    A. Procedural Default

The writ of audita querela is unavailable "if the petitioner could have sought earlier relief through another mechanism such as a direct appeal." Cummings v. United States, 2014 WL 3388559, at *2 (S.D.N.Y. July 11, 2014) (quotation marks omitted); accord Eisa v. Immigration & Customs Enf't, 2008 WL 4223618, at *6 (S.D.N.Y. Sept. 11, 2008) (collecting cases); see Collins v. United States, 2000 WL 516892, at *6 (E.D.N.Y. Mar. 8, 2000) (denying audita querela relief where petitioner "could have raised [his claim] on direct appeal" and noting that "[p]rocedural default is not, by itself, grounds to invoke" the writ). To be sure, Daugerdas did directly appeal the Forfeiture Order but did not challenge the Forfeiture Order's joint and several nature. Daugerdas, 837 F.3d at 218. That said, this Court finds that Daugerdas could have raised the issue on direct appeal, and therefore his claim is barred.

Indeed, the argument raised (and ultimately accepted) in Honeycutt was not "so novel that its legal basis [was] not reasonably available to counsel" at the time of Daugerdas's direct appeal. Reed v. Ross, 468 U.S. 1, 16 (1984). As long as, Daugerdas "had access to the United States Code and [a] dictionar[y]—the tools the Supreme Court used in Honeycutt—[he] could have raised [that] claim[]." United States v. Bane, 948 F.3d 1290, 1297 (11th Cir. 2020) (concluding that defendants were procedurally barred from advancing a Honeycutt argument in petition for a writ of coram nobis because they could not show cause for failing to challenge joint and several forfeiture orders on direct appeal). That point is illustrated by the fact that at least one litigant—albeit outside this Circuit—successfully challenged a joint and several forfeiture order during the pendency of Daugerdas's appeal. See United States v. Cano-Flores, 796 F.3d

6

83, 91 (D.C. Cir. 2015) (vacating joint and several forfeiture order pursuant to 21 U.S.C. § 853(a)(1)).

Daugerdas responds that it would have been futile to challenge the joint and several nature of the Forfeiture Order on direct appeal.[6] He avers that the Second Circuit permitted joint and several forfeiture liability prior to Honeycutt. See, e.g., United States v. Benevento, 836 F.2d 129, 130 (2d Cir. 1998) (affirming imposition of joint and several forfeiture liability under 21 USC § 853). While that may be true, Daugerdas cannot demonstrate futility simply by claiming that the argument was "unacceptable to [a] particular court at [a] particular time." Bousley v United States, 523 U.S. 614, 623 (1998) (quotation marks omitted); see United States v. Georgiou, 800 F. App'x 136, 139 n.3 (3d Cir. 2020) ("[Petitioner] argues that challenging the joint and several nature of his forfeiture liability would have been futile because the issue was barred by settled Third Circuit precedent at the time. However, the Supreme Court has rejected futility as cause for failing to appeal in similar circumstances." (citing Bousley, 523 U.S. at 623)); Bane, 948 F.3d at 1290; cf. United States v. Crews, No. 2:10-cr-663-JP, at 2 n.1 (E.D. Pa. Jan. 23, 2018) (granting writ of audita querela based on Honeycutt specifically because "[d]efendant preserved the issue by raising it on appeal"). Because Daugerdas could have, but did not, challenge the joint and several nature of the Forfeiture Order on direct appeal, he is procedurally barred from doing so in this Petition.

---

[6] On reply, Daugerdas claims for the first time that "it was only through [his] prior attorney rendering ineffective assistance of counsel that his 'Honeycutt' claim was not raised earlier." (Reply, at 5.) This Court refuses to chase Daugerdas's moving target. The claim is waived. See Melo v. United States, 825 F. Supp. 2d 457, 464 (S.D.N.Y. 2011) (concluding that defendant waived ineffective assistance of counsel claim by raising it for first time on reply).

B. Merits

Even if this Court ignored Daugerdas's procedural default, his Honeycutt claim would fail on the merits. "The Supreme Court has not yet decided the application of Honeycutt to other forfeiture statutes, and [some] circuit courts are currently split on the issue." United States v. Kenner, 443 F. Supp. 3d 354, 367 (E.D.N.Y. 2020) (collecting cases from the Third, Fourth, Fifth, Sixth, Eighth, and Eleventh Circuits). Thus far, the Second Circuit has declined to enter the fray. See United States v. Fiumano, 721 F. App'x 45, 51 n.3 (2d Cir. 2018) (declining to "decide whether Honeycutt's ruling, made with respect to a forfeiture order under 21 U.S.C. § 853(a)(1), applies equally in all respects to forfeiture orders under other statutes."). Left to their own devices, a handful of courts in this District have analyzed Honeycutt's reach, determining that the decision "narrowly addresse[d] the issue of whether joint and several liability is available for forfeiture for co-conspirators in certain drug crimes under 21 U.S.C. § 853(a)(1)." Lasher v. United States, 2018 WL 3979596, at *10 (S.D.N.Y. Aug. 20, 2018); see United States v. McIntosh, 2017 WL 3396429, at *6 (S.D.N.Y. Aug. 8, 2017) (noting that "the Supreme Court meticulously avoided mention of any forfeiture statute apart from Section 853"), appeal docketed, No. 17-2623 (Aug. 24, 2017).

