

**MANDATE**

21-605-cr
*United States v. Daugerdas*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand twenty-two.

PRESENT:

    AMALYA L. KEARSE,
    JOHN M. WALKER, JR.,
    RICHARD J. SULLIVAN,
        *Circuit Judges.*

_____

United States of America,

    *Appellee*,

    v.           No. 21-605

Paul M. Daugerdas,

    *Defendant-Appellant*.*

_____

\* The Clerk of Court is respectfully directed to amend the case caption as set forth above.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Feb 28 2022

**MANDATE ISSUED ON 02/28/2022**

| | |
|---|---|
| **FOR APPELLEE:** | Stanley J. Okula, Jr., Nanette L. Davis, Special Assistant United States Attorneys, David Abramowicz, Assistant United States Attorney, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

**FOR DEFENDANT-APPELLANT:** Paul M. Daugerdas, pro se, Wilmette, IL.

Appeal from an order of the United States District Court for the Southern District of New York (Pauley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 22, 2021 order of the district court is **AFFIRMED**.

Paul M. Daugerdas was convicted after a jury trial of seven counts of tax evasion and mail fraud in connection with a tax-fraud conspiracy that generated over $160 million and from which he personally received over $95 million in proceeds. The district court sentenced him to a 180-month term of imprisonment followed by three years of supervised release; it also ordered him to forfeit $164,737,500 and make restitution payments totaling $371,006,397. After an unsuccessful appeal and petition for collateral review, Daugerdas filed a petition for a writ of *audita querela*, arguing that the monetary penalties imposed against

2

him violate *Honeycutt v. United States*, 137 S. Ct. 1626 (2017), and *Nelson v. Colorado*, 137 S. Ct. 1249 (2017), both of which were decided after Daugerdas's conviction and appeal.[1] The district court denied the petition, and Daugerdas appealed. Though Daugerdas was represented by counsel at trial and on direct appeal, he is now proceeding pro se. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the grant or denial of a writ of *audita querela*. *United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007). While the writ has been abolished in civil cases, it "remain[s] available in very limited circumstances with respect to criminal convictions," such as "where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995); *see also United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001) (noting that the writ "survive[s] only to the extent that [it] fill[s] 'gaps' in the current systems of postconviction relief"). In

---

[1] In *Honeycutt*, the Supreme Court held that under 21 U.S.C. § 853, "a defendant may [not] be held jointly and severally liable for property that his co-conspirator derived from the crime but that the defendant himself did not acquire," 137 S. Ct. at 1630, while *Nelson* concluded that defendants are entitled to be refunded any monetary penalties they have already paid pursuant to a conviction if the conviction is subsequently vacated without retrial or nullified by acquittal upon retrial, 137 S. Ct. at 1252.

3

other words, the writ is *unavailable* if a defendant could have sought relief through a direct appeal or a § 2255 motion.

The writ is unavailable here because Daugerdas could have sought relief through other legal avenues. Daugerdas argues that the writ is the only way he could have obtained relief from the monetary penalties that he claims are unlawful under both *Honeycutt* and *Nelson*. Not so. Although a § 2255 motion generally may not attack non-custodial aspects of a sentence, we have not "pronounced fines and restitution orders to be, *ipso facto*, noncustodial so as categorically to preclude their § 2255 review," and instead "left open the possibility of a restitution order imposing such a severe restraint on individual liberty as to" allow for a § 2255 challenge. *United States v. Rutigliano*, 887 F.3d 98, 105, 106 (2d Cir. 2018) (citations and quotation marks omitted). Certainly, Daugerdas could have at least attempted to argue in his § 2255 challenge that his monetary obligations – which totaled over half a *billion* dollars – constituted such a restraint. He did not.