The Government did not rely on § 853(a)(1) when moving for forfeiture against Daugerdas. Rather, the statutory bases for the Forfeiture Order are 18 U.S.C. § 981(a)(1)(C) and 18 U.S.C. § 982(a)(2)(A). (Forfeiture Order, at 1–3.) And even after Honeycutt, courts in this District continue to permit joint and several forfeiture liability under § 981(a)(1)(C), relying on Second Circuit authority predating the Supreme Court's decision. See, e.g., McIntosh, 2017 WL 3396429, at *6 ("What the Supreme Court emphatically did not do in Honeycutt is overrule the Second Circuit's Section 981 cases, which rest on specific textual grounds distinguishable from

Section 853."); Lasher, 2018 WL 3979596, at *10 ("Second Circuit precedent mandates joint and several liability under Section 981, and this precedent binds the Court unless and until the Supreme Court or Second Circuit says otherwise." (citing United States v. Contorinis, 692 F.3d 136, 147 (2d Cir. 2012)).[7]  Since Honeycutt does not bar joint and several forfeiture liability under § 981(a)(1)(C), this Court "remains bound by the Second Circuit's repeated holdings that Section 981(a)(1)(C) allows joint and several liability for criminal forfeiture."  McIntosh, 2017 WL 3396429, at *6.  Accordingly, Daugerdas's claim fails.[8]

II.     Daugerdas's Challenge to the Forfeiture Predicates

Daugerdas next argues that because the conspiracy and mail fraud charges were not adequately pled and proven, they cannot serve as predicates for the forfeiture obligation. This argument reiterates claims advanced by Daugerdas in his § 2255 petition, which this Court rejected.  See Daugerdas, 2021 WL 603068, at *9.  Relevant to this argument, this Court held that: (1) the conspiracy and mail fraud charges were timely; (2) the Government's failure to allege that the mail fraud affected a financial institution did not result in any prejudice against Daugerdas; (3) the Wartime Suspension of Limitations Act ("WLSA") relieved the Government of the ten-year statute of limitations for the mail fraud charge; (4) the Government's mail fraud charge was proper because it tracked the language of the mail fraud statute; and (5) the

---

[7]     One court in this Circuit has suggested that Honeycutt applies to § 982(a)(2).  See United States v. Mirando, 2020 WL 2572327, at *3 (E.D.N.Y. May 20, 2020) (noting that "Honeycutt seems directly applicable to Section 982(a)(2)" based on similarities between that statute and 21 U.S.C. § 853, and ordering the parties to submit supplemental briefing on the issue).  Because this Court concludes that Honeycutt does not apply to § 981(a)(1)(C), it need not address whether it also governs § 982(a)(2).

[8]     In Kenner, a district judge agreed with the Government's position that—even if Honeycutt applies to § 981(a)(1)(C)—joint and several forfeiture liability would be permissible under that statute where the defendant is the "mastermind" of the criminal offense.  443 F. Supp. 3d at 363 n.8 (citing United States v. Gioeli, 2019 WL 6173421, at *3 (E.D.N.Y. Nov. 20, 2019)).  This Court expresses no view as to the soundness of that conclusion. However, it bears noting that Daugerdas was "the mastermind of the . . . scheme" at the heart of this vast tax shelter fraud.  (Sentencing Tr., ECF No. 839, at 73.)

Government provided Daugerdas with a bill of particulars identifying 34 specific mailings it planned to prove at trial.  See Daugerdas, 2021 WL 603068, at *7–*8.  Accordingly, there is ample evidence in the record that the Government adequately pled and proved the conspiracy and mail fraud charges.

As best as this Court can discern, Daugerdas contends that this Court's jury instruction on the mail fraud charge was improper.  Daugerdas is incorrect.  The jury was instructed on every element of mail fraud, including the "affecting a financial institution" and mailing elements.  (Second Trial Tr., ECF No. 771, at 7689–91.)  Daugerdas also seems to argue that this Court did not require, nor did the Government prove, specific mailings to the jury.  Daugerdas is again mistaken.  Not only were the Court's instructions proper, but between the allegations of mail fraud contained in the indictment, the bill of particulars containing 34 specific mailings, and the evidence presented at trial, the Government satisfied the required elements of mail fraud to the jury.

Daugerdas also attempts to advance an ineffective assistance of counsel argument in his writ of audita querela.  However, an ineffective assistance claim is not proper on a writ of audita querela.  See United States v. Quintieri, 547 F. App'x 32, 34 (2d Cir. 2013) ("[The] alleged failure by Appellant's counsel does not provide a basis for a granting of the writ of audita querela.")  Regardless, each of Daugerdas's ineffective assistance of counsel claims was rejected by this Court in Daugerdas's § 2255 proceeding and need not be addressed here.  See Daugerdas, 2021 WL 603068, at *4–*8.

III.    Daugerdas's *Nelson* Claim

Relying on the Supreme Court's recent decision in Nelson v. Colorado, 137 S. Ct. 1249 (2017), Daugerdas asserts that the jury acquitted him of those charges that gave rise to

restitution and "virtually all" of the forfeiture.  (See Petition, at 14.)  From there, he argues that those obligations are unenforceable.  (See Petition, at 14.)  Daugerdas is again incorrect.  Daugerdas's convictions for conspiracy to defraud the United States and mail fraud—which gave rise to Daugerdas's restitution and forfeiture obligations—were affirmed by the Court of Appeals.  United States v. Daugerdas, 837 F.3d at 231.  Moreover, Daugerdas misapplies the Supreme Court's holding in Nelson, which applies only to convictions that are reversed or vacated.  See Nelson, 137 S. Ct. at 1255.

## CONCLUSION

For the foregoing reasons, Daugerdas's petition for a writ of audita querela is denied.  The Clerk of Court is directed to terminate the motion pending at ECF No. 933.  Chambers staff will mail a copy of this Memorandum & Order to Daugerdas.

Dated: February 22, 2021
       New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.