More importantly, Daugerdas could have raised his claims on direct appeal. In fact, Daugerdas *did* challenge aspects of the forfeiture order in his direct appeal — but not the joint and several liability he now challenges in seeking the writ; he also asserted many of the arguments that he now brings forward under

4

*Nelson* about the validity of his convictions. *See United States v. Daugerdas*, 837 F.3d 212, 224–25, 228, 231 (2d Cir. 2016). Moreover, Daugerdas also had the *opportunity* to raise a *Honeycutt*-type joint and several liability claim in his direct appeal. The fact that our precedent at the time was unfriendly to such an argument, *see, e.g.*, *United States v. Roberts*, 660 F.3d 149, 165 (2d Cir. 2011), does not mean that the claim was "not redressable," *LaPlante*, 57 F.3d at 253, particularly because Daugerdas appealed this court's decision to the Supreme Court, which of course would not have been bound by any of our joint and several liability cases, *see United States v. Daugerdas*, 138 S. Ct. 62 (2017) (denying petition for certiorari). Daugerdas thus procedurally defaulted by failing to raise his *Honeycutt*-type claim on direct appeal.

Procedural default can be excused, however, if a defendant shows "cause and prejudice" for his failure to raise an argument on appeal. *Yick Man Mui v. United States*, 614 F.3d 50, 54 (2d Cir. 2010). Daugerdas attempts multiple arguments to demonstrate "cause" sufficient to overcome his procedural default. First, he argues that he should not have been required to raise a joint and several liability challenge on direct appeal because our pre-*Honeycutt* precedent permitted district courts to impose monetary penalties on that basis and any challenge would

5

have been unsuccessful.  *See, e.g.*, *Roberts*, 660 F.3d at 165.  However, simply positing that "a claim was unacceptable to [a] particular court at [a] particular time" does not show "cause."  *Gupta v. United States*, 913 F.3d 81, 84–85 (2d Cir. 2019) (citation and quotation marks omitted).  Indeed, "[t]he question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was available at all."  *Id.* at 85 (citation and quotation marks omitted).  And the joint and several liability argument was available to Daugerdas.  "*Honeycutt* was simply a matter of statutory interpretation; the Supreme Court did not announce a new constitutional right or overturn any Supreme Court precedent."  *United States v. Bane*, 948 F.3d 1290, 1297 (11th Cir. 2020) (holding that defendants failed to establish cause sufficient to overcome procedural default).  Daugerdas therefore cannot overcome his procedural default simply because of our previously unfriendly precedent on joint and several liability for forfeiture payments.

Daugerdas also argues that his appellate counsel's ineffective assistance – demonstrated by his failure to raise the joint and several liability claim on direct appeal – constitutes adequate "cause."  The district court, however, correctly determined that Daugerdas waived this claim by not raising it until his reply brief.

6

*See Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993). Even if it was not waived before the district court, it is waived on appeal, as Daugerdas merely makes a conclusory allegation — without additional argument — as to his former counsel's efforts.[2] *See Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 107 (2d Cir. 2012) ("Merely mentioning or simply stating an issue in an appellate brief is insufficient to preserve it for our review.") (citation and quotation marks omitted) (alterations adopted).

Nor can Daugerdas establish entitlement to a writ of *audita querela* based on his *Nelson* claim. This argument is likewise procedurally defaulted, and Daugerdas is unable to establish "cause and prejudice" for his failure to raise it on direct appeal or in his § 2255 petition. It also clearly fails on the merits. In *Nelson*, the Supreme Court held that criminal defendants do not have to pay restitution once their convictions are vacated without a contemplated retrial or if they are acquitted after a retrial. 137 S. Ct. at 1252. Daugerdas was convicted of seven charges of conspiracy, mail fraud, and tax evasion, and his restitution and

---

[2] Although pro se litigants are generally entitled to special solicitude, including the liberal construction of their pleadings and briefs to effectively raise all arguments they attempt to invoke, Daugerdas is not so entitled because he was an attorney – albeit now a disbarred one. *Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (stating that "a lawyer representing himself ordinarily receives no such solicitude"); *see also United States v. Pierce*, 649 F. App'x 117, 117 n.1 (2d Cir. 2016) (summary order) (declining to afford "special solicitude" to disbarred attorneys proceeding pro se).

7

forfeiture obligations were imposed pursuant to those convictions, which we affirmed on appeal. His insistence that the district court improperly imposed monetary penalties in connection with counts on which he was actually acquitted is simply incorrect. *See Daugerdas*, 837 F.3d at 231 ("The district court correctly concluded that the money sought to be forfeited had been obtained through Daugerdas's mail fraud."). Because Daugerdas's monetary penalties were imposed pursuant to valid convictions, *Nelson* does not apply.

We have considered Daugerdas's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

